**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) | Case No. 20-22476 (RDD) |
| Debtors. | ) | (Jointly Administered) |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (II) CONTINUE EMPLOYEE BENEFITS PROGRAMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, as a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these Chapter 11 Cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion's request for interim relief and the opportunity for a hearing thereon were appropriate under the circumstances and that no other notice thereof need be provided; and upon the record of the interim hearing held on April 16, 2020 and all of the proceedings herein; and, after due deliberation, this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish good and sufficient cause for the relief granted herein, including that such relief is necessary to avoid immediate and irreparable harm to the Debtors and their estates, provides a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme, and for the other reasons stated by the Court in its bench rulig at the hearing; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on May 22, 2020, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed and served, with an e-mail copy to the Court's chambers, on or before 4:00 p.m., prevailing Eastern Time, on May 15, 2020, in a manner consistent with the Case Management Procedures.[3] In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, consistent with the terms of the Restructuring Support Agreement, to continue and/or modify, change, or discontinue the Employee Compensation and Benefits and to honor and pay, in the ordinary course and in

[3] *See Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief.*

accordance with the terms of the Restructuring Support Agreement and the Debtors' prepetition policies and prepetition practices, any obligations on account of the Employee Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition; *provided*, *however*, that pending entry of the Final Order, the Debtors shall not make any payment to, or on account of, any individual with respect to any prepetition claim on account of the Employee Compensation and Benefits in excess of $13,650 per individual; *provided*, *further*, that nothing herein authorizes payments pursuant to the Incentive and Retention Programs; *provided*, *further*, that, for the avoidance of doubt, the Debtors will not seek to pay any outstanding prepetition or postpetition claims with respect to the Reimbursable Expenses in advance of the date they come due; *provided*, *further*, that this Interim Order does not authorize any action that is otherwise prohibited by the Bankruptcy Code.

4. The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider without further order of this Court. Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Interim Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

5. Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to whether any individual receiving payment pursuant to this Interim Order is or is not an "Employee" as that term is defined in the Motion.

6. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit, without further order of this Court: (a) current or former

employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Programs in the appropriate judicial or administrative forum; (b) insurers, including but not limited to Zurich, and third-party administrators to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Programs and pay any amounts relating thereto in the ordinary course; and (d) insurers, including but not limited to Zurich, and third-party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral and/or prefunded loss accounts provided by or on behalf of the Debtors therefor, if and when the Debtors fail to pay and/or reimburse any insurers and third-party administrators for any amounts in relation thereto. The modification of the automatic stay in this paragraph pertains solely to claims under the Workers' Compensation Programs and direct action claims.

7. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Programs; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Programs; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Programs; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

8. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

9. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

10. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations or establish the nature of any employment or consultant relationship.

11. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

13. For the avoidance of doubt, other than as relating to approval or consent to entry of this Interim Order (or the proposed form hereof), any consent or approval rights of the parties to the Restructuring Support Agreement shall remain in force unaffected from and after entry of this Interim Order, solely to the extent the Restructuring Support Agreement remains in effect.

14. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any

particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid, and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection of, or seek avoidance of, all such liens. No payment made pursuant to this Interim Order should be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute any particular claim on any ground.

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: White Plains, New York
April 20, 2020

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE