Stephen E. Hessler, P.C.
Mark McKane, P.C. (admitted *pro hac vice*)
Patrick Venter
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Chad J. Husnick, P.C.
Benjamin M. Rhode (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | Case No. 20-22476 (RDD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION
GRANTING A SECOND EXTENSION OF TIME TO FILE
SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

**PLEASE TAKE NOTICE** that on May 1, 2020, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Granting a Second Extension of Time to File Schedules and Statements of Financial Affairs* (the "Motion") for approval before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York (the "Court"), on **May 22, 2020, at 10:00 a.m., (prevailing Eastern Time)** (the "Hearing").

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

KE 68169913

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion/Application and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 81], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), and shall be served so as to be actually received no later than **May 15, 2020, at 4:00 p.m., (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the objection deadline, submit to the Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at https://cases.primeclerk.com/ftr. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: May 1, 2020<br>New York, New York | */s/ Stephen E. Hessler*<br>Stephen E. Hessler, P.C.<br>Mark McKane, P.C. (admitted *pro hac vice*)<br>Patrick Venter<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br><br>- and -<br><br>Chad J. Husnick, P.C.<br>Benjamin M. Rhode (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

Stephen E. Hessler, P.C.
Mark McKane, P.C. (admitted *pro hac vice*)
Patrick Venter
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Chad J. Husnick, P.C.
Benjamin M. Rhode (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) Case No. 20-22476 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' MOTION GRANTING A SECOND EXTENSION OF TIME**
**TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs ("Schedules and Statements")

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

by an additional 28 days, to and including June 25, 2020, without prejudice to the Debtors' ability to request additional extensions.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5. Frontier Communications Corporation ("Frontier") is a publicly held provider of telecommunications services and the fourth largest Incumbent Local Exchange Carrier in the United States, offering a broad portfolio of communications services for 4.1 million consumer, commercial, and wholesale customers. Through a series of acquisitions culminating with the 2016 purchase of Verizon Communications Inc.'s broadband and landline services in the states of California, Texas, and Florida (the "CTF Transaction"), the Debtors transformed in scale from a

provider of services in mainly rural areas into one of the largest telecommunications businesses in the United States, with 2019 revenue of approximately $8.1 billion.

6. In the years since the completion of the CTF Transaction, the Debtors have faced industry headwinds stemming from fierce competition in the telecommunications sector and changing consumer preferences. Moreover, shifting technology has redefined what infrastructure telecommunications companies need to excel in the industry, most notably an industry overhaul from broadband networks relying on copper cables to those relying on optical fiber. These conditions have rendered the Debtors' approximately $17.5 billion in outstanding funded debt unsustainable.

7. Rather than execute a liability management transaction that would at best delay maturities without addressing their capital structure in a comprehensive manner, the Debtors have negotiated with their key stakeholders. After extensive, arm's-length negotiations that played out over several months, the Debtors executed the Restructuring Support Agreement with certain holder of unsecured notes (the "Noteholder Groups"), which puts the Debtors on a path to file a plan of reorganization during the course of these chapter 11 cases that would maximize stakeholder recoveries, allow operational continuity, and ensure a viable enterprise upon emergence.

8. On April 14, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Carlin Adrianopoli, Executive Vice President of Strategic Planning, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 3] (the "First Day Declaration").[2] On April 20, 2020, the Court

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the First Day Declaration, including Exhibit A attached thereto.

entered an order extending the Debtors' Schedules and Statements until May 28, 2020. [Docket No. 94].

9. Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 17, 2020, the Court entered an order [Docket No. 78] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On April 23, 2020, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 142]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

10. Section 521 of the Bankruptcy Code provides that the debtor shall file "(B) unless the court orders otherwise—(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1)(B). The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1 (b). Bankruptcy Rule 1007(c) together with Bankruptcy Rule 9006(b) allows the Court to extend the filing deadline for the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).

11. Here, good and sufficient cause for granting a further extension of time to file the Schedules and Statements exists. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents-relating to the claims of thousands of creditors, as well as the Debtors' many assets and contracts. This information is voluminous and located in numerous places throughout the Debtors' nationwide organization. Collecting the necessary information requires a significant expenditure of time and effort on the part of the

Debtors, their employees, and their professional advisors. While the Debtors undertake this robust task, they are simultaneously dealing with the substantial and complex burden of transitioning their businesses into chapter 11 while developing a path towards their ultimate emergence from chapter 11. As a simple illustration of this complexity, the Debtors' ordinary workforce—sales staff, management, and administrative personnel—are, in addition, to being tasked with their everyday jobs, are now being tasked with, among other things, assisting with the preparation of these Schedules and Statements. Complicating this task, many workers are remote due to the Covid-19 pandemic.

12. Additionally, on May 1, 2020, the Debtors closed the sale of the Debtors' equity interest in the direct and indirect subsidiaries of the Debtors' businesses in Washington, Oregon, Idaho, and Montana (the "Pacific Northwest Transaction") that the court approved pursuant to the *Order (I) Authorizing and Approving (A) the Assumption of the Purchase Agreement, (B) the Sale of the Debtors' Pacific Northwest Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, and (C) the Debtor's Assumption of Certain Executory Contract and Unexpired Leases, (II) Dismissing the Transferred Subsidiaries' Chapter 11 Cases, and (III) Granting Related Relief* [Docket No. 168]. The Pacific Northwest Transaction creates a business changeover that complicates the review of the Debtors' books and records.

13. Although they have been working diligently, the Debtors believe they will be unable to complete the Schedules and Statements by the current deadline of May 28, 2020. The Debtors, therefore, respectfully submit that under the circumstances, "cause" exists to extend the current deadline by an additional 28 days, to and including June 25, 2020. The Debtors request such an extension without prejudice to their rights to seek further extensions from this Court.

14. Further, courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. April 22, 2019) (granting the debtors an additional extension of 30 days); *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 17, 2019) (granting the debtors an additional extension of 15 days); *In re Tops Holding II Corporation*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. April 20, 2018) (granting the debtors an additional extension of 14 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 21, 2017) (granting the debtors an additional extension of 30 days); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Apr. 11, 2016) (granting the debtors an additional extension of 45 days).

## Motion Practice

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

16. The Debtors have provided notice of this Motion to each of the parties as required by the Case Management Procedures.[3] A copy of this Motion is also available on the website of the Debtors' solicitation agent at http://cases.primeclerk.com/ftr. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

---

[3] *See Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 81].

**No Prior Request**

17. Except as requested in the *Motion to Extend Deadline to File Schedules or Provide Required Information / Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs; (II) Waiving Requirements to File Lists of Equity Holders; and (III) Granting Related Relief* [Docket No. 5], no prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated: May 1, 2020<br>New York, New York | /s/ Stephen E. Hessler<br>Stephen E. Hessler, P.C.<br>Mark McKane, P.C. (admitted *pro hac vice*)<br>Patrick Venter<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>- and -<br><br>Chad J. Husnick, P.C.<br>Benjamin M. Rhode (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) ) | Case No. 20-22476 (RDD) |
|  | ) |  |
| Debtors. | ) ) | (Jointly Administered) |

## ORDER GRANTING A SECOND EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") further extending the time period to file their Schedules and Statements; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, as a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion's request for relief and the opportunity for a hearing thereon were appropriate under the circumstances and no other notice thereof need be provided; and, after due deliberation, this Court having determined

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that the legal and factual bases set forth in the Motion and at the hearing establish good and sufficient cause for the relief granted herein, and provides a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme; now therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended for an additional 28 days, to and including June 25, 2020, without prejudice to the Debtors' right to seek additional extensions.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York  
Dated: _____, 2020

                                                                  THE HONORABLE ROBERT D. DRAIN  
                                                                   UNITED STATES BANKRUPTCY JUDGE