**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## FINAL ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving and implementing the notice, case management, and administrative procedures annexed hereto as **Exhibit 1** (the "Case Management Procedures"), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, as a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, following an interim hearing on the Motion, the Court having entered an Interim Order granting the Motion

---

[1]    The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596.  Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr.  The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or the Case Management Procedures, as applicable.

on an interim basis; and due and proper notice of entry of the Interim Order and the Motion's

request for relief and the hearing thereon having been provided, and no other notice thereof being

required; and there being no objections to the relief granted herein; and upon the record of the final

hearing held by the Court on May 22, 2020 and all of the proceedings herein; and, after due

deliberation, this Court having determined that the legal and factual bases set forth in the Motion

and at the hearing establish good and sufficient cause for the relief granted herein; now therefore,

it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Case Management Procedures, as set forth in <u>Exhibit 1</u> attached hereto, are

approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise

ordered by this Court.

3. The first four Omnibus Hearings are scheduled as follows:

- 10:00 a.m. on the 29th day of June;

- 10:00 a.m. on the 29th day of July;

- 10:00 a.m. on the 21st day of August; and

- 10:00 a.m. on the 22nd day of September.

4. The Debtors' Claims and Noticing Agent, Prime Clerk, is authorized and directed

to establish the Case Website, available at https://cases.primeclerk.com/ftr, where, among other

things, electronic copies of all Court Filings will be posted and viewable free of charge.

5. Any notice sent by any party-in-interest in compliance with the Case Management

Procedures shall be deemed sufficient and in compliance with the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules.

6. As soon as practicable after the entry of this Final Order, a copy of the Case

Management Procedures shall be served by the Debtors on each of the parties on the Master

Service List (as defined therein).  In addition, shortly after the end of each calendar month,

Prime Clerk or counsel to the Debtors shall serve a copy of the Case Management Procedures upon

any party filing a 2002 Notice Request (as defined therein) within such calendar month.  To help

ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the

Case Management Procedures, the Debtors will post the Case Management Procedures on the Case

Website.

7.      Any notice sent by any party-in-interest shall be deemed to comply with the

requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8.      Notwithstanding the relief granted in this Final Order and any actions taken

pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the

validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the

Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c)

a promise or requirement to pay any particular claim; (d) an implication or admission that any

particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or

authorization to assume any agreement, contract, or lease pursuant to section 365 of the

Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights

under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any

other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied

pursuant to this Final Order are valid and the Debtors and all other parties-in-interest expressly

reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such

liens.  Any payment made pursuant to this Final Order should not be construed as an admission

as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any

other party-in-interest's right to subsequently dispute such claim.

9.      For the avoidance of doubt, other than as relating to approval or consent to entry of this Final Order (or the proposed form hereof), any consent or approval rights of the parties to the Restructuring Support Agreement shall remain in force unaffected from and after entry of this Final Order, solely to the extent the Restructuring Support Agreement remains in effect.

10.     All time periods set forth in this Final Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: May 26, 2020                      /s/Robert D. Drain
      White Plains, New York           THE HONORABLE ROBERT D. DRAIN
                                     UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### CASE MANAGEMENT PROCEDURES

On April 14, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code 11 U.S.C. § 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On May 26, 2020, the Court entered a final order (the "Final Order") approving the case management procedures set forth herein (the "Case Management Procedures") pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). Anyone may obtain a copy of the Final Order, as well as any Court Filing (as defined herein) filed with the Court in these chapter 11 cases, by: (a) accessing the website maintained by Prime Clerk LLC

---

[1]    The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is:  50 Main Street, Suite 1000, White Plains, New York 10606.

("Prime Clerk" or the "Claims and Noticing Agent"), at https://cases.primeclerk.com/ftr (the "Case Website"), (b) contacting Prime Clerk directly at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, by telephone at (877) 433-8020 (for domestic or Canadian callers) and (646) 442-5842 (for callers outside the United States and Canada), or by email at ftrinfo@primeclerk.com, or (c) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Final Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a non-binding conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. Accordingly, all parties-in-interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

### Case Management Procedures

**I.**      **Hearing Procedures.**

1.      ***All Matters to Be Heard at Omnibus Hearings***. The Court will schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together

2

with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the

following procedures:

2.     ***Initial Omnibus Hearings***.  The first four Omnibus Hearings are scheduled as

follows:

- 10:00 a.m. on the 29th day of June;

- 10:00 a.m. on the 29th day of July;

- 10:00 a.m. on the 21st day of August; and

- 10:00 a.m. on the 22nd day of September.

3.     ***Subsequent Omnibus Hearings***.  At or before the Omnibus Hearing held on

September 22, 2020, the Debtors may request that the Court schedule additional Omnibus

Hearings.  The Court may schedule such Omnibus Hearings and, upon scheduling, Prime Clerk

shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact

Prime Clerk for information concerning all scheduled Omnibus Hearings.

4.     ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus

Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be

heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda

may include notice of matters that have been consensually adjourned to a later Omnibus Hearing

in lieu of parties filing a separate notice of adjournment; *provided*, that for all matters adjourned

to a later Omnibus Hearing or some other future date, the Debtors will also electronically file (but

need not serve) a notice of adjournment with respect to such matters.

5.     ***Content of Proposed Hearing Agenda***.  The Proposed Hearing Agenda will

include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter

scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections,

replies, or documents related thereto; (b) whether the matters are contested or uncontested;

3

(c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.  With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise; *provided* that parties-in-interest may make a request to the Court by email (and by copying the opposing party) that such hearing be an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and/or exhibits).

7.      ***Telephonic Appearances***.  A party desiring to participate in a hearing telephonically must request permission from chambers.  If chambers permits telephonic participation, the party participating telephonically must arrange such participation with Court Solutions, adhering to the procedures for telephonic participation applicable in the Court.  Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

8.      ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "<u>Listen-Only Line</u>") by arranging such Listen-Only Line with Court Solutions.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court in accordance with the procedures on the Chambers website.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a chapter 11 plan, and any other Court Filing

may be scheduled for dates other than the Omnibus Hearing dates; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint unless a party establishes good cause for holding an initial pre-trial conference on an earlier date; and *provided further* that hearings on all other Requests for Relief not referenced in this paragraph or requiring emergency relief, filed by any party, must be scheduled for an Omnibus Hearing.

## II.    Filing and Service Procedures.

10.    All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Frontier Communications Corporation*, Case No. 20-22476 (RDD), in accordance with all General Orders of the Court, General Order M-399 and all orders that address the COVID-19 pandemic (General Orders 540-545), by registered users of the Court's electronic case filing system (the "Electronic Filing System").  Further, pursuant to Local Rule 9070-1, all Court Filings (other than proofs of claim) shall be:  (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, no later than the next business day following the date on which such Court Filing is electronically filed, and (b) at least one hard copy shall be delivered by first class mail to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Greg M. Zipes and Brian S. Masumoto.

### A.    The Service List.

11.    ***Parties Entitled to Service***.  All Court Filings (other than proofs of claim) shall be served on the following lists of parties (together, the "Service List"), according to the following notice procedures.

5

a.   ***Master Service List***.  Prime Clerk shall maintain a master service list (the "Master Service List").   The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

   i.     the U.S. Trustee;

   ii.    the Debtors and their counsel;

   iii.   the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee") and its counsel;

   iv.    the agent under the Debtors' proposed postpetition debtor in possession financing facility and its counsel;

   v.     the administrative agents and indenture trustees under the Debtors' prepetition credit agreement and note indentures;

   vi.    Akin Gump Strauss Hauer & Feld LLP and Milbank LLP, counsel to the Noteholder Groups;

   vii.   the Pension Benefit Guaranty Corporation;

   viii.  the United States Attorney's Office for the Southern District of New York;

   ix.    the Internal Revenue Service;

   x.     the United States Securities and Exchange Commission;

   xi.    the state attorneys general for all states in which the Debtors conduct business; and

   xii.   any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.   ***2002 List***.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

   i.     ***Filing Requests for Documents Requires Email Address***. A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number;

(e) facsimile number; and (f) email address, or the Certification described immediately below.

ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.    ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

iv.    ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.    ***Affected Entities***.  All entities with a known particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief, are "Affected Entities" and shall be served with all Court Filings relating to that interest.

12.    ***Maintenance of the Service List***.  At least every fifteen days during the first sixty days of these chapter 11 cases, and at least every thirty days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.    Filing and Service of Court Filings Generally.**

13.    ***Electronic Filing and Service***.  All Court Filings shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or to parties

7

who have filed the Certification in Paragraph 11.b.ii hereof, or as provided in Paragraph 14 hereof, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Court Filings shall be served on the Master Service List by email and by first class mail.  Subject to Paragraphs 11.b.ii and 14 hereof, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings.

      a.    ***Email Subject Line***.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Frontier Communications Corporation*, Case No. 20-22476 (RDD), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

      b.    ***Email Attachments***.  All Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  In addition, all service by email will include a reference to the docket number of the attached document, as well as a link to the website of the Claims and Noticing Agent.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.    ***Paper Service of Certain Affected Entities***.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.    ***Waiver of Filing Deadlines***.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set

forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.    ***Form of Papers***.    Unless granted prior permission, motions, applications, and objections are limited to forty pages and replies and statements are limited to fifteen pages. All Court Filings (other than exhibits) shall be double-spaced, twelve-point font, with one-inch margins.

17.    ***Certificates of Service***.    Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

18.    ***Right to Request Special Notice Procedures***.    Nothing in these Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures from the Court upon a showing of good cause including, without limitation, the right to seek emergency *ex parte* relief or relief upon shortened notice.  Such requests should be made pursuant to the Local Rules and the directions on the Chambers' website.

19.    ***Section 342 Notice Requirements***.    Any notice sent by any party-in-interest as provided herein shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.    Filing and Service of Requests for Relief.**

20.    ***Requests for Relief to Be Heard at Omnibus Hearing***.    In accordance with Local Rule 9006-1(b), in the event that a party-in-interest files and serves a Request for Relief at least fourteen days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.  If a Request for Relief is served by overnight delivery, it must be filed and served at least fifteen calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least seventeen calendar days before the

next Omnibus Hearing. All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least twenty-one calendar days before the next Omnibus Hearing. If a Request for Relief is filed by a party-in-interest and purports to set a hearing date inconsistent with these Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.    *Emergency Scheduling Procedures*.  If a movant or applicant determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact the attorneys for the parties that would be directly affected by such relief by telephone and email and request that the Request for Relief be considered on an expedited basis. If such party or parties disagree with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by email, and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may schedule an expedited hearing. The Court's normal practice when scheduling an expedited hearing is to require the movant to schedule the hearing for both (a) a request for expedited relief, and (b) the underlying Request for Relief for the same day.

22.    *Notices of Requests for Relief*.  A notice shall be affixed to the front of each Request for Relief and shall set forth:  (a) the title of the Request for Relief, (b) the time and date of the objection deadline, (c) the parties on whom any objection is to be served, and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Rule 9074-1, without a hearing if no objection is timely filed and served in

10

accordance with the Case Management Procedures (each, a "Notice of Presentment"). Subject to Section E of these Case Management Procedures, if the notice filed with a Request for Relief includes a Notice of Presentment, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing. A Notice of Presentment must be emailed to the Court and include the underlying Request for Relief, the certificate of service, an electronic version of the proposed order, and a cover note including a representation that (a) the movant sought relief by Notice of Presentment and (b) the objection period has passed and no objections were filed.

23.     ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including under Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties need serve all such Court Filings only on the Service List and in accordance with the following, unless otherwise ordered by the Court:

    a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted, or that otherwise may be directly affected by the relief requested;

    d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    in the case of any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.    on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.    ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in these Case Management Procedures or otherwise provided by order of the Court, the notice provisions of these Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.     Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.     Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.     Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief, which shall be consistent with such Request for Relief.

**D.     Filing and Service of Objections and Replies.**

26.     ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed by the following deadlines (each, as applicable, the "Objection Deadline"):

a.     in the case of a Request for Relief filed twenty-one or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

a.     in the case of a Request for Relief filed less than twenty-one days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

b.     in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

c.     in any case, as otherwise ordered by the Court.

27.     ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email, copying the Court.

13

28. ***Effect of Failure to File Objection by Objection Deadline***. Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

29. ***Service of Objections***. All Objections shall be filed with the Court, served by the applicable Objection Deadline and sent in accordance with ¶¶ 10 and 11; *provided*, that if the Objection Deadline is after the date that is seven days before the applicable hearing, Objections shall also be served by email, facsimile, hand delivery, or overnight mail even if otherwise stated in the Request for Relief, in each case, by 4:00 p.m. (prevailing Eastern Time) on the business day that is (a) three days before the date of the applicable hearing for any Court Filing filed on more than twenty-one days' notice and (b) two business days before the date of the applicable hearing for any Court Filing filed on less than twenty-one days' notice, with a copy to the Court's Chambers.

30. ***Service of Replies to Objections***. If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served as provided in ¶¶ 10 and 11 so as to actually be received by the parties requested to be served hereby at least one day before the Hearing, with a copy to the Court's Chambers.

31. ***Settlements***. In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case

14

Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### E.   Granting a Request for Relief Without a Hearing.

32.   ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may email a proposed order granting the Request for Relief to the Court's chambers, in accordance with chambers' procedures and ¶ 22, along with a certificate of no objection ("Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

33.   ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection and the other attachments as provided in ¶ 32, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

34.   ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### F.   Filing and Service of Orders.

35.   ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Prime Clerk, and (d) the U.S. Trustee within two business days of entry of the applicable order.  Prime Clerk shall post all orders on the Case Website.

**G.    Filing and Service of Adversary Proceedings.**

36.    ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

37.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Unless specifically directed by the Court, Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters;  however, they are applicable to adversary proceedings arising under these chapter 11 cases.

38.    ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court and shall comply with the Court's pretrial order.

**H.    Other Pleadings.**

39.    ***Joinders***.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to:  (a) be an independent proponent of the Court Filing, (b) independently support or oppose any related Court Filings, (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing, or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any

16

arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

40.    ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least twenty-one days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) fourteen calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

41.    ***Continuation of Automatic Stay.***  Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date thirty days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect, pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

42.    ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed, and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

43.    ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the

motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

44. ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Any request for a TRO must be preceded by an email and a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein, and, in addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

45. ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

## III.    Additional Case Management Procedures.

46. ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

47. ***Computation of Time***.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

48.    ***Effect of the Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such non-binding rules.

49.    ***Promulgation of the Case Management Procedures***.  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Prime Clerk or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month. To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.