**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 20-22476 (RDD) |
| Debtors. | ) ) | (Jointly Administered) |

**ORDER DENYING MOTIONS TO DISMISS CHAPTER 11 CASES [DOCKET NOS. 265, 290, 525] AND DENYING IN PART AND ADJOURNING IN PART MOTION FOR THE APPOINTMENT OF A TRUSTEE OR EXAMINER [RELATED DOCKET NO. 428]**

Upon (x) Summer Ridge Group Ltd.'s motions [Docket Nos. 265, 290, 525] (the "Dismissal Motions"), which the Court has deemed seek an order dismissing these chapter 11 cases pursuant to 11 U.S.C. § 1112(b), and (y) Tsuei Yih Hwa's motion [Docket No. 428] (the "Trustee Motion") requesting the appointment of a trustee or an examiner in these chapter 11 cases pursuant to 11 U.S.C. § 1104;  and this Court having jurisdiction over the foregoing matters pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, as core proceedings pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Dismissal Motions and the Trustee Motion and the hearing thereon; and upon the objection to the

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596.  Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  50 Main Street, Suite 1000, White Plains, New York 10606.

Dismissal Motions and the Trustee Motion filed by the debtors and debtors in possession herein; and upon the record of the hearing held by the Court on June 29, 2020 ("Hearing") and all related pleadings and proceedings; and, after due deliberation and for the reasons stated by the Court in its bench rulings at the Hearing, the Court having determined that the Dismissal Motions should be denied based on the movant's failure to appear through counsel admitted to practice in this Court and that the Trustee Motion should be denied except as adjourned as provided herein; and good and sufficient cause appearing, it is hereby ORDERED that:

1. The Dismissal Motions are denied. Any future pleadings by Summer Ridge Group Ltd. must be brought through counsel admitted to practice in this Court.

2. The Trustee Motion is denied with the exception of the Motion's request for an examiner pursuant to 11 U.S.C. § 1104(c)(2), the hearing with respect to which is adjourned as provided in paragraph 5 of this Order.

3. Without limiting the foregoing, the Trustee Motion's request for appointment of a chapter 11 trustee for the Debtors pursuant to 11 U.S.C. § 1104(a)(1) and (2) is denied, the movant having failed to carry his burden of proof.

4. Without limiting the foregoing, the Trustee Motion's request for the appointment of an examiner pursuant to 11 U.S.C. §1104(c)(1) is denied, the movant having failed to carry his burden of proof.

5. Without limiting the foregoing, the Trustee Motion's request for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c)(2) is adjourned to an omnibus hearing date in these cases to be obtained by the movant from the Court's Courtroom Deputy and noticed by the movant pursuant to the Case Management Order. At such adjourned hearing the Court will consider what, if anything, is an "appropriate" investigation for an examiner under 11 U.S.C. § 1104(c)(2).

3

6. This Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

White Plains, New York
Dated: July 9, 2020

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE