**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### ORDER GRANTING MICHELE C. JAMES
### LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated September 17, 2020 (the "Motion"),[2] of Michele C. James ("James") seeking entry of an order, pursuant to Section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), granting relief from the automatic stay imposed in this case by Section 362(a) of the Bankruptcy Code to permit James to pursue her personal injury lawsuit in the Circuit Court of Hillsborough County, Florida (Case No. 19-CA-004050) (the "Prepetition Litigation"); and due and proper notice of the Motion having been made on all necessary parties; and the above-captioned debtors and debtors in possession (collectively, the "Debtors") having filed the *Notice of Withdrawal of Debtors' Limited Opposition to James Motion for Relief from the Automatic Stay* [Docket No. 1243]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, as a

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and sufficient notice of the Motion and the opportunity for a hearing thereon has been provided; and there being no objections to the requested relief; and a hearing having been held on November 20, 2020 to consider the Motion; and upon the record of such hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The automatic stay imposed in this case by Section 362(a) of the Bankruptcy Code is vacated under Section 362(d) of the Bankruptcy Code to permit James to pursue her claims in the Prepetition Litigation through judgment or other final determination thereof with recovery solely to the extent of available proceeds under the applicable insurance policy.

2. Nothing herein or in the Motion shall permit any collection effort or any other action against the Debtors beyond the obtainment of a judgment with respect to the Prepetition Litigation and collection with respect to the proceeds of applicable insurance. The provisions of section 362 of the Bankruptcy Code prohibiting the execution, enforcement, or collection of any award or judgment obtained against any assets or properties of the Debtors' estates (as defined in Section 541 of the Bankruptcy Code) shall remain in full force and effect during the pendency of the Debtors' bankruptcy proceedings, and neither James, nor any of her agents, attorneys, or representatives shall collect any portion of any such award or judgment obtained in the Prepetition Litigation during the pendency of this bankruptcy action without further order from this Court.

3. This Court retains jurisdiction to resolve any disputes with respect to the implementation and interpretation of this Order and related Motion.

Dated:  November 23, 2020
       White Plains, New York

*/s/ Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE