**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED
ORDER BETWEEN THE DEBTORS AND METROPOLITAN GROUP PROPERTY
AND CASUALTY INS. CO. FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation and agreed order (this "Stipulation") is made this 21st day of December, 2020 by each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Metropolitan Group Property and Casualty Ins. Co. a/s/o Kevin Markey ("Metropolitan Group," and together with the Debtors, the "Parties").

**Recitals**

WHEREAS, on April 14, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, the Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is:  50 Main Street, Suite 1000, White Plains, New York 10606.

WHEREAS, on June 12, 2020, Metropolitan Group filed a property damage subrogation lawsuit alleging negligence against Frontier Communications Corporation in the Waterbury Judicial District of the Superior Court of Connecticut (Case No. UWY-CV20-6055156-S) (the "Litigation");

WHEREAS, the Debtors maintain a comprehensive general liability insurance policy, issued by Zurich American Insurance Company ("Zurich") to the Debtors (the "Zurich Policy"), which the Debtors assert applies to the Litigation;

WHEREAS, the Debtors assert that the Zurich Policy is a deductible policy, where the per occurrence coverage limit and the deductible amount are the same, which means that the Debtors are obligated to reimburse Zurich for indemnity incurred under the Zurich Policy up to the per occurrence coverage limit;

WHEREAS, upon the filing of the Debtors' chapter 11 petitions, the automatic stay of section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors, including the Litigation and Metropolitan Group's collection of any amounts the Debtors may owe in connection therewith;

WHEREAS, on September 28, 2020, Metropolitan Group, through counsel, filed a *Motion for Relief from the Stay* [Docket No. 1137] (the "Lift Stay Motion");

WHEREAS, on May 26, 2020, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain Their Surety Bond Program, and (E) Enter Into New Financing Agreements in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 366] (the "Final Insurance Order");

WHEREAS, paragraph 2 of the Final Insurance Order authorizes the Debtors to continue to "pay any prepetition or postpetition obligations related to the [] Insurance Expenses," which is defined to include, *inter alia*, insurance deductibles, taxes, costs, fees, and other expenses;

WHEREAS, on May 26, 2020, the Court entered the *Order Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims* [Docket No. 386], which, among other things, authorizes the Debtors to enter into settlement agreements equal to or less than $500,000 without notice to the Court or parties-in-interest, subject to certain restrictions that are inapplicable here;

WHEREAS, although the Debtors contest Metropolitan Group's allegations and requested relief as set forth in the Litigation, the Debtors: (i) recognize the costs and risks associated with defending property damage litigation in state court, such as the Litigation; and (ii) are mindful of the costs and risks associated with opposing the Lift Stay Motion and the attendant burdens on the Court by contested lift stay practice;

WHEREAS, on October 23, 2020, the Parties reached an agreement in principal resolving the Litigation, subject to the terms and conditions of this Stipulation, under which Metropolitan Group agrees to a settlement amount of $50,000 in resolution of the Litigation, to be paid under the Zurich Policy (the "Proposed Settlement Agreement");

WHEREAS, the Debtors have determined that it is in the best interests of their estates and their creditors that the Debtors consummate and perform under the Proposed Settlement Agreement, and stipulate to grant Metropolitan Group relief from the automatic stay of section 362(a) of the Bankruptcy Code to proceed in the Litigation solely to consummate the Proposed Settlement Agreement, on the terms and conditions of this Stipulation;

WHEREAS, the Proposed Settlement Agreement requires that the Bankruptcy Court approve the Proposed Settlement Agreement; and

WHEREAS, Zurich, the official committee of unsecured creditors, and the Noteholder Groups have reviewed this Stipulation and have not raised any objection.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:

1.   Upon execution and Court approval of this Stipulation, the automatic stay shall be lifted solely to grant the Debtors authority to take the necessary steps to effectuate the Proposed Settlement Agreement, which is hereby approved, and to allow Metropolitan Group to recover the amounts contemplated thereunder to the extent of available proceeds from the Zurich Policy, and not otherwise against the Debtors, their estates, or their successors.

2.   Metropolitan Group shall not be entitled to, and hereby waives, any rights, claims, or causes of action against any Debtor entity, including, but not limited to:  (a) any right to a claim against any Debtor entity for any amount or portion of any judgment or approved settlement that is not otherwise covered by this Stipulation; and (b) any right to a claim against the Debtors for the amount or portion of any judgment or approved settlement that Metropolitan Group seeks to collect from the Debtors, their estates, or their successors, other than in accordance with the Proposed Settlement Agreement.

3.   Metropolitan Group hereby fully, finally, and forever releases and discharges Metropolitan Group's rights to collect directly from the Debtors, their estates, or their successors on account of any claims, causes of action, setoffs, and liabilities for any obligations relating in any way to the Litigation except to the extent of any recovery under the Zurich Policy in accordance with the Proposed Settlement Agreement.  Any proofs of claim filed by Metropolitan

Group in these chapter 11 cases are disallowed and expunged, with prejudice, and Metropolitan Group shall not be entitled to receive any distributions from the Debtors, their estates, or their successors on account of such proofs of claims.

4.  The modification of the automatic stay as set forth herein shall have no effect as to parties that are not a Party to this Stipulation, and the automatic stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors or their estates, except as expressly set forth herein.

5.  Nothing in this Stipulation is intended to, or shall be construed to, waive any defenses, setoffs, objections, counterclaims, or coverage defenses that the Debtors or the Debtors' applicable insurance carriers, including Zurich, or their representatives may have with respect to any litigation, current or contemplated, including but not limited to the Litigation.

6.  The Debtors shall honor all of their obligations under the Zurich Policy, including, without limitation, the obligation to pay any amounts within a deductible required to be paid by the Debtors pursuant to the Zurich Policy in accordance with both the *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Prepetition Insurance Policies, (B) Continue to Pay Certain Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain Their Surety Bond Program, and (E) Enter into New Financing Agreements in the Ordinary Course of Business And (II) Granting Related Relief* [Docket No. 366], and the *Order (I) Authorizing the Debtors to Enter into the Extension and the New Insurance Program, (II) Authorizing Assumption of the Existing Insurance Program, and (III) Granting Related Relief* [Docket No. 376].

7.  Nothing in this Stipulation: (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors, including the Zurich Policy, or of any

related agreements; (ii) relieves the Debtors of any of their obligations under any insurance policies, including the Zurich Policy, or any related agreements; (iii) creates or permits a direct right of action by Metropolitan Group against any of the Debtors' insurers; (iv) precludes or limits, in any way, the rights of any insurer, including Zurich, to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy, or to otherwise assert any defenses to coverage; or (v) constitutes a determination or admission that coverage exists with respect to Metropolitan Group's claims.  For the avoidance of doubt, and notwithstanding paragraph 4 hereof, the automatic stay is lifted, if and to the extent applicable, to allow, but not to require, Zurich to:  (a) administer, handle, defend, settle, and/or pay Metropolitan Group's claims (and any costs related thereto) subject to and in accordance with the terms of (i) any applicable insurance policy, including the Zurich Policy, and related agreements or (ii) the Proposed Settlement Agreement; and (b) draw on any and all collateral provided by or on behalf of the Debtors therefor if and when the Debtors fail to pay and/or reimburse any insurers and third party administrators for any such amounts.

8. Neither this Stipulation, nor any terms contained herein, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary:  (a) to obtain approval and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the automatic stay has been modified to grant Metropolitan Group the authority consummate and perform under the Proposed Settlement Agreement.

9. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an assumption or rejection of an executory contract or unexpired lease under section 365 of

the Bankruptcy Code; or (c) a waiver of any of the Debtors' rights to dispute claims asserted against any Debtor in these chapter 11 cases.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation, and may issue checks and calculate and deduct applicable withholdings to the extent required by the Internal Revenue Service and applicable state taxing authorities before issuing payment, in each case in accordance with the terms of this Stipulation and applicable law.

11. Upon entry of this Stipulation and consummation of the Proposed Settlement Agreement, the Lift Stay Motion will be resolved without further order of the Court or any action by the Parties.

12. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

13. This Stipulation is the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

14. Each Party represents and warrants to the other Party that it: (a) made this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) has been represented by counsel of its own choice in the negotiations preceding the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, and 9014, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

16. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York.

[*Remainder of page intentionally left blank.*]

Acknowledged and Agreed By:
Dated: December 21, 2020

| | |
|---|---|
| */s/ Heather J. Adams* | */s/ Stephen E. Hessler* |
| Heather J. Adams, Esq. | Stephen E. Hessler, P.C. |
| **Conway Stoughton LLC** | Mark McKane, P.C. (admitted *pro hac vice*) |
| 641 Farmington Ave. | Patrick Venter |
| Hartford, Connecticut 06105 | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (860) 523-8000 | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| *Counsel for Metropolitan Group Property and Casualty Ins. Co. a/s/o Kevin Markey* | |
| | -and- |
| | Chad J. Husnick, P.C. |
| | Benjamin M. Rhode (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | *Counsel to the Debtors and Debtors in Possession* |

SO ORDERED

Dated: January 6, 2021          */s/ Robert D. Drain*
    White Plains, New York          THE HONORABLE ROBERT D. DRAIN
                                                         UNITED STATES BANKRUPTCY JUDGE

2

KE 72075836.3