**Hearing Date: To Be Determined**
**Objection Deadline: August 2, 2021 at 4:00 p.m. (Eastern Time)**

Martin J. Black (*pro hac vice* application pending)
Jeffrey B. Plies (*pro hac vice* application pending)
David A. Herman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Facsimile: (212) 698-3599
Email:  martin.black@dechert.com
          jeffrey.plies@dechert.com
          david.herman@dechert.com

*Counsel to Intellectual Ventures II LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **FRONTIER COMMUNICATIONS CORPORATION,** *et al.*,[1] | **Case No. 20-22476 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**NOTICE OF REQUEST FOR PAYMENT OF ADMINISTRATIVE**
**EXPENSE FOR POST-PETITION INFRINGEMENT OF**
**PATENTS HELD BY INTELLECTUAL VENTURES II LLC**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the attached Request for

Payment of Administrative Expense for Post-Petition Infringement of Patents Held by Intellectual

Ventures II LLC (the "Request for Payment") will be held before the Honorable Robert D. Drain,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

1

of New York, 300 Quarropas Street, White Plains, NY 10601-4140 (the "Bankruptcy Court") at a date and time to be determined. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must make arrangements through Court Solutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Request for Payment shall be in writing, state with particularity the basis for the objection and be filed with the Bankruptcy Court in accordance with the Local Rules by users of the Bankruptcy Court's case filing system, and by all other parties by electronic service, with a hard copy to Chambers, and served in accordance with the Local Rules and the Case Management Procedures (ECF 390) and upon counsel to (i) Intellectual Ventures II LLC, Dechert LLP, Three Bryant Park, 1095 Avenue of the Americas, New York, NY 10036-6797, Attn: Martin J. Black, Esq., Jeffrey B. Plies, Esq., and David A. Herman, Esq.; (ii) the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, 10153, Attn: Stephen E. Hessler, Esq., Mark McKane, Esq., and Patrick Venter, Esq.; (iii) counsel to the unsecured creditors' committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Douglas H. Mannal, Esq., Jennifer Sharret, Esq., and Megan Wasson, Esq.; and (iv) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, so as to be received no later than August 2, 2021 at 4:00 p.m. (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Request for Payment is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**Hearing Date: To Be Determined**
**Objection Deadline: August 2, 2021 at 4:00 p.m. (Eastern Time)**

Martin J. Black (*pro hac vice* application pending)
Jeffrey B. Plies (*pro hac vice* application pending)
David A. Herman
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Facsimile: (212) 698-3599
Email:  martin.black@dechert.com
           jeff.plies@dechert.com
           david.herman@dechert.com

*Counsel to Intellectual Ventures II LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **FRONTIER COMMUNICATIONS CORPORATION, *et al.*,**[2] | **Case No. 20-22476 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE FOR POST-PETITION INFRINGEMENT OF PATENTS HELD BY INTELLECTUAL VENTURES II LLC**

Intellectual Ventures II LLC ("IV") hereby files this Request for Payment from Frontier Communications Corporation and its debtor affiliates (collectively, "Frontier" or the "Debtors"), in the amount of $1,699,102, plus trebling and attorneys' fees, for the Debtors' infringement of

---

[2] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

1

patent assets held by IV between the commencement of these chapter 11 cases (the "Petition Date") and the Effective Date of the Debtors' Plan.[3]

## IV'S ASSERTED PATENTS

1. IV owns all substantial right, title, and interest in the following U.S. patents (the "Asserted Patents"):

2. On November 11, 2003, United States Patent No. 6,647,068 (the "'068 Patent"), titled "Variable State Length Initialization," was duly and lawfully issued by the United States Patent and Trademark Office (the "PTO").

3. On September 28, 2004, United States Patent No. 6,798,735 (the "'735 Patent"), titled "Adaptive Allocation for Variable Bandwidth Multicarrier Communication," was duly and lawfully issued by the PTO.

4. On September 18, 2007, United States Patent No. 7,272,171 (the "'171 Patent"), titled "Variable State Length Initialization," was duly and lawfully issued by the PTO.

5. On October 19, 2010, United States Patent No. 7,817,532 (the "'532 Patent"), titled "Adaptive Allocation for Variable Bandwidth Multicarrier Communication," was duly and lawfully issued by the PTO.

6. On February 5, 2013, United States Patent No. 8,369,275 (the "'275 Patent"), titled "Adaptive Allocation for Variable Bandwidth Multicarrier Communication," was duly and lawfully issued by the PTO.

## FRONTIER'S INFRINGEMENT

7. The Debtors have infringed and are continuing to infringe the Asserted Patents as follows:

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to them in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* (ECF 1793).

2

8.      During the period subsequent to the Petition Date, Frontier has been infringing at least claims 7, 8, 16, and 17 of the '068 Patent and claims 2 and 3 of the '171 Patent under 35 U.S.C. Section 271, by Frontier's use of at least the Adtran 1248, Adtran 1148, Adtran TA5000, Adtran TA3000, Alcatel 7300, Calix E5, Calix E7, Calix C7 digital subscriber line access multiplexers (DSLAMs), implementing VDSL2 and/or ADSL2/2+ technical communications standards promulgated by the International Telecommunication Union (ITU-T).

9.      Exemplary claim charts outlining how Frontier has been infringing the '068 and '171 Patents through Frontier's use of products implementing particular ITU-T technical standards were previously submitted as supporting documentation to IV's proofs of claim with respect to Frontier's prepetition infringement and are hereby incorporated by reference as if fully recited herein. *See, e.g.*, Claim No. 2526.[4]

**IV'S CLAIM FOR ROYALTY DAMAGES BASED ON FRONTIER'S INFRINGEMENT**

10.     IV is party to a Patent License Agreement executed by one of Frontier's similarly-situated competitors, in which Frontier's competitor agreed to license, *inter alia*, the Asserted Patents (the "Competitor License").[5]

11.     IV and Frontier's competitor executed the Competitor License following IV's assertion of the '068 and '171 patents in prior litigation against Frontier's competitor.

12.     The terms of the Competitor License are comparable to those that Frontier owes to IV as compensation for its infringement of IV's patents.

---

[4] IV submitted the following proofs of claim: 2365, 2366, 2367, 2371, 2401, 2407, 2415, 2433, 2453, 2461, 2469, 2472, 2513, 2514, 2519, 2521, 2526, 2529, 2532, 2535, 2536, 2538, 2539, 2540, 2541, 2542, 2543, 2544, 2545, 2547, 2548, 2549, 2551, 2552, 2553, 2554, 2555, 2556, 2557, 2558, 2559, 2562, 2563, 2564, 2566, 2567, 2568, 2570, 2571, 2572, 2574, 2575, 2577, 2579, 2580, 2581, 2582, 2583, 2584, 2585, 2586, 2587, 2588, 2589, 2590, 2591, 2592, 2593, 2594, 2597, 2598, 2599, 2600, 260, 2602, 2603, 2606, 2607, 2608, 2609, 2610, 2611, 2612, 2615, 2616, 2617, 2618, 2619, 2621, 2622, 2624, 2625, 2626, 2627, 2628, 2630, 2631, 2632, 2633, 2634, 2671.

[5] The Competitor License has been produced to counsel for the Debtors pursuant to the Court's protective order.

3

13. Based on the royalty terms of the Competitor License, the date of Frontier's commencement of these chapter 11 cases, and the date the Plan became effective, Frontier owes IV a royalty of $0.488 per subscriber as compensation for Frontier's post-petition infringement of the '068 and '171 patents through the Effective Date.

14. Frontier's May 6, 2020 SEC 10-Q filing reports that as of March 31, 2020, Frontier had 3.48 million DSL subscribers.

15. For the period beginning April 14, 2020 (the Petition Date) through April 30, 2021 (the Effective Date), Frontier accordingly owes to IV royalty damages of $1,699,102.

16. The Debtors' infringement subsequent to the filing of IV's prepetition proofs of claim has been willful. IV's proofs of claim provided the Debtors with knowledge of the '068 and '171 patents, allegations of infringement, and detailed claim charts explaining how the Debtors have been infringing the patent claims. Nevertheless, the Debtors have failed to abate or mitigate their infringement. Pursuant to 35 U.S.C. § 284, IV requests that the amount of royalty damages be increased by three times. Additionally, the Debtors' continued infringement in the wake of IV's proofs of claim makes this an exceptional case, and IV should be awarded its attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

17. IV also requests that the Court award it ongoing running royalties for any infringement by Frontier subsequent to the Effective Date of the Plan up until expiration of the '068 and '171 patents.

18. Under established law, such damages for post-petition patent infringement are treated as administrative expenses under the Bankruptcy Code.[6] *See, e.g.*, *Reading Co. v. Brown*,

---

[6] The Debtors' liability for post-petition patent infringement arises in the ordinary course of the Debtors' businesses and, accordingly, under paragraph 103 of the Confirmation Order and Article II, Section A of the Plan, IV is not required to file this Request for Payment by the administrative claims bar date. *See Sanchez v. Nw. Airlines, Inc.*, 659 F.3d 671, 677 (8th Cir. 2011). IV files this Request for Payment, however, in an abundance of caution.

4

391 U.S. 471, 482-83 (1968); *In re Eagle-Picher Indus., Inc.*, 447 F.3d 461, 464 (6th Cir. 2006) (collecting authority); *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 533 (2d Cir. 1972).

## RESERVATION OF RIGHTS

19. IV reserves all rights to pursue, and intends to pursue, all available remedies for Frontier's continuing infringement of the '068 and '171 Patents.

20. This Request for Payment is without prejudice to any other claim or cause of action that IV or its affiliates may have against Frontier and/or any affiliated, parent, and/or subsidiary entities.

## CONCLUSION

21. For the reasons set forth above, IV respectfully requests allowance and payment of $1,699,102, plus trebling and attorneys' fees, as an administrative expense for the Debtors' post-petition patent infringement through the Effective Date of the Plan.

DATED: June 1, 2021    Respectfully submitted,

*/s/ David A. Herman*
Martin J. Black (*pro hac vice* application pending)
Jeffrey B. Plies (*pro hac vice* application pending)
David A. Herman
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500
Facsimile: (212) 698-3599
Email: martin.black@dechert.com
    jeffrey.plies@dechert.com
    david.herman@dechert.com

*Counsel to Intellectual Ventures II LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all ECF recipients in the above-captioned matter.

DATED:  June 1, 2021　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　*/s/ David A. Herman*
　　　　　　　　　　　　　　　　　　　　Martin J. Black (*pro hac vice* application pending)
　　　　　　　　　　　　　　　　　　　　Jeffrey B. Plies (*pro hac vice* application pending)
　　　　　　　　　　　　　　　　　　　　David A. Herman
　　　　　　　　　　　　　　　　　　　　**DECHERT LLP**
　　　　　　　　　　　　　　　　　　　　1095 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Phone: (212) 698-3500
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 698-3599
　　　　　　　　　　　　　　　　　　　　Email:  martin.black@dechert.com
　　　　　　　　　　　　　　　　　　　　　　　　jeffrey.plies@dechert.com
　　　　　　　　　　　　　　　　　　　　　　　　david.herman@dechert.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Intellectual Ventures II LLC*