**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 20-22476 (RDD) |
| | ) | Judge Robert D. Drain |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION GOVERNING PRODUCTION OF CERTAIN THIRD-PARTY CONFIDENTIAL MATERIALS**

**WHEREAS,** on July 1, 2020, this Court entered a Confidentiality Agreement and Stipulated Protective Order ("Protective Order") [Docket No. 666], which governs the production and handling of Discovery Material by and among (a) the above captioned reorganized debtors (before the effective date of their chapter 11 plan of reorganization the "Debtors" and after the effective date of their chapter 11 plan of reorganization the "Reorganized Debtors"), (b) certain of the Reorganized Debtors' creditors and other constituents that are signatories to this Order, and (c) any other persons or entities who become bound by the Protective Order through execution of a declaration (collectively, "Parties");[2]

**WHEREAS,** the Protective Order acknowledges that certain persons or entities other than the Parties may also have an interest in the disposition of documents in the above-captioned case;

---

[1] Due to the large number of debtor entities in these chapter 11 cases, which are jointly administered, a complete list of reorganized debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

1

**WHEREAS,** Debtors have sought to obtain from creditor Intellectual Ventures II LLC ("IV") (itself a Party to the Protective Order, and for purposes of this Stipulation, the "Producing Party") certain documentation containing information confidential to AT&T Corp. ("AT&T", said documentation hereafter the "AT&T Document") that may be relevant to a claim filed by IV in these chapter 11 cases;

**WHEREAS,** AT&T has objected to the production of the AT&T Document to Reorganized Debtors unless and until the Reorganized Debtors and IV agree to additional stipulations governing the production and handling of such Document.

**WHEREAS,** the Reorganized Debtors and IV enter this stipulation and agreed order ("Stipulation") purely for convenience at this early stage of their dispute, without waiving any claims, rights, positions, or objections, and further reserving all rights and positions with respect to AT&T and the discoverability and production of any other documents to which AT&T may object;

**NOW, THEREFORE, THE REORGANIZED DEBTORS AND IV HEREBY STIPULATE AND AGREE, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED AS FOLLOWS WITH REGARD TO THE AT&T DOCUMENT:**

1. The AT&T Document will be marked "HIGHLY CONFIDENTIAL" by IV and will be subject to the Protective Order as Discovery Material in the case.

2. The Parties agree that they will not use or disclose the AT&T Document to jury or trial consultants, including mock jurors.

3. The Producing Party must notify AT&T in writing if any portion of the AT&T Document is designated as a trial exhibit or is to be used in open court. To the extent it will be

disclosed in the courtroom at trial or any hearing, the Party making such disclosure agrees that it will move to have the courtroom sealed before any such disclosure.

4. The Parties agree that no party will remove, or cause to be removed, any portion of the AT&T Document from the territorial boundaries of the United States of America.

5. To the extent the AT&T Document is to be disclosed to an expert, the disclosing party will: (a) provide the name, CV, and past three years of engagements to AT&T prior to disclosing the AT&T Document to the expert; (b) give AT&T five business days to object; and (c) provide AT&T with ten days to move for a protective order if the parties cannot resolve the objection.

6. To the extent a Party seeks to disclose the AT&T Document to any person or entity under Paragraph 13(i) of the protective order, the Party seeking to make such disclosure shall (a) seek AT&T's permission to make such disclosure; (b) give AT&T five business days to consent or object; and (c) provide AT&T with ten business days to move for a protective order if the parties cannot resolve the objection.

7. The Producing Party shall be responsible for securing any necessary permission from third parties whose confidential information may also be included in the AT&T Document since AT&T cannot and does not grant permission to produce such third parties' information on their behalf.

8. For purposes of notice under Paragraph 39 of the Protective Order, the relevant AT&T contact person shall be <u>Timothy J. Dyll, Assistant Vice President, Senior Legal Counsel, AT&T Services Inc., 208 S. Akard St. RM 3103, Dallas, TX 75202 and td180@att.com.</u>

9. All other rights, duties, and obligations set forth in the Protective Order concerning materials designated Highly Confidential shall apply.

10. Nothing contained in this Stipulation or any actions taken pursuant to any order is intended or should be construed as: (a) an admission as to the validity of any particular claim against a Reorganized Debtor entity; (b) a waiver of the Reorganized Debtors' rights to dispute any particular claim on any grounds whatsoever; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a particular type; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) or a promise or requirement by the Reorganized Debtors to provide any particular information or Discovery Material.

11. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes arising from this Stipulation or the interpretation or enforcement thereof.

| | |
|---|---|
| Dated: August 5, 2021 | Respectfully submitted, |
| | |
| | */s/ Timothy R. Shannon* |
| | Timothy R. Shannon (admitted *pro hac vice*) |
| | Seth S. Coburn (admitted *pro hac vice*) |
| | **VERRILL DANA, LLP** |
| | One Portland Square |
| | Portland, Maine 04101 |
| | Telephone:   (207) 774-4000 |
| | Facsimile:    (207) 774-7499 |
| | |
| | *Counsel to the Reorganized Debtors* |
| | |
| | */s/ Jeffrey B. Plies* |
| | Jeffrey B. Plies (admitted *pro hac vice*) |
| | Texas State Bar No. 24027621 |
| | **DECHERT LLP** |
| | 515 Congress Ave |
| | Suite 1400 |
| | Austin, TX 78701 |
| | (512) 394-3012 |
| | |
| | *Counsel for Creditor* |
| | *Intellectual Ventures II LLC* |

**SO ORDERED:**

_____      _____
DATE                                                     THE HONORABLE ROBERT D. DRAIN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2021, I caused a true and accurate copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all ECF recipients in the above-captioned matter.

*/s/ Timothy R. Shannon*
Timothy R. Shannon (admitted *pro hac vice)*

15082945_13