**Hearing Date: October 28, 2021, at 10:00 am (prevailing Eastern Time)**
**Objection Deadline: October 21, 2021, at 4:00 pm (prevailing Eastern Time)**

| | |
|---|---|
| LUSKIN, STERN & EISLER LLP | OPPENHEIM + ZEBRAK, LLP |
| Michael Luskin | Matthew J. Oppenheim |
| Stephan E. Hornung | Lucy Grace D. Noyola (admitted *pro hac vice*) |
| 50 Main Street | 4350 Wisconsin Avenue, NW, Fifth Floor |
| White Plains, New York 10606 | Washington, DC 20016 |
| (212) 597-8200 | (202) 480-2999 |

*Counsel for the Copyright Claimants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
In re                                       :        Chapter 11
                                            :
FRONTIER COMMUNICATIONS                     :        Case No. 20-22476 (RDD)
CORPORATION, et al.,¹                       :
                                            :        (Jointly Administered)
                        Debtors.            :
------------------------------------------------------------ x
```

## COPYRIGHT CLAIMANTS' MOTION TO AMEND PROOFS OF CLAIM

TO:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

Claimants UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music &

Records, Inc. (collectively, the "Universal Claimants"); Sony Music Entertainment, Arista

Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin,

Volcano Entertainment III, L.L.C., and Zomba Recording LLC (collectively, the "Sony

Claimants"); and Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy

Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC,

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino

Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music

Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner

Records Inc. (collectively, the "Warner Claimants," and together with the Universal Claimants

and the Sony Claimants, the "Copyright Claimants"), by and through their undersigned counsel,

submit this motion ("Motion") for entry of an order pursuant to Federal Rule of Civil

Procedure 15 and Federal Rule of Bankruptcy Procedure 7015, substantially in the form attached

as **Exhibit A**, granting the Copyright Claimants leave to amend the list of copyrighted works

attached to each of their pre- and post-petition copyright infringement claims against Frontier

Communications Corporation ("Frontier," and together with its debtor affiliates, the "Debtors" or

the "Reorganized Debtors").  In support thereof, the Copyright Claimants respectfully state as

follows:

## PRELIMINARY STATEMENT

1.     The Copyright Claimants filed four proofs of claim (Claim Nos. 3560, 3821,

3822, and 3823 (collectively, "Proofs of Claim")) in the Debtors' bankruptcy case seeking

damages arising out of Frontier's failure to address rampant copyright infringement by its

internet customers both before and during the pendency of its bankruptcy case.  Based upon the

information available to the Copyright Claimants, the Copyright Claimants attached an exhibit to

each of the Proofs of Claim identifying the copyrighted works they believed had been infringed

by Frontier's customers.  Since they filed the Proofs of Claim, the Copyright Claimants have

continued to analyze their claims and have now determined that it is necessary to update the lists

of works at issue.

2.      The Copyright Claimants asked Frontier to consent to the amendments, but it refused even to consider the request until after the Copyright Claimants' motion to withdraw the reference is decided.  Accordingly, the Copyright Claimants now seek leave of the Court to file amended exhibits to the Proofs of Claim.  The Copyright Claimants propose to amend Exhibit A (which lists the copyrighted works-at-issue) to each of the Proofs of Claim and to update the Proofs of Claim in four ways: (1) to add certain sound recordings; (2) to remove certain sound recordings; (3) to make typographical corrections, including to track and artist names, rights holders, and registration numbers, to ensure the accuracy of the works-at-issue list; and (4) to withdraw the claims asserted by Lava Records LLC.

3.      Leave to amend the Proofs of Claim should be freely granted where, as here, the proposed amendments do not seek recovery on any new or different claim and instead relate back to the Copyright Claimants' original timely-filed Proofs of Claim.  All of the amendments arise out of and relate back to the original copyright infringement claims, and as discussed below, there are no overriding equitable concerns.  Critically, Frontier will not be prejudiced by the amendments.  The Copyright Claimants have moved promptly, before discovery has even begun, and there is no possibility that allowing the amendments will affect other unsecured creditors or lead to an influx of new claims because unsecured claims are unimpaired under the Debtors' plan.  There is no good reason to defer the amendments as Frontier has requested, which will only further delay adjudication of the Proofs of Claim.

4.      Accordingly, the Court should grant the Copyright Claimants leave to amend Exhibit A to each of the Proofs of Claim and to file amended Proofs of Claim with the claims agent that conform to the revised works list.

## BACKGROUND

### A.    An Overview of the Claims

5.    The Copyright Claimants comprise record companies that produce, manufacture, distribute, sell, and license the vast majority of all legitimate commercial sound recordings in the United States.  (*See, e.g.*, Claim No. 3821, Summary of Claim ¶ 1.)  Frontier is one of the largest internet service providers in the United States.  (*Id.* ¶ 2.)  Frontier has received hundreds of thousands of infringement notices from copyright owners that detail ongoing massive infringement of copyrights on its network.  (*Id.* ¶¶ 3, 5, 35.)  While Frontier told its subscribers that infringement on its network was prohibited and could result in termination of their service, Frontier failed to enforce its own policies and allowed infringement that it was on notice was occurring to continue on its network unabated.  (*Id.* ¶¶ 40–41.)  Frontier knew that many of its subscribers had been the subject of repeated infringement notices, yet Frontier took no actions to stop the infringement.  (*Id.* ¶¶ 38–39.)  Rather than address its subscribers' blatant infringement, Frontier continued to provide service to these infringing subscribers so that it could continue to collect top-tier, monthly subscriber fees.  (*Id.* ¶¶ 8, 42.)

6.    The Copyright Claimants allege that Frontier is contributorily and vicariously liable for its subscribers' direct infringement of the Copyright Claimants' copyrighted sound recordings.

### B.    Frontier's Bankruptcy

7.    On April 14, 2020 (the "Petition Date"), Frontier and certain affiliated entities (collectively, the "Debtors" or the "Reorganized Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the United States District of the Southern District of New York (the "Bankruptcy Court").

8.      On August 27, 2020, the Court confirmed the Debtors' chapter 11 plan of

reorganization (the "Plan") and entered Findings of Fact, Conclusions of Law, and Order

Confirming the Fifth Amended Joint Plan of Reorganization of Frontier Communications

Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the

"Confirmation Order").  (ECF No. 1005.)[2]  This was not a traditional bankruptcy where the

debtor could not afford to pay its creditors and required adjudication of creditors' claims by a

bankruptcy court.  Instead, the Plan provides that all unsecured claims will be paid in full, and

claimants may litigate their claims in courts other than this Court.  (ECF No. 1005-1, Art. VII.A,

at 70–71; *see also* ECF No. 1005 ¶¶ 99, 104.)  The Plan also provides for amendments to proofs

of claims:

> On or after the Effective Date, except as provided in the Plan or the Confirmation
> Order, a Proof of Claim or Proof of Interest may not be Filed or amended without
> the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and
> any such new or amended Proof of Claim or Proof of Interest Filed shall be
> deemed disallowed in full and expunged without any further action, order, or
> approval of the Bankruptcy Court.

(ECF No. 1005-1, Art. VII.I, at 73.)

9.      On April 30, 2021, the Debtors filed a *Notice of (I) Entry of Confirmation Order,*

*(II) Occurrence of Effective Date, and (III) Related Bar Dates* (the "Administrative Claims Bar

Order"), which provided notice that the Effective Date of the Plan had occurred on

April 30, 2021 (the "Effective Date") and that the bar date for filing administrative proofs of

claim was June 1, 2021 (the "Administrative Claims Bar Date").  (ECF No. 1793, at 1–2.)

---

[2] All citations to "ECF No." are to the docket in the Debtors' lead bankruptcy case, Case No. 20-22476.

### 1.    The Pre-Petition Claim

10.    On January 22, 2021, two of the Copyright Claimants—UMG Recordings, Inc. and Capitol Records, LLC (collectively, "Universal")—filed an unsecured proof of claim against Frontier (the "Universal Pre-Petition Claim"). The Universal Pre-Petition Claim asserts that Frontier is contributorily and vicariously liable for thousands of direct infringements by Frontier's subscribers of at least 1,652 of Universal's copyrighted sound recordings prior to the Petition Date and seeks unliquidated damages, plus attorneys' fees and full costs. (Claim No. 3560, Summary of Claim ¶¶ 3–8.) The Universal Pre-Petition Claim explains that the copyrighted sound recordings listed in Exhibit A are both illustrative and non-exhaustive. (*Id.* ¶¶ 1, 26, 34.) In the Universal Pre-Petition Claim, Universal expressly reserved the right to, among other things: (1) amend, update, or supplement the Universal Pre-Petition Claim at any time and in any respect; and (2) file additional proofs of claim. (*Id.* at 7.)

11.    On May 17, 2021, the Debtors filed an objection to certain disputed copyright claims, including the Universal Pre-Petition Claim, and proposed an entirely unrealistic adjudication schedule that was clearly designed to prevent Universal from obtaining appropriate discovery. (ECF No. 1818 ¶¶ 15–36, 41.) On June 9, 2021, Universal filed a response to the Debtors' claim objection. (ECF No. 1902.)

### 2.    The Administrative Claims

12.    Frontier's infringing conduct continued after the Debtors filed for bankruptcy. On June 1, 2021, the 26 Copyright Claimants (collectively, the "Administrative Claimants") filed administrative proofs of claim (collectively, the "Administrative Claims") pursuant to Sections 507(a)(2) and 503(b) of the Bankruptcy Code under compulsion of the Administrative Claims Bar Order. The Administrative Claims assert that Frontier is contributorily and vicariously liable for thousands of direct infringements by Frontier's subscribers of at least 6,025 of the

Administrative Claimants' copyrighted sound recordings between the Petition Date and the

Effective Date.  (Universal Administrative Proof of Claim, Claim No. 3821, Summary of Claim

¶¶ 3–9; Sony Administrative Proof of Claim, Claim No. 3822, Summary of Claim ¶¶ 3–9;

Warner Administrative Proof of Claim, Claim No. 3823, Summary of Claim ¶¶ 3–9.)  The

Administrative Claims seek damages in an unliquidated amount, plus attorneys' fees and full

costs.  Each of the Administrative Claims explains that the copyrighted sound recordings listed

in Exhibit A are both illustrative and non-exhaustive.  (Universal Administrative Proof of Claim,

Claim No. 3821, Summary of Claim ¶¶ 37, 54, 63; Sony Administrative Proof of Claim, Claim

No. 3821, Summary of Claim ¶¶ 37, 54, 63; Warner Administrative Proof of Claim, Claim No.

3821, Summary of Claim ¶¶ 37, 54, 63.)  In the Administrative Claims, the Administrative

Claimants expressly reserved the right to, among other things: (1) amend, update, or supplement

the Universal Pre-Petition Claim and Administrative Claims at any time and in any respect; and

(2) file additional administrative claims or proofs of claim.  (Universal Administrative Proof of

Claim, Claim No. 3821, Summary of Claim, at 10; Sony Administrative Proof of Claim, Claim

No. 3822, at 10; Warner Administrative Proof of Claim, Claim No. 3823, Summary of Claim, at

10.)  On June 2, 2021, the Administrative Claimants each filed a *Reservation of Rights*

*Regarding Administrative Claim* (the "Reservations of Rights"), which included substantially the

same reservation of rights contained in the Administrative Claims.  (ECF Nos. 1887–1889.)

13.      On July 30, 2021, the Reorganized Debtors filed its *Notice of Second Revised*

*Order Granting Reorganized Debtors' Omnibus Objection to Certain Disputed Copyright*

Claims.  (ECF No. 1951.)  That notice purported to object to the Administrative Claims by

incorporating by reference the Debtors' objection to the Universal Pre-Petition Claim and adding

the conclusory argument that the Administrative Claims "do not constitute actual, necessary costs and expenses of preserving the estate." (*Id.* at 5 (internal quotation marks omitted).)

### 3.    The Copyright Claimants' Motion to Withdraw the Reference

14.    On June 9, 2021, the Copyright Claimants filed a motion to withdraw the reference ("Motion to Withdraw the Reference") with respect to their claims against Frontier that accrued before the Effective Date.

15.    On June 15, 2021, the Court held a status conference on the Universal Pre-Petition Claim, as well as certain pre-petition claims filed by other copyright claimants. At the status conference, the Court strongly urged the parties to mediate the claims and to engage in additional informal discovery as part of that mediation. (Ex. A, 17:24–20:24.)[3] The Copyright Claimants repeatedly asked Frontier to mediate before they filed the Motion to Withdraw the Reference, but Frontier refused. (*Id.* at 18:24–19:9.) Despite the Court's strong desire for the parties to mediate before engaging in full-blown litigation, Frontier rejected that idea, and unreasonably conditioned any mediation on the Copyright Claimants withdrawing all of their monetary claims. (Oppenheim Decl. ¶ 6.) At the status conference, the Court also directed the parties to schedule another status conference for late July or early August. (Ex. A, 26:6–20.)

16.    The Debtors did not schedule a status conference, and instead, on August 12, 2021, filed its *Second Notice Regarding Disputed Copyright Claims*, asserting that no hearing should be held on the Universal Pre-Petition Claim or the Administrative Claims until the United States District Court for the Southern District of New York (the "District Court") ruled on the Motion to Withdraw the Reference and a motion to stay filed by Frontier. (ECF No. 1968.)

---

[3] Unless otherwise noted, all exhibits are attached to the Declaration of Matthew J. Oppenheim ("Oppenheim Decl."), filed contemporaneously herewith.

17.     Aside from the June 15, 2021 status conference on the Universal Pre-Petition Claim, the Court has not held any hearings or set a discovery schedule for resolution of the Universal Pre-Petition Claim or the Administrative Claims.

## C.     District Court Actions

18.     Frontier's failure to take action against repeat copyright infringers has continued since the Debtors emerged from bankruptcy on April 30, 2021.  On June 8, 2021, 15 of the 26 Copyright Claimants commenced an action against Frontier in the District Court seeking (1) damages for Frontier's infringement of at least 2,856 of the Copyright Claimants' copyrighted sound recordings since the Effective Date (the "Post-Effective Date Claims") and (2) a preliminary and permanent injunction against Frontier and the other Reorganized Debtors. (*See* ECF No. 1899–7, ¶¶ 44–65.)  This action is pending as *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05050-AT (the "Post-Effective Date Action"), before Judge Analisa Torres in the United States District Court for the Southern District of New York.  The Court does not have jurisdiction to determine the Post-Effective Date Claims, which are not related to the Bankruptcy Code, the administration of the Frontier bankruptcy estate, or its now-effective plan of reorganization.

19.     The Copyright Claimants' Motion to Withdraw the Reference is pending as *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05253-AT, also before Judge Torres.  The motion is fully briefed and is ripe for resolution.

20.     On August 12, 2021, Frontier filed a motion to stay the Post-Effective Date Action pending resolution of the Copyright Claimants' Motion to Withdraw the Reference and resolution of the Copyright Claimants' pre-Effective Date claims by the Court (the "Motion to Stay").  The motion is also fully briefed and ripe for resolution.

**D.    Frontier's Refusal to Consent or Object to the Proposed Amendments**

21.    The Copyright Claimants promptly sought to amend the Proofs of Claim as soon as practicable after they discovered that corrections to the lists of works-at-issue were necessary. (Oppenheim Decl. ¶¶ 7–8.)  Prior to filing this Motion to Amend, the Copyright Claimants sought Frontier's consent to amend the Proofs of Claims.  (*Id.* ¶ 8.)  Frontier refused to state whether it would consent or object to the Copyright Claimants' request, indicating that it wanted to delay any decision until the District Court's rulings on the Copyright Claimants' Motion to Withdraw the Reference and Frontier's Motion to Stay, and Frontier.  (*Id.*)

## LEGAL STANDARD

22.    A timely-filed proof of claim may be amended in accordance with Federal Rule of Civil Procedure 15 and Federal Rule of Bankruptcy Procedure 7015.  *Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d. 115, 133 (2d Cir. 2005).  Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require).  Likewise, in a bankruptcy case, "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim."  *In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993).

23.    In considering whether to allow an amendment to a timely-filed proof of claim, courts typically "apply a two-step inquiry."  *In re Residential Capital, LLC*, 513 B.R. 446, 463 (Bankr. S.D.N.Y. 2014) (citing *Midland Cogeneration*, 419 F.3d. at 133).  First, a court must determine whether the party seeking leave to amend timely asserted "a similar claim or demand

evidencing an intention to hold the estate liable." *Id.* (quoting *Midland Cogeneration*, 419 F.3d.

at 133). "In other words, the amendment must relate back to the original proof of claim." *Id.*

24.    Second, if the proposed amendment "relates back" to a timely-filed proof of

claim, the court should "examine each fact within the case and determine whether it would be

equitable to allow the amendment." *In re Integrated Res.*, 157 B.R. at 70.  In considering this

second prong, a court should consider:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of
> the claimant; (3) whether other creditors would receive a windfall were
> the amendment not allowed; (4) whether other claimants might be harmed or
> prejudiced; and (5) the justification for the inability to file the amended claim at
> the time the original claim was filed.

*In re Residential Capital*, 513 B.R. at 464 (quoting *In re Integrated Res.*, 157 B.R. at 70).

However, "[t]he critical consideration is whether the opposing party will be unduly prejudiced by

the amendment." *In re Integrated Res.*, 157 B.R. at 70.

## ARGUMENT

25.    The Copyright Claimants seek to amend Exhibit A to each of the Proofs of Claim

and to update the Proofs of Claim in four ways: (1) to add certain sound recordings; (2) to

remove certain sound recordings; (3) to make typographical corrections, including to track and

artist names, rights holders, and registration numbers, to ensure the accuracy of the works-at-

issue list; and (4) to withdraw the claims asserted by Lava Records LLC.  The proposed

amendments would result in the following changes to the total number of sound recordings and

claimants:[4]

---

[4] The amended works lists are voluminous and have not been attached to this Motion.  They are available from the Copyright Claimants' counsel upon request.  If the Motion is granted, the Copyright Claimants will file conformed proofs of claim with the claims agent.

| | Number of Unique Copyrighted Sound Recordings | | Number of Claimants | |
|---|---|---|---|---|
| | Original Claim | Amended Claim | Original Claim | Amended Claim |
| **Universal Pre-Petition Claim** | 1,652 | 1,572 | 2 | 2 |
| **Administrative Claims** | 6,025 | 6,974 | 26 | 25 |

26.    These proposed amendments are of the type that should be freely granted because the claims were timely asserted with the original proofs of claim and the equities favor the amendments.  While Frontier has not consented to the amendments because it would prefer to defer the amendments until after the District Court rules on the pending Motion to Withdraw, Frontier has not identified any prejudice that it would suffer as a result of the amendments.

I.    **The Amendments Relate Back to the Original Proofs of Claim.**

27.    The proposed amendments should be freely allowed because they "correct[] a defect of form in the original claim," "describe the original claim with greater particularity," and "plead . . . recovery on the facts set forth in the original claim." *In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).  The proposed amendments modify the lists of works-at-issue and do not assert any new claims.  In other words, all works in the amended lists are subject to the original infringement claims.  Thus, the proposed amendments should be allowed because the claims arise from the same operative facts as those alleged in the original proofs of claim.  *See In re Ben Franklin Hotel Assocs.*, 186 F.3d 301, 309 (3d Cir. 1999) (holding that bankruptcy court did not abuse its discretion allowing amendment of claim where "the additional claims for damages and new theory of recovery . . . are based on exactly the same transactions alleged in the original complaint").

## II.    Allowing the Amendments Would Be Equitable.

28.    Of the five equitable factors at issue, "[t]he critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Residential Capital*, 513 B.R. at 70.  The proposed amendments do not prejudice Frontier in any way because they do not add any new claims, creditors, or transactions.  Indeed, when the Copyright Claimants sought consent for the proposed amendments, Frontier saw no need to address the amendments now and asked that any amendment be delayed until the District Court ruled on the motions before it.  The lack of prejudice to Frontier is also demonstrated by the absence of any bar date for pre-petition proofs of claim against Frontier. [5]  Further, none of the objections that Frontier filed to the Universal Pre-Petition Claim and Administrative Claims depended on the identity or number of works-at-issue.  Where, as here, there is no prejudice to other parties, an amendment to a timely filed-proof of claim should be freely allowed.  *Midland Cogeneration*, 419 F.3d. at 133.

29.    For the second and fifth factors, there has been no bad faith or dilatory behavior by the Copyright Claimants and the Copyright Claimants were justified in their inability to file the amended claims at the time the original claims were filed.  In each of the Universal Pre-Petition Claim and Administrative Claims, the Copyright Claimants expressly reserved the right to amend or supplement the proofs of claims.  That reservation of rights reflected an understanding of the complexity involved in identifying works-at-issue and confirming accurate track, claimant, and registration information for those works.  Moreover, there has been no undue

---

[5] While it appears to be contrary to the clear terms of the Plan, in its opposition to the Copyright Claimants' Motion to Withdraw the Reference pending before the District Court, Frontier argued that Administrative Claims Bar Order, in fact, barred nothing and that the Administrative Claims would have remained unimpaired had the Copyright Claimants let the Administrative Claims Bar Date pass. *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05253-AT, ECF No. 8 ¶¶ 25, 51.  Frontier repeated its specious argument in response to the Movie Claimants' withdrawal motion. *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05708, ECF No. 11 ¶ 23 ("[T]he Plan calls for payment of valid postpetition liabilities to general unsecured creditors who did not timely file administrative claims.").

delay.  The Copyright Claimants promptly sought to amend the Proofs of Claim as soon as

practicable after the Copyright Claimants discovered that corrections to the lists of works-at-

issue were necessary.  (Oppenheim Decl. ¶¶ 7–8.)  The bankruptcy proceedings are still in the

early stages, no scheduling order has been issued, and discovery has not begun.  This is also the

first time that the Copyright Claimants have requested leave to amend the Proofs of Claim.

30.     For the third and fourth factors, there is no evidence that the proposed

amendments will affect other creditors or that other claimants might be harmed or prejudiced by

the proposed amendments.  The Plan provides that all unsecured claims will be paid in full.

## WAIVER OF MEMORANDUM

31.     Since the statutory provisions and authorities relied upon in support of this

Motion are set forth herein, the Copyright Claimants respectfully submit that this Motion

satisfies the requirement of Rule 9013-1(a) of the Local Bankruptcy Rules of the Southern

District of New York.

## NO PRIOR REQUEST

32.     No prior request for the relief sought in this Motion has been made to this or any

other Court.

## NOTICE

33.     Notice of this Motion has been given to:  (i) the Debtors; (ii) the United States

Trustee; and (iii) all other parties entitled to notice pursuant to the Final Order Establishing

Certain Notice, Case Management, and Administrative Procedures (ECF No. 390) and the

procedures set forth therein as Exhibit 1.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an order substantially in the form

attached hereto as **Exhibit A** granting the Copyright Claimants (i) leave to amend the Proofs of

Claim and to file the amended Proofs of Claim with the claims agent and (ii) such other and

further relief as the Court deems just and proper.

Dated: White Plains, New York
       September 3, 2021

LUSKIN, STERN & EISLER LLP

By: /s/ Michael Luskin
      Michael Luskin
      Stephan E. Hornung

50 Main Street
White Plains, New York 10606
(212) 597-8200
luskin@lsellp.com
hornung@lsellp.com

- and -

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim
Lucy Grace D. Noyola (*pro hac vice*)
4350 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
(202) 480-2999
matt@oandzlaw.com
lucy@oandzlaw.com