| | |
|---|---|
| Stephen E. Hessler, P.C. | Chad J. Husnick, P.C. |
| Mark McKane, P.C. (admitted *pro hac vice*) | **KIRKLAND & ELLIS LLP** |
| Patrick Venter | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **KIRKLAND & ELLIS LLP** | 300 North LaSalle Street |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Chicago, Illinois 60654 |
| 601 Lexington Avenue | Telephone: (312) 862-2000 |
| New York, New York 10022 | Facsimile: (312) 862-2200 |
| Telephone: (212) 446-4800 | |
| Facsimile: (212) 446-4900 | |

Timothy R. Shannon (admitted *pro hac vice*)
Seth S. Coburn (admitted *pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4232
Facsimile: (857) 488-4201
E-mail: trshannon@duanemorris.com

*Co-Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**REORGANIZED DEBTORS' REPLY**
**TO THE RESPONSE OF INTELLECTUAL VENTURES II LLC**
**TO THE REORGANIZED DEBTORS' OMNIBUS OBJECTION**
**TO CLAIMS ASSERTED BY INTELLECTUAL VENTURES II LLC**

---

[1] Due to the large number of debtor entities in these chapter 11 cases, for which the Court has ordered joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

The above-captioned reorganized debtors (collectively, "Frontier," or before the effective date of their plan of reorganization, the "Debtors," and after the effective date of their plan of reorganization, the "Reorganized Debtors") file this reply (this "Reply") to the *Response of Intellectual Ventures II LLC to the Reorganized Debtors' Omnibus Objection to Claims Asserted by Intellectual Ventures II LLC* [Docket No. 2029] (the "Response") filed by claimant Intellectual Ventures II LLC ("IV") in response to the *Reorganized Debtors' Omnibus Objection to Claims Asserted by Intellectual Ventures II LLC* [Docket No. 2017] (the "Objection").[2]

## Areas of Agreement

While the parties disagree on the merits the IV Claims, they agree regarding the general process the Bankruptcy Court should employ to adjudicate such claims.

Specifically, the Reorganized Debtors have sought the entry of an order providing for the Bankruptcy Court's adjudication of the IV Claims in a consolidated proceeding that bifurcates damages from liability and addresses potential damages first in order to conserve judicial and party resources and resolve the dispute expeditiously. The original Adjudication Schedule attached as Schedule 2 to the form of order attached to the Objection as Exhibit A sets forth a proposed adjudication schedule and discovery limitations. IV has agreed to the overall structure, dates, timing, and process set forth in the Adjudication Schedule. *See generally* Response at 4 (agreeing to overall process, citing small discovery adjustments to the original Adjudication Schedule).

Since the original Objection, the parties have conferred further and agreed to several small modifications of the Adjudication Schedule.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

First, as set forth in the Response, the parties have agreed to adjust two of the discovery limitations set forth in the original Adjudication Schedule: (a) reducing the number of fact witnesses from 4 to 3; and (b) changing the number of interrogatories from 10 to 8. *Id.*

Further, the parties have agreed to adjust the substance of IV's proposed November 22, 2021 "infringement contention" disclosure; the date remains the same. Specifically, the parties agree that IV will provide claim charts from prior litigation—that included the Asserted Patents[3]—that read on the standards not already covered by the charts attached to IV's Proofs of Claim, and for the '275 Patent (the sole patent not previously asserted in the prior litigation), IV will either stipulate that it covers the same portions of the VDSL2 and ADSL2 standards as one or more of the other charted patents or provide charts for the '275 Patent. IV will thus present full set of infringement contentions (or equivalent) for all Asserted Patents across both ITU-T standards. The purpose of these infringement contentions will be to provide notice of which portions of the G.992.3 and G.993.2 standards are allegedly infringed by the Asserted Patents.

Finally, the parties now propose that at the evidentiary hearing, in the interest of efficiency, expert witness direct examinations be submitted to the Bankruptcy Court in writing, while cross-examination and re-direct be conducted live.

The Reorganized Debtors therefore submit a revised proposed adjudication schedule attached to this Reply as **Schedule 1** (the "Revised Adjudication Schedule"), which memorializes

---

[3] As noted in the Omnibus Objection, the IV Claims arise from IV's allegation that Frontier has infringed five patents (U.S. Patent Nos. 6,647,068; 6.798,735; 7,272,171; 7,817,532; and 8,369,275) (collectively, "Asserted Patents"). IV alleges that the relevant patents were standard-essential to the provision of ADSL2 and VDSL2 services. *See, e.g.*, Exemplar Claim at Addendum at 3, ¶ 9 (alleging infringement "through Frontier's use of products implementing particular ITU-T standards"), *id.* at Addendum Ex. A (claim chart comparing individual claims to the general standard, not to Frontier's equipment). That is, IV alleges that any equipment that complied with the industry standards necessarily infringed and Frontier is liable for such infringement. *Id.* Apparently due to page limitations, IV submitted only "exemplary" claim charts setting forth the exact infringement contentions. IV has since represented that the charts are substantially the same as the corresponding claim charts from earlier litigation in other matters, with the exception of the '275 patent, which as not previously asserted.

the areas of agreement between the parties. For convenience, the Reorganized Debtors have attached a redline as **Schedule 2** to this Reply, which shows the changes between the original Adjudication Schedule and the Revised Adjudication Schedule. Pending the Bankruptcy Court's determination on scheduling, the Reorganized Debtors will file a revised form of order adopting the schedule as approved by the Bankruptcy Court.

## Remaining Area of Disagreement

Only one small disagreement remains. Both parties agree—and now propose—that they should each present to the Bankruptcy Court a short, non-argumentative "technology tutorial" presentation (up to 30 minutes each) to educate the Bankruptcy Court on the underlying technology issues (*e.g.* DSL and DSL standards) germane to the case.

The parties only differ on timing and format. The Reorganized Debtors propose presenting the tutorial (a) via counsel and (b) at a status conference in advance of the evidentiary hearing. The Reorganized Debtors believe presentation by counsel will be time-efficient and will allow the Bankruptcy Court to later question experts at the evidentiary hearing on any areas of concern. Presenting the tutorial at a status conference prior to the evidentiary hearing, will also give the Bankruptcy Court time to digest the contents of tutorial in advance of the evidentiary hearing.

IV, by comparison, has proposed that the tutorial be presented by (a) a live witness and (b) at the beginning of the evidentiary hearing.

The parties will be prepared to discuss the relative merits of their positions on this topic at the hearing on November 17, 2021. Given that the tutorial is for the Bankruptcy Court's benefit, the Reorganized Debtors are prepared to proceed as the Bankruptcy Court deems most helpful and appropriate.

Dated: November 16, 2021  /s/ Timothy Shannon
Boston, Massachusetts  Timothy R. Shannon (admitted *pro hac vice*)
Seth S. Coburn (admitted *pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: (857) 488-4232
Facsimile: (857) 488-4201
E-mail: trshannon@duanemorris.com


Stephen E. Hessler, P.C.
Mark McKane, P.C. (admitted *pro hac vice*)
Patrick Venter
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

- and -

Chad J. Husnick, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200


*Co-Counsel to the Reorganized Debtors*

## Schedule 1

**(Revised Adjudication Schedule & Discovery Limitations)**

*Revised Adjudication Schedule*

| Date | Event |
|---|---|
| October 27, 2021 | Frontier's Omnibus Objection to the IV Claims. |
| Nov. 10, 2021 (or the date that is seven days before the hearing on the Objection) | Deadline for IV's Response to Frontier's Omnibus Objection. |
| Nov. 17, 2021 at 10:00 a.m. Prevailing Eastern Time | Initial Hearing to be treated as Status / Scheduling Conference |
| Nov. 22, 2021 | Parties to make initial disclosures of persons likely to have discoverable information, substantially per Fed. R. Civ. P. 26(a)(1) |
| Nov. 22, 2021 | IV to serve infringement contentions for each asserted claim of each Asserted Patent, substantially as asserted in prior litigation plus a stipulation or new charts as to the '275 patent. |
| Dec. 15, 2022 | Mutual disclosure of fact witnesses to provide testimony at trial (with a maximum of 3 fact witnesses per side). |
| Jan. 15, 2022 | Parties shall substantially complete all document production in response to document requests. |
| Feb. 14, 2022 | The parties shall complete all fact discovery, including all fact depositions of any third parties. |
| Feb. 28, 2022 | IV opening damages expert report per Fed.R.Civ.P. 26 |
| Mar. 20, 2022 | Frontier responsive damages expert report per Fed.R.Civ.P. 26 |
| April 6, 2022 | Completion of expert discovery/depositions of IV expert(s) |
| April 15, 2022 | Completion of expert discovery/depositions of Frontier expert(s) |
| April 29, 2022 | Parties to file pretrial briefs, which shall not exceed 25 pages. |
| May 10-11, 2022 | Evidentiary hearing on the IV Claims. |

*Revised Discovery Limitations*

a. Unless otherwise stated herein or elsewhere by the Court, the Federal Rules of Civil procedure shall govern discovery.

b. Unless otherwise agreed by the parties in writing, discovery responses shall be due 14 days after service.

c. Any deposition notice propounded pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to 5 categories with no subparts.

d. For each side, there is a maximum of 5 requests for admission, 10 requests for production of documents, and 8 interrogatories.

e. Documents shall be produced, when not in native format, as single-page TIFFs with standard load file and reasonably available metadata, the parties to work in good faith to resolve any disagreements as to relevant metadata fields.

*Evidentiary Hearing Procedures*

f. Expert direct examinations shall be submitted to the Bankruptcy Court; cross-examination and re-direct shall be conducted live.

g. The parties shall each present a short, non-argumentative technology tutorial (up to 30 minutes each) regarding the underlying technology issues (*e.g.* DSL and DSL standards) in the case, at a time and in a manner to be determined by the Bankruptcy Court.

**Schedule 2**

**(Redline of Revised Adjudication Schedule)**

## Schedule ~~2~~ (1

### (Revised Adjudication Schedule & Discovery Limitations)

*Revised Adjudication Schedule*

| Date | Event |
|---|---|
| October 27, 2021 | Frontier's Omnibus Objection to the IV Claims. |
| Nov. 10, 2021 (or the date that is seven days before the hearing on the Objection)[1] | Deadline for IV's Response to Frontier's Omnibus Objection. |
| Nov. 17, 2021 at 10:00 a.m. Prevailing Eastern Time ~~(or a date and time to be set by the Bankruptcy Court)~~ | Initial Hearing to be treated as Status / Scheduling Conference |
| Nov. 22, 2021 | Parties to make initial disclosures of persons likely to have discoverable information, substantially per Fed. R. Civ. P. 26(a)(1) |
| Nov. 22, 2021 | IV to serve infringement contentions for each asserted claim of each Asserted Patent, ~~in~~ substantially as asserted in prior litigation plus a stipulation or new charts as to the ~~same form and level of detail as in the IV GUC Claims~~ '275 patent. |
| Dec. 15, 2022 | Mutual disclosure of fact witnesses to provide testimony at trial (with a maximum of ~~4~~3 fact witnesses per side). |
| Jan. 15, 2022 | Parties shall substantially complete all document production in response to document requests. |
| Feb. 14, 2022 | The parties shall complete all fact discovery, including all fact depositions of any third parties. |
| Feb. 28, 2022 | IV opening damages expert report per Fed.R.Civ.P. 26 |
| Mar. 20, 2022 | Frontier responsive damages expert report per Fed.R.Civ.P. 26 |
| April 6, 2022 | Completion of expert discovery/depositions of IV expert(s) |
| April 15, 2022 | Completion of expert discovery/depositions of Frontier expert(s) |

---

[1] ~~The Reorganized Debtors reserve their right to file an optional reply to any Response to the Objection, one day before the hearing pursuant to the procedures established in the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 390] and the procedures set forth therein as Exhibit 1.~~

| April 29, 2022 | Parties to file pretrial briefs, which shall not exceed 25 pages. |
| --- | --- |
| May 10-11, 2022 | Evidentiary hearing on the IV Claims. |

*Revised Discovery Limitations*

(a) Unless otherwise stated herein or elsewhere by the Court, the Federal Rules of Civil procedure shall govern discovery.

(b) Unless otherwise agreed by the parties in writing, discovery responses shall be due 14 days after service.

(c) Any deposition notice propounded pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to 5 categories with no subparts.

(d) For each side, there is a maximum of 5 requests for admission, 10 requests for production of documents, and ~~10~~8 interrogatories.

(e) Documents shall be produced, when not in native format, as single-page TIFFs with standard load file and reasonably available metadata, the parties to work in good faith to resolve any disagreements as to relevant metadata fields.

*Evidentiary Hearing Procedures*

(f) Expert direct examinations shall be submitted to the Bankruptcy Court; cross-examination and re-direct shall be conducted live.

(g) The parties shall each present a short, non-argumentative technology tutorial (up to 30 minutes each) regarding the underlying technology issues (*e.g.* DSL and DSL standards) in the case, at a time and in a manner to be determined by the Bankruptcy Court.