

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 20-22476-rdd

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   FRONTIER COMMUNICATIONS CORPORATION,

8

9          Debtor.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                 United States Bankruptcy Court

13                 300 Quarropas Street, Room 248

14                 White Plains, NY 10601

15

16                 November 17, 2021

17                 10:20 AM

18

19

20

21  B E F O R E :

22  HON ROBERT DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO: JUSTIN WALKER

1    HEARING re Notice of Agenda for Hearing to be Held November

2    17, 2021 at 10:00 a.m. (prevailing  Eastern Time)

3    (ECF #2030)

4

5    HEARING re Objection/ Notice of Reorganized Debtors Omnibus

6    Objection to Claims Asserted by  Intellectual Ventures II

7    LLC filed by Stephen Hessler on behalf of Frontier

8    Communications Corporation. (ECF #2017)

9

10   HEARING re Response of Intellectual Ventures II LLC to the

11   Reorganized Debtors' Omnibus Objection  to Claims Asserted

12   by Intellectual Ventures II LLC (related document(s)2017)

13   filed by  David A. Herman on behalf of Intellectual Ventures

14   II LLC. (ECF #2029)

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 3

1   A P P E A R A N C E S :

2

3   KIRKLAND & ELLIS LLP

4         Attorneys for the Debtor

5         601 Lexington Avenue

6         New York, NY 10022

7

8   BY:   STEPHEN HESSLER (TELEPHONICALLY)

9         PATRICK VENTOR (TELEPHONICALLY)

10        MARK E. MCKANE (TELEPHONICALLY)

11        CHARLIE SAAD (TELEPHONICALLY)

12

13  KIRKLAND & ELLIS LLP

14        Attorneys for the Debtor

15        300 N. LaSalle

16        Chicago, IL 60654

17

18  BY:   JOSHUA ROBINSON (TELEPHONICALLY)

19

20

21

22

23

24

25

Page 4

1  DECHERT LLP

2       Attorneys for Intellectual Ventures II LLC

3       1095 Avenue of the Americas

4       New York, NY 10036

5

6  BY:  DAVID A. HERMAN (TELEPHONICALLY)

7       MARTIN BLACK (TELEPHONICALLY)

8

9  DUANE MORRIS

10       Attorneys for the Debtor

11       100 High Street

12       Boston, MA 02110

13

14  BY:  SETH COBURN (TELEPHONICALLY)

15       TIMOTHY R. SHANNON (TELEPHONICALLY)

16

17  ALSO PRESENT TELEPHONICALLY:

18  UDAY GORREPATI

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2          THE COURT:  All right.  The next matter on the

3    calendar is In re:  Frontier Communications Corporation.

4    Based on the agenda submitted by the Debtors' counsel, I

5    think we only have one matter on the calendar for today, and

6    I believe that is solely limited to a pretrial status

7    conference on the Debtors' objection to the general

8    unsecured and administrative expense claims submitted by

9    Intellectual Ventures II, LLC.

10          I've read the objection and the response by

11    Intellectual Ventures, both of which discuss a proposed

12    schedule for adjudicating what I believe the parties have

13    agreed will be the first set of issues pertaining to these

14    two claims which related to the damages underlying the

15    claims as opposed to the merits.

16          So let me ask the parties, if there have been any

17    further updates from the response by what I'll refer to as

18    IV or Intellectual Ventures, which says that the parties are

19    in general agreement on the pretrial timeline, with a couple

20    of limited exceptions with -- which they still are

21    continuing to discuss.

22          MR. ROBINSON:  Yes.  Your Honor, this is Josh

23    Robinson of Kirkland and Ellis for Frontier.  I think that

24    Frontier's outside IP counsel, Mr. Shannon from Duane Morris

25    will handle most of this and all of that is correct.  We did

Page 6

1    file last night (sound drops) parties and there is one

2    (sound drops).

3              THE COURT:  I'm sorry, you're fading in and out,

4    Mr. Robinson.  I couldn't hear any of that.

5              MR. ROBINSON:  Sorry.  Can you hear me, Your

6    Honor?

7              THE COURT:  Yeah, I can hear you now.

8              MR. ROBINSON:  I said, what Your Honor said is

9    correct.  There's alignment on all but one issue and Mr.

10   Shannon from Duane Morris, Frontier's outside counsel, can

11   speak more to that, but we did file a reply with a revised

12   adjudication schedule that encompasses the areas of

13   alignment.  I'm confident that, you know, after this

14   hearing, we'll be able to get a revised agreed order that

15   sets an adjudication schedule, but from my perspective, I

16   wanted to thank IV for their professional courtesies and for

17   their constructive (indiscernible) on the schedule and I'll

18   hand it over to Mr. Shannon from here.

19             THE COURT:  Okay.

20             MR. SHANNON:  Good morning, Your Honor.  Tim

21   Shannon from Duane Morris.  I hope you can hear me clearly.

22   I'm working with a new microphone and camera so --

23             THE COURT:  Yeah.  I can hear you and see you

24   fine.

25             MR. SHANNON:  Terrific.  Your Honor, as Mr.

Page 7

1    Robinson indicated, the parties are in substantial

2    agreement.  In fact, near total agreement about the proposed

3    procedures for adjudicating the IV claims.  With your

4    blessing, I can give you about a two-minute overview and

5    that will highlight the last remaining open issue.  Is that

6    -- would that be useful, Your Honor?

7              THE COURT:  Yeah, that's fine.

8              MR. SHANNON:  Great, thank you.  IV is asserting a

9    set of patent claims that were styled as general unsecured

10   claims on the one hand for prepetition activity and an

11   administrative expense for post-petition activity, but the

12   parties agree, and I hope the Court will be receptive to the

13   idea of essentially addressing them together, basically

14   delineated by time.

15             As the Court indicated, we've also agreed that we

16   bifurcate damages from liability and take damages first.  We

17   think that will be efficient, faster, and will lead to a

18   quick resolution.  Both parties agree to the basic schedule

19   and framework of that idea, and we put in a proposed

20   schedule with our omnibus objection.

21             Since then, the parties have had several

22   conversations and tweaked the proposal in a couple of very

23   small respects, all agreeable to the parties, and I hope

24   agreeable to the Court.  First, we've adjusted two of the

25   discovery limitations so that the number of fact witnesses

Page 8

1   will be reduced from four to three, and we've changed the

2   number of interrogatories from ten to eight -- small,

3   essentially administrative changes to the discovery

4   limitations that I hope the Court will find acceptable.

5            THE COURT:  Those are fine.

6            MR. SHANNON:  Thank you, Your Honor.  Second,

7   we've tweaked IV's obligations with respect to the so-called

8   infringement contentions.  I will confess, I'm unfamiliar

9   with the Court's own experience with patent litigation, but

10  at a very high level, infringement contentions set forth the

11  sort of explanation at a high level at least of how the

12  patent claims allegedly map onto the accused system, which

13  in this case is the standards for the telecommunications.

14           The parties have come up with what we think is a

15  good compromise shorthand whereby IV will essentially reuse

16  some earlier patent claim charts that assert the same

17  theories as they have here.  It spares them some

18  administrative hassle, but it gives us the adequate notice,

19  so as set forth in the reply brief, we've come up with what

20  we think is a good compromise placeholder that allows them

21  to put us on notice without putting them through unnecessary

22  effort or expense.

23           THE COURT:  And is that still going to be by

24  November 22nd, then?

25           MR. SHANNON:  Yes, Your Honor.

Page 9

1          THE COURT:  Okay.

2          MR. SHANNON:  That's the plan.

3          THE COURT:  So now you've agreed on the format for

4    those contentions?

5          MR. SHANNON:  Yes, Your Honor.

6          THE COURT:  Okay.

7          MR. SHANNON:  Third, we've proposed -- we've

8    agreed and are now proposing, based on our conversations

9    since the omnibus objection -- and I would echo Mr.

10   Robinson's appreciation of IV counsel's cooperation and

11   thoughtful engagement -- we proposed that expert

12   examinations be submitted in writing for direct but be

13   conducted live for cross.  That, again, is in the interest

14   of speed and efficiency.  If it's agreeable to Your Honor,

15   the parties are proposing that as well.

16         THE COURT:  That is agreeable.  In fact, I

17   would've required it, and that's what I require for all

18   witness testimony, frankly, is that it be, with respect to

19   witnesses who are under a party's control, by declaration or

20   affidavit with live cross.

21         MR. SHANNON:  Terrific.

22         THE COURT:  You're contemplating an evidentiary

23   hearing, as least so far, in mid-May.  I'm hopeful that

24   we'll all be back here in person then, but I employed that

25   approach even before the pandemic.  Obviously, it's really

Page 10

1    important during -- when you have a remote hearing, but I've

2    employed it throughout my whole time on the bench, so that

3    approach is fine with me.  And the expert report can serve

4    as the declaration.  I just a one-paragraph statement that

5    would be filed with it that would say this would be -- this

6    is my direct testimony, and then attach the declaration -- I

7    mean, the witness report, excuse me, to the declaration.

8            MR. SHANNON:  Terrific.  Thank you, Your Honor.

9    So, with that said, we have reached agreement with IV as to

10   all of the foregoing, that is the overall structure and

11   process, the schedule, the discovery limitations, the

12   disclosure requirements and, with your Court's blessing --

13   with the Court's blessing, the structure of the evidentiary

14   hearing, at least insofar as testimony is concerned.

15           That just leaves one relatively small matter open

16   to the Court to decide this morning, assuming everything

17   else has been agreeable to the Court.  If I may, I'll just

18   flag that for you.

19           The case -- because it's a patent litigation and

20   because it's a technology-based dispute, the parties believe

21   that a short non-argumentative tutorial would be of benefit

22   to the Court.  We had in mind 30 minutes per side to give

23   the Court a sort of (indiscernible) on the technology to get

24   you oriented for purposes of taking in the expert reports

25   and the testimony.

Page 11

1        Where the parties differ -- and I don't want to

2    over-state the difference.  It's just something more

3    pronounced than preference, but it's not the pitched battle,

4    is how we present the tutorial to Your Honor.  Frontier's

5    proposal is that we do so at a status conference a couple

6    weeks before the hearing to give the Court time to digest

7    and it be presented by counsel.  Again, the Court would have

8    the opportunity to query the experts at the actual

9    evidentiary hearing to sanity check anything that the

10   lawyers may have said.

11        The alternative proposal from IV -- and I'll of

12   course defer to them.  I'll just characterize very briefly -

13   - is that the technology tutorial take place at the

14   beginning of the evidentiary hearing and be (sound drops) by

15   live witnesses.  Again, our thought is that (sound drops)

16   benefit from a little bit of advance runway, but this is

17   very much for the Court's benefit and we're mindful of doing

18   what the Court deems helpful, so that's the only open issue.

19   If everything else is agreeable, I think that's all you need

20   to resolve as between the parties this morning.

21        THE COURT:  Okay.  Let me just confirm that with

22   counsel for IV.

23        MR. BLACK:  Thank you, Your Honor.  Martin Black

24   from Dechert for IV.  Let me just, if it'd be okay, take two

25   minutes and give you some background from our perspective.

Page 12

1    So, I've represented IV for many years.  We had a series of

2    cases related to what's called DSL technology, which is the

3    provision of internet service over old style landlines,

4    which is part of Frontier's business.

5           And we had cases against AT&T, CenturyLink, and

6    Windstream, all of which were resolved with license grants.

7    The technology basically involves servers that sit at

8    Frontier and send out internet service to subscribers at

9    home and the (sound drops) patents which are (sound drops)

10   by the service.  All the lawsuits, the prior lawsuits, were

11   resolved.  There was no litigation with Frontier.

12          We filed a claim in bankruptcy court and made an

13   administrative claim seeking patent infringement damages in

14   the -- which is the equivalent to the license that would've

15   been entered into, had litigation gone forward with

16   Frontier.

17          The Debtors come forward now and said they'd like

18   to proceed with damages first, which is interesting, and I

19   think useful.  As a plaintiff, we certainly -- the claimant,

20   we don't disagree with that.  I have a little bit of concern

21   that we get to the end of this process in May and then if

22   the Debtor doesn't like the result that then we have a

23   languid process to get to a final conclusion where we have

24   to litigate all sorts of liability defenses.  I just want to

25   put a stake in the ground there that we're amenable to this

1    process and hope it will result in a resolution, but if it

2    doesn't, we should have in mind a fast track on liability,

3    which is potentially more -- certainly more technically

4    complex.

5            As far as the only issue which is outstanding, the

6    tutorial, it's completely up to Your Honor how you'd like to

7    proceed.  Given that we don't think there's a lot of

8    technology that's going to be involved in setting the

9    damages here, as opposed to economic analysis and damage

10   experts, we're content to do that as part of the overall

11   hearing but if you'd like us to come in a couple weeks

12   before to give you some technical background, have the

13   lawyers do it or witnesses to it, we're completely agnostic

14   as to that.

15           THE COURT:  Okay.  Well, let me just confirm.  The

16   tutorial, how is that intended by the parties to be treated.

17   Is it to be treated as evidence?  Is it to be treated as, in

18   essence, a form of pretrial briefing?  I just want to make

19   sure how they would intend

20           MR. BLACK:  Right.  It's a technique we use in

21   patent litigation.  Actually, started life as a bankruptcy

22   lawyer, so -- but we also have a tutorial for the Court

23   where it's just the lawyers giving you presentations.  It's

24   supposed to be non-argumentative and it's not evidence.

25           THE COURT:  Okay.

Page 14

1          MR. BLACK:  Generally.

2          THE COURT:  And that's your understanding, too,

3     Mr. Shannon?

4          MR. SHANNON:  Yes, Your Honor.  Not evidence and

5     its purpose, from our perspective, we disagree slightly with

6     Intellectual Ventures as to the importance of technology to

7     the damages case.  We think it will be important for the

8     Court to have some context, so to our way of thinking, the

9     tutorial is an opportunity to give you some context which

10    you can then sanity check for evidentiary purposes against

11    the experts, if you have any questions outstanding or if

12    there's any dispute.  We don't imagine one will arise, but

13    it would not be -- we agree it's not evidence.

14         THE COURT:  Okay.  Well, I know there are some

15    judges who are very much aural judges, A-U, aural judges.

16    I'm not.  I like to read things in advance, so I actually

17    would prefer it if you put the tutorial in writing and I --

18    after I read it, I may have questions of the lawyers before

19    the trial, but more likely, I will -- it will just help

20    inform me as the parties intend, better to understand the

21    expert testimony and to put it in context so I'd actually

22    like it in writing and you should -- you could submit it on

23    the timeline that you were proposing for the pretrial oral

24    submission of it, which I think I heard you say would be

25    somewhere like ten days or two weeks before the trial.

Page 15

1          MR. SHANNON:  That's what we had in mind, Your

2     Honor.  We can certainly put in the tutorial in written form

3     at that point, as well, in lieu of aural -- A-U-R-A-L --

4     presentation.

5          THE COURT:  Okay.  All right.  That's fine --

6          MR. SHANNON:  And O-R-A-L for that matter.

7          THE COURT:  And O-R on your end, A-U on my end.

8          MR. SHANNON:  Yeah.

9          THE COURT:  Okay.  Well, that's fine.  That will

10    work find for me.  Now, I know here that you contemplate the

11    trial happening at the start of the second week of May.  I

12    expect all understand that I'm supposed to be retiring at

13    the end of June, so this may be the last gasp for me on the

14    bench, but you need to be sensitive to that because I really

15    don't intend to stick around after June 30th and if you're -

16    - I want to get a sense as to whether these deadlines are

17    real deadlines or not, because if they're not, I think we

18    need to start involving a different judge in the process.

19          If they are hard deadlines, then you know, I could

20    do it because I have a month-and-a-half after the

21    evidentiary hearing.

22          MR. ROBINSON:  Your Honor, from our perspective,

23    these are hard deadlines.  We can meet these deadlines and

24    we are interested in having the matter resolved

25    expeditiously.

Page 16

1             THE COURT:  Okay.  All right.

2             MR. BLACK:  We agree, Your Honor.  There's no

3     reason we can't get this done (indiscernible).

4             THE COURT:  Okay.  And in fact, it may be, as you

5     perceive, you'll get it done before then by agreement, but

6     I'm going to be serious with you, whereas I'm generally

7     quite willing to extend deadlines at the joint request of

8     the parties, this is kind of a different situation.

9             I want to leave time for me to rule and I'm not

10    going to, you know, delay my retirement because of this, so

11    this won't be handled as I sometime -- well, and more than

12    sometimes am prepared to handle requests for extensions, and

13    I think that includes also requests, because the parties are

14    talking settlement.  I think you have to be really far along

15    if you're looking to extend, you know, a trial date with a

16    settlement if that's the reason why you're requesting the

17    extension.

18            So, you can finish documenting the pretrial order

19    and then just email it to chambers and it'll be entered.  In

20    the meantime, you should be operating on the deadlines that

21    you've agreed.

22            MR. ROBINSON:  Thank you, Your Honor.

23            THE COURT:  Okay.

24            MR. SHANNON:  Thank you, Your Honor.

25            THE COURT:  All right.  Thank you.  All right.

Page 17

1    And I'm right that that's the only matter on the Frontier

2    agenda, right?  Yes.  Okay.

3              MR. SHANNON:  That's correct, Your Honor.

4              MR. ROBINSON:  Yes, Your Honor.  Just to confirm,

5    that was the only Frontier matter for Your Honor today.

6              THE COURT:  Okay.  Thank you.

7              (Whereupon these proceedings were concluded at

8    10:38 AM)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 18

1                       C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  November 19, 2021

[& - concern]                                                                    Page 1

**&**

**&**   3:3,13

**0**

**02110**   4:12

**1**

**100**   4:11
**10022**   3:6
**10036**   4:4
**10601**   1:14
**1095**   4:3
**10:00**   2:2
**10:20**   1:17
**10:38**   17:8
**11501**   18:23
**12151**   18:7
**17**   1:16 2:2
**19**   18:25

**2**

**20-22476**   1:3
**2017**   2:8,12
**2021**   1:16 2:2
   18:25
**2029**   2:14
**2030**   2:3
**22nd**   8:24
**248**   1:13

**3**

**30**   10:22
**300**   1:13 3:15
   18:22
**30th**   15:15
**330**   18:21

**6**

**601**   3:5
**60654**   3:16

**a**

**a.m.**   2:2
**able**   6:14
**acceptable**   8:4

**accurate**   18:4
**accused**   8:12
**activity**   7:10,11
**actual**   11:8
**addressing**   7:13
**adequate**   8:18
**adjudicating**   5:12
   7:3
**adjudication**   6:12
   6:15
**adjusted**   7:24
**administrative**
   5:8 7:11 8:3,18
   12:13
**advance**   11:16
   14:16
**affidavit**   9:20
**agenda**   2:1 5:4
   17:2
**agnostic**   13:13
**agree**   7:12,18
   14:13 16:2
**agreeable**   7:23,24
   9:14,16 10:17
   11:19
**agreed**   5:13 6:14
   7:15 9:3,8 16:21
**agreement**   5:19
   7:2,2 10:9 16:5
**alignment**   6:9,13
**allegedly**   8:12
**allows**   8:20
**alternative**   11:11
**amenable**   12:25
**americas**   4:3
**analysis**   13:9
**appreciation**   9:10
**approach**   9:25
   10:3
**areas**   6:12
**argumentative**
   10:21 13:24

**assert**   8:16
**asserted**   2:6,11
**asserting**   7:8
**assuming**   10:16
**at&t**   12:5
**attach**   10:6
**attorneys**   3:4,14
   4:2,10
**aural**   14:15,15
   15:3
**avenue**   3:5 4:3

**b**

**b**   1:21
**back**   9:24
**background**
   11:25 13:12
**bankruptcy**   1:1
   1:12,23 12:12
   13:21
**based**   5:4 9:8
   10:20
**basic**   7:18
**basically**   7:13
   12:7
**battle**   11:3
**beginning**   11:14
**behalf**   2:7,13
**believe**   5:6,12
   10:20
**bench**   10:2 15:14
**benefit**   10:21
   11:16,17
**better**   14:20
**bifurcate**   7:16
**bit**   11:16 12:20
**black**   4:7 11:23
   11:23 13:20 14:1
   16:2
**blessing**   7:4 10:12
   10:13
**boston**   4:12
**brief**   8:19

**briefing**   13:18
**briefly**   11:12
**business**   12:4

**c**

**c**   3:1 5:1 18:1,1
**calendar**   5:3,5
**called**   8:7 12:2
**camera**   6:22
**case**   1:3 8:13
   10:19 14:7
**cases**   12:2,5
**centurylink**   12:5
**certainly**   12:19
   13:3 15:2
**certified**   18:3
**chambers**   16:19
**changed**   8:1
**changes**   8:3
**characterize**
   11:12
**charlie**   3:11
**charts**   8:16
**check**   11:9 14:10
**chicago**   3:16
**claim**   8:16 12:12
   12:13
**claimant**   12:19
**claims**   2:6,11 5:8
   5:14,15 7:3,9,10
   8:12
**clearly**   6:21
**coburn**   4:14
**come**   8:14,19
   12:17 13:11
**communications**
   1:7 2:8 5:3
**completely**   13:6
   13:13
**complex**   13:4
**compromise**   8:15
   8:20
**concern**   12:20

concerned 10:14
concluded 17:7
conclusion 12:23
conducted 9:13
conference 5:7
  11:5
confess 8:8
confident 6:13
confirm 11:21
  13:15 17:4
constructive 6:17
contemplate
  15:10
contemplating
  9:22
content 13:10
contentions 8:8
  8:10 9:4
context 14:8,9,21
continuing 5:21
control 9:19
conversations
  7:22 9:8
cooperation 9:10
corporation 1:7
  2:8 5:3
correct 5:25 6:9
  17:3
counsel 5:4,24
  6:10 11:7,22
counsel's 9:10
country 18:21
couple 5:19 7:22
  11:5 13:11
course 11:12
court 1:1,12 5:2
  6:3,7,19,23 7:7,12
  7:15,24 8:4,5,23
  9:1,3,6,16,22
  10:16,17,22,23
  11:6,7,18,21
  12:12 13:15,22,25
  14:2,8,14 15:5,7,9

16:1,4,23,25 17:6
court's 8:9 10:12
  10:13 11:17
courtesies 6:16
cross 9:13,20

**d**

d 5:1
damage 13:9
damages 5:14
  7:16,16 12:13,18
  13:9 14:7
date 16:15 18:25
david 2:13 4:6
days 14:25
deadlines 15:16
  15:17,19,23,23
  16:7,20
debtor 1:9 3:4,14
  4:10 12:22
debtors 2:5,11 5:4
  5:7 12:17
dechert 4:1 11:24
decide 10:16
declaration 9:19
  10:4,6,7
deems 11:18
defenses 12:24
defer 11:12
delay 16:10
delineated 7:14
differ 11:1
difference 11:2
different 15:18
  16:8
digest 11:6
direct 9:12 10:6
disagree 12:20
  14:5
disclosure 10:12
discovery 7:25 8:3
  10:11
discuss 5:11,21

dispute 10:20
  14:12
district 1:2
document 2:12
documenting
  16:18
doing 11:17
drain 1:22
drops 6:1,2 11:14
  11:15 12:9,9
dsl 12:2
duane 4:9 5:24
  6:10,21

**e**

e 1:21,21 3:1,1,10
  5:1,1 18:1
earlier 8:16
eastern 2:2
ecf 2:3,8,14
echo 9:9
economic 13:9
ecro 1:25
efficiency 9:14
efficient 7:17
effort 8:22
eight 8:2
ellis 3:3,13 5:23
email 16:19
employed 9:24
  10:2
encompasses 6:12
engagement 9:11
entered 12:15
  16:19
equivalent 12:14
essence 13:18
essentially 7:13
  8:3,15
evidence 13:17,24
  14:4,13
evidentiary 9:22
  10:13 11:9,14
  14:10 15:21

examinations
  9:12
exceptions 5:20
excuse 10:7
expect 15:12
expeditiously
  15:25
expense 5:8 7:11
  8:22
experience 8:9
expert 9:11 10:3
  10:24 14:21
experts 11:8
  13:10 14:11
explanation 8:11
extend 16:7,15
extension 16:17
extensions 16:12

**f**

f 1:21 18:1
fact 7:2,25 9:16
  16:4
fading 6:3
far 9:23 13:5
  16:14
fast 13:2
faster 7:17
file 6:1,11
filed 2:7,13 10:5
  12:12
final 12:23
find 8:4 15:10
fine 6:24 7:7 8:5
  10:3 15:5,9
finish 16:18
first 5:13 7:16,24
  12:18
flag 10:18
foregoing 10:10
  18:3
form 13:18 15:2
format 9:3

**forth** 8:10,19
**forward** 12:15,17
**four** 8:1
**framework** 7:19
**frankly** 9:18
**frontier** 1:7 2:7
    5:3,23 12:8,11,16
    17:1,5
**frontier's** 5:24
    6:10 11:4 12:4
**further** 5:17

**g**

**g** 5:1
**gasp** 15:13
**general** 5:7,19 7:9
**generally** 14:1
    16:6
**give** 7:4 10:22
    11:6,25 13:12
    14:9
**given** 13:7
**gives** 8:18
**giving** 13:23
**going** 8:23 13:8
    16:6,10
**good** 6:20 8:15,20
**gorrepati** 4:18
**grants** 12:6
**great** 7:8
**ground** 12:25

**h**

**half** 15:20
**hand** 6:18 7:10
**handle** 5:25 16:12
**handled** 16:11
**happening** 15:11
**hard** 15:19,23
**hassle** 8:18
**hear** 6:4,5,7,21,23
**heard** 14:24
**hearing** 2:1,1,5,10
    6:14 9:23 10:1,14
    11:6,9,14 13:11

15:21
**held** 2:1
**help** 14:19
**helpful** 11:18
**herman** 2:13 4:6
**hessler** 2:7 3:8
**high** 4:11 8:10,11
**highlight** 7:5
**home** 12:9
**hon** 1:22
**honor** 5:22 6:6,8
    6:20,25 7:6 8:6,25
    9:5,14 10:8 11:4
    11:23 13:6 14:4
    15:2,22 16:2,22
    16:24 17:3,4,5
**hope** 6:21 7:12,23
    8:4 13:1
**hopeful** 9:23
**hyde** 2:25 18:3,8

**i**

**idea** 7:13,19
**ii** 2:6,10,12,14 4:2
    5:9
**il** 3:16
**imagine** 14:12
**importance** 14:6
**important** 10:1
    14:7
**includes** 16:13
**indicated** 7:1,15
**indiscernible** 6:17
    10:23 16:3
**inform** 14:20
**infringement** 8:8
    8:10 12:13
**insofar** 10:14
**intellectual** 2:6,10
    2:12,13 4:2 5:9,11
    5:18 14:6
**intend** 13:19
    14:20 15:15

**intended** 13:16
**interest** 9:13
**interested** 15:24
**interesting** 12:18
**internet** 12:3,8
**interrogatories**
    8:2
**involved** 13:8
**involves** 12:7
**involving** 15:18
**ip** 5:24
**issue** 6:9 7:5
    11:18 13:5
**issues** 5:13
**it'd** 11:24
**it'll** 16:19
**iv** 5:18 6:16 7:3,8
    8:15 9:10 10:9
    11:11,22,24 12:1
**iv's** 8:7

**j**

**joint** 16:7
**josh** 5:22
**joshua** 3:18
**judge** 1:23 15:18
**judges** 14:15,15
    14:15
**june** 15:13,15
**justin** 1:25

**k**

**kind** 16:8
**kirkland** 3:3,13
    5:23
**know** 6:13 14:14
    15:10,19 16:10,15

**l**

**l** 15:3,6
**landlines** 12:3
**languid** 12:23
**lasalle** 3:15
**lawsuits** 12:10,10

**lawyer** 13:22
**lawyers** 11:10
    13:13,23 14:18
**lead** 7:17
**leave** 16:9
**leaves** 10:15
**ledanski** 2:25 18:3
    18:8
**legal** 18:20
**level** 8:10,11
**lexington** 3:5
**liability** 7:16
    12:24 13:2
**license** 12:6,14
**lieu** 15:3
**life** 13:21
**limitations** 7:25
    8:4 10:11
**limited** 5:6,20
**litigate** 12:24
**litigation** 8:9
    10:19 12:11,15
    13:21
**little** 11:16 12:20
**live** 9:13,20 11:15
**llc** 2:7,10,12,14
    4:2 5:9
**llp** 3:3,13 4:1
**looking** 16:15
**lot** 13:7

**m**

**ma** 4:12
**map** 8:12
**mark** 3:10
**martin** 4:7 11:23
**matter** 1:5 5:2,5
    10:15 15:6,24
    17:1,5
**mckane** 3:10
**mean** 10:7
**meet** 15:23
**merits** 5:15

microphone   6:22
mid   9:23
mind   10:22 13:2
    15:1
mindful   11:17
mineola   18:23
minute   7:4
minutes   10:22
    11:25
month   15:20
morning   6:20
    10:16 11:20
morris   4:9 5:24
    6:10,21

n

n   3:1,15 5:1 18:1
near   7:2
need   11:19 15:14
    15:18
new   1:2 3:6 4:4
    6:22
night   6:1
non   10:21 13:24
notice   2:1,5 8:18
    8:21
november   1:16
    2:1 8:24 18:25
number   7:25 8:2
ny   1:14 3:6 4:4
    18:23

o

o   1:21 5:1 15:6,7
    18:1
objection   2:5,6,11
    5:7,10 7:20 9:9
obligations   8:7
obviously   9:25
okay   6:19 9:1,6
    11:21,24 13:15,25
    14:14 15:5,9 16:1
    16:4,23 17:2,6
old   12:3 18:21

omnibus   2:5,11
    7:20 9:9
open   7:5 10:15
    11:18
operating   16:20
opportunity   11:8
    14:9
opposed   5:15 13:9
oral   14:23
order   6:14 16:18
oriented   10:24
outside   5:24 6:10
outstanding   13:5
    14:11
overall   10:10
    13:10
overview   7:4

p

p   3:1,1 5:1
pandemic   9:25
paragraph   10:4
part   12:4 13:10
parties   5:12,16,18
    6:1 7:1,12,18,21
    7:23 8:14 9:15
    10:20 11:1,20
    13:16 14:20 16:8
    16:13
party's   9:19
patent   7:9 8:9,12
    8:16 10:19 12:13
    13:21
patents   12:9
patrick   3:9
perceive   16:5
person   9:24
perspective   6:15
    11:25 14:5 15:22
pertaining   5:13
petition   7:11
pitched   11:3
place   11:13

placeholder   8:20
plains   1:14
plaintiff   12:19
plan   9:2
point   15:3
post   7:11
potentially   13:3
prefer   14:17
preference   11:3
prepared   16:12
prepetition   7:10
present   4:17 11:4
presentation   15:4
presentations
    13:23
presented   11:7
pretrial   5:6,19
    13:18 14:23 16:18
prevailing   2:2
prior   12:10
procedures   7:3
proceed   12:18
    13:7
proceedings   17:7
    18:4
process   10:11
    12:21,23 13:1
    15:18
professional   6:16
pronounced   11:3
proposal   7:22
    11:5,11
proposed   5:11 7:2
    7:19 9:7,11
proposing   9:8,15
    14:23
provision   12:3
purpose   14:5
purposes   10:24
    14:10
put   7:19 8:21
    12:25 14:17,21
    15:2

putting   8:21

q

quarropas   1:13
query   11:8
questions   14:11
    14:18
quick   7:18
quite   16:7

r

r   1:21 3:1 4:15 5:1
    15:3,6,7 18:1
rdd   1:3
reached   10:9
read   5:10 14:16
    14:18
real   15:17
really   9:25 15:14
    16:14
reason   16:3,16
receptive   7:12
record   18:4
reduced   8:1
refer   5:17
related   2:12 5:14
    12:2
relatively   10:15
remaining   7:5
remote   10:1
reorganized   2:5
    2:11
reply   6:11 8:19
report   10:3,7
reports   10:24
represented   12:1
request   16:7
requesting   16:16
requests   16:12,13
require   9:17
required   9:17
requirements
    10:12
resolution   7:18
    13:1

[resolve - understand]                                                                    Page 5

resolve  11:20
resolved  12:6,11
  15:24
respect  8:7 9:18
respects  7:23
response  2:10
  5:10,17
result  12:22 13:1
retirement  16:10
retiring  15:12
reuse  8:15
revised  6:11,14
right  5:2 13:20
  15:5 16:1,25,25
  17:1,2
road  18:21
robert  1:22
robinson  3:18
  5:22,23 6:4,5,8
  7:1 15:22 16:22
  17:4
robinson's  9:10
room  1:13
rule  16:9
runway  11:16

s

s  2:12 3:1 5:1
saad  3:11
sanity  11:9 14:10
says  5:18
schedule  5:12
  6:12,15,17 7:18
  7:20 10:11
second  8:6 15:11
see  6:23
seeking  12:13
send  12:8
sense  15:16
sensitive  15:14
series  12:1
serious  16:6
serve  10:3

servers  12:7
service  12:3,8,10
set  5:13 7:9 8:10
  8:19
seth  4:14
sets  6:15
setting  13:8
settlement  16:14
  16:16
shannon  4:15
  5:24 6:10,18,20
  6:21,25 7:8 8:6,25
  9:2,5,7,21 10:8
  14:3,4 15:1,6,8
  16:24 17:3
short  10:21
shorthand  8:15
side  10:22
signature  18:7
sit  12:7
situation  16:8
slightly  14:5
small  7:23 8:2
  10:15
solely  5:6
solutions  18:20
sonya  2:25 18:3,8
sorry  6:3,5
sort  8:11 10:23
sorts  12:24
sound  6:1,2 11:14
  11:15 12:9,9
southern  1:2
spares  8:17
speak  6:11
speed  9:14
stake  12:25
standards  8:13
start  15:11,18
started  13:21
state  11:2
statement  10:4

states  1:1,12
status  5:6 11:5
stephen  2:7 3:8
stick  15:15
street  1:13 4:11
structure  10:10
  10:13
style  12:3
styled  7:9
submission  14:24
submit  14:22
submitted  5:4,8
  9:12
subscribers  12:8
substantial  7:1
suite  18:22
supposed  13:24
  15:12
sure  13:19
system  8:12

t

t  18:1,1
take  7:16 11:13
  11:24
talking  16:14
technical  13:12
technically  13:3
technique  13:20
technology  10:20
  10:23 11:13 12:2
  12:7 13:8 14:6
telecommunicat...
  8:13
telephonically  3:8
  3:9,10,11,18 4:6,7
  4:14,15,17
ten  8:2 14:25
terrific  6:25 9:21
  10:8
testimony  9:18
  10:6,14,25 14:21
thank  6:16 7:8 8:6
  10:8 11:23 16:22

16:24,25 17:6
theories  8:17
things  14:16
think  5:5,23 7:17
  8:14,20 11:19
  12:19 13:7 14:7
  14:24 15:17 16:13
  16:14
thinking  14:8
third  9:7
thought  11:15
thoughtful  9:11
three  8:1
tim  6:20
time  2:2 7:14 10:2
  11:6 16:9
timeline  5:19
  14:23
timothy  4:15
today  5:5 17:5
total  7:2
track  13:2
transcribed  2:25
transcript  18:4
treated  13:16,17
  13:17
trial  14:19,25
  15:11 16:15
true  18:4
tutorial  10:21
  11:4,13 13:6,16
  13:22 14:9,17
  15:2
tweaked  7:22 8:7
two  5:14 7:4,24
  11:24 14:25

u

u  14:15 15:3,7
u.s.  1:23
uday  4:18
underlying  5:14
understand  14:20
  15:12

| understanding | y |
|---|---|
| 14:2 | **yeah**   6:7,23 7:7 |
| **unfamiliar**   8:8 | 15:8 |
| **united**   1:1,12 | **years**   12:1 |
| **unnecessary**   8:21 | **york**   1:2 3:6 4:4 |
| **unsecured**   5:8 7:9 | |
| **updates**   5:17 | |
| **use**   13:20 | |
| **useful**   7:6 12:19 | |

**v**

**ventor**   3:9
**ventures**   2:6,10
2:12,13 4:2 5:9,11
5:18 14:6
**veritext**   18:20

**w**

**walker**   1:25
**want**   11:1 12:24
13:18 15:16 16:9
**wanted**   6:16
**way**   14:8
**we've**   7:15,24 8:1
8:7,19 9:7,7
**week**   15:11
**weeks**   11:6 13:11
14:25
**white**   1:14
**willing**   16:7
**windstream**   12:6
**witness**   9:18 10:7
**witnesses**   7:25
9:19 11:15 13:13
**work**   15:10
**working**   6:22
**would've**   9:17
12:14
**writing**   9:12
14:17,22
**written**   15:2

**x**

**x**   1:4,10