Stephen E. Hessler, P.C.
Mark McKane, P.C. (admitted *pro hac vice*)
Patrick Venter
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900

Chad J. Husnick, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200

Rubén Castillo (admitted *pro hac vice*)
Massimo F. D'Angelo
Ildefonso Mas (admitted *pro hac vice*)
**AKERMAN LLP**
71 South Wacker Drive
47th Floor
Chicago, Illinois 60606
Telephone:  (312) 634-5700

Timothy R. Shannon (admitted *pro hac vice*)
Seth S. Coburn (admitted *pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, Massachusetts 02110
Telephone:     (857) 488-4200
Facsimile:       (857) 488-4201

*Co-Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 20-22476 (MG) |
| FRONTIER COMMUNICATIONS | ) |
| CORPORATION, *et al.*,[1] | ) Judge Martin Glenn |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

**CASE STATUS REPORT**

---

[1] The Reorganized Debtors with open cases remaining in these chapter 11 cases (along with the last four digits of their federal tax identification numbers) are Frontier Communications Corporation (9596) and Frontier Southwest Incorporated (3444).  Additional information about the Reorganized Debtors may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr.  The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is:  401 Merritt 7, Norwalk, Connecticut 06851.

The above-captioned reorganized debtors (the "Reorganized Debtors" or "Reorganized Frontier")[2] provide the following status report, as directed by the *Order Setting Case Management and Scheduling Conference* [Docket No. 2081].[3]

## Chapter 11 Overview

On August 27, 2020, the Bankruptcy Court entered an order[4] confirming the *Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 984] (the "Plan"). The Plan effectuated a debt-for-equity reorganization whereby Reorganized Frontier reduced its total debt by approximately $11 billion and annual interest expense by approximately $1 billion and left general unsecured claimants unimpaired.

On April 30, 2021, after the then-debtors received various state and federal regulatory approvals, the effective date of the Plan occurred. On September 28, 2021, the Bankruptcy Court issued the *Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 1995], closing all of the Reorganized Debtors' chapter 11 cases except for those of Frontier Communications Corporation, the parent company, and Frontier Southwest Incorporated, one of its indirect subsidiaries.[5]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, as defined herein.

[3] Citations to "Docket No." refer to filings in the Bankruptcy Court's docket unless otherwise specified.

[4] *See Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of The Bankruptcy Code* [Docket No. 1005].

[5] The chapter 11 case of Frontier Southwest Incorporated remains open pending the resolution of a cure-related dispute currently being adjudicated in Brazos County (Texas) District Court, pursuant to a ruling by Judge Drain on March 11, 2022. *See City of Bryan, Texas v. Frontier Southwest, Inc.*, Case No. 21-001389-CV-361 (Brazos County, Texas District Court).

Reorganized Frontier is a publicly traded going concern. It provides telecommunication services in 25 states. The common shares of Reorganized Frontier trade on the NASDAQ under the ticker symbol "FYBR."

## **Pending Matters**

The Reorganized Debtors are aware of only three pending matters on which they may seek to request relief from this Court:[6]

***First***, on April 25, 2022, the Reorganized Debtors filed the *Reorganized Debtors' Second Motion for Entry of an Order Extending the Claims Objection Deadline* [Docket No. 2072] on presentment, which motion seeks entry of an order extending the deadline for objecting to Claims against the Debtors with respect to all Claims (other than Professional Fee Claims) for an additional 180 days, through Monday, October 24, 2022, to allow the Reorganized Debtors to complete the reconciliation of one outstanding claim and to confirm that no additional claims require reconciliation. The outstanding claim concerns a dispute as to the appropriate cure payment due in connection with the Reorganized Debtors' assumption of a pole attachment agreement with SBA Network Services, LLC and its affiliates. While the Remaining Debtors and the holder of the Outstanding Claim have resolved a number of important issues, negotiations to resolve certain additional issues are continuing in the ordinary course of business. No formal or informal objections were received to the extension motion by the May 7, 2022 objection deadline, and the Reorganized Debtors will file a certificate of no objection in advance of the case management conference.

***Second***, also pending are disputed claims alleging copyright infringement raised by certain record company claimants (the "Record Companies") and movie company claimants (the "Movie

---

[6] There are no pending matters regarding estate professional fees and none are anticipated.

3

Companies," collectively with the Record Companies, the "Copyright Claimants"), for which the Reorganized Debtors have requested an adjudication schedule.[7]

On June 8, 2021, the Record Companies filed a complaint commencing an action in the U.S. District Court for the Southern District of New York (the "District Court")[8] premised on the same theories underlying the proofs of claim the Record Companies filed in the Bankruptcy Court.[9] They and the Movie Companies also filed motions to withdraw the Bankruptcy Court's reference with respect to their general unsecured and administrative claims.[10] These motions have been fully briefed in the District Court since July 18, 2021. On August 12, 2021, the Reorganized Debtors filed a motion to stay[11] the Record Companies' District Court lawsuit pending resolution of the motions to withdraw the Bankruptcy Court's reference, and on February 25, 2022, the District Court granted the motion to stay.[12] The District Court ruled that the lawsuit filed in the District Court is stayed pending the District Court's decision on the motions to withdraw the Bankruptcy Court's reference.

On September 3, 2021, the Record Companies filed a motion to amend their administrative claims in the Bankruptcy Court after the Administrative Claims Bar Date based on a stated need "(1) to add certain sound recordings; (2) to remove certain sound recordings; (3) to make

---

[7] Akerman LLP is counsel for the Reorganized Debtors on this contested matter.

[8] Citations to "UMG AP Docket No." refer to filings in *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 21-cv-5050-AT (S.D.N.Y.).

[9] UMG AP Docket No. 1.

[10] *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 21-cv-5253-AT (S.D.N.Y.), Dkt. No. 1; *Voltage Holdings, LLC v. Frontier Communications Corporation*, Case No. 21-cv-5708-AT (S.D.N.Y.), Dkt. No. 1.

[11] UMG AP Docket No. 31.

[12] UMG AP Docket No. 39.

typographical corrections, including to track and artist names, rights holders, and registration numbers, to ensure the accuracy of the works-at-issue list; and (4) to withdraw the claims asserted by Lava Records LLC."[13] The Record Companies asked the Bankruptcy Court to relate these amendments back to before the Administrative Claims Bar Date, which the Reorganized Debtors opposed.

On November 8, 2021, the Bankruptcy Court granted the motion to amend but entered an order finding that it "makes no decision at this time as to whether the amendments authorized hereunder relate back pursuant to Federal Rule of Civil Procedure 15(c) and Federal Rule of Bankruptcy Procedure 7015 or whether any administrative claims, as amended, were timely filed on or before the Administrative Claims Bar Date."[14] On December 8, 2021, the Record Companies filed a supplemental brief in support of their motion to amend their proofs of claim.[15] On December 20, 2021, the Reorganized Debtors opposed the Record Companies' Supplemental Brief.[16] The Record Companies' motion to relate back their additional claims has been fully briefed since January 14, 2022.[17]

**Third**, as the Bankruptcy Court noted, there are also pending certain disputed patent infringement claims brought by claimant Intellectual Ventures II LLC ("IV").[18]

---

[13] *See* Docket No. 1977.

[14] *See* Docket No. 2026.

[15] *See* Docket No. 2038.

[16] *See* Docket No. 2047.

[17] *See* Docket No. 2053.

[18] Duane Morris LLP is counsel for the Reorganized Debtors on this contested matter.

Between August, 18, 2020, and August 25, 2020, IV—a patent assertion entity—filed identical Proofs of Claim against each of the Debtors asserting that the Debtors had infringed five U.S. patents generally directed to "DSL" technology.[19] On June 1, 2021, following Frontier's emergence from chapter 11, IV filed a *Request for Payment of Administrative Expense for Post-Petition Infringement* [Docket No. 1880] on the same patent-infringement theories. IV and the Reorganized Debtors agreed to address (i) the pre-petition and post-petition claims together (essentially as one patent case); and (ii) to bifurcate damages issues from the remainder of the case and address them first. On November 29, 2021, the Bankruptcy Court entered a *Pre-Trial Order Establishing an Adjudication Schedule* [Docket No. 2037] creating a schedule for the damages phase of the case. The parties followed the schedule and on April 29, 2022, filed their respective *Pre-Trial Briefs*, each with a request to be placed under seal.[20]

On May 3, 2022, the chapter 11 cases and all pending matters were transferred to Chief Judge Martin Glenn. The evidentiary hearing regarding the damages aspects of the dispute, scheduled for May 10–11, was stayed.[21] The parties have been conferring on their respective availability for new hearing dates. The parties also presently have disputes concerning the proposed format of the new hearing (*e.g.*, in-person v. remote/Zoom, written directs v. live directs) as well as the scope of issues to be heard.[22] Further, the Reorganized Debtors intend to seek relief from the Court regarding the issues set forth in Ex. 1 to the Reorganized Debtors' Pretrial Brief.

---

[19] *See generally Reorganized Debtors' Omnibus Objection* [Docket No. 2017] at 5–8 (overview of claims and procedural posture).

[20] *See* Docket Nos. 2075, 2077.

[21] *See generally Order Setting Case Management and Scheduling Conference* [Docket No. 2081].

[22] *See generally* Reorganized Debtor's *Pre-Trial Brief* [Docket No. 2077, Ex. 1] at 1, 19–25 and IV's *Pre-Trial Brief* [Docket No. 2075, Ex. B] at 21–22.

6

Counsel from Kirkland & Ellis LLP, Akerman LLP, and Duane Morris LLP will be present at the status conference scheduled for 2 p.m. (prevailing Eastern Time) on Wednesday, May 11, 2022, to answer any questions the Bankruptcy Court may have regarding the foregoing issues or the Reorganized Debtors chapter 11 cases.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: May 9, 2022<br>New York, New York | /s/ Stephen E. Hessler<br>Stephen E. Hessler, P.C.<br>Mark McKane, P.C. (admitted *pro hac vice*)<br>Patrick Venter<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>Chad J. Husnick, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>- and -<br><br>Rubén Castillo (admitted *pro hac vice*)<br>Massimo F. D'Angelo<br>Ildefonso Mas (admitted *pro hac vice*)<br>**AKERMAN LLP**<br>71 South Wacker Drive<br>47th Floor<br>Chicago, Illinois 60606<br>Telephone:   (312) 634-5700<br>Facsimile:    (312) 424-1900<br><br>- and -<br><br>Timothy R. Shannon (admitted *pro hac vice*)<br>Seth S. Coburn (admitted *pro hac vice*)<br>**DUANE MORRIS LLP**<br>100 High Street, Suite 2400<br>Boston, Massachusetts 02110<br>Telephone:   (857) 488-4200<br>Facsimile:    (857) 488-4201<br><br>*Co-Counsel to the Reorganized Debtors* |