**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 20-22476 (MG) |
| FRONTIER COMMUNICATIONS ) | |
| CORPORATION *et al.*, ) | Judge Martin Glenn |
| ) | |
| Reorganized Debtors. ) | (Jointly Administered) |
| ) | |

### ORDER SETTING DEADLINE OF 5:00 P.M., MAY 26, 2022, FOR PARTIES TO PROPOSE MODIFICATIONS TO REDACTED PRE-TRIAL BRIEFS

At the case management conference on May 11, 2022, the Court briefly addressed the pending motions to redact the parties' pretrial briefs. Both sides have filed motions seeking approval of the filing of redacted briefs. The Court stated its preliminary view that the proposed redactions are too much broad and not permitted or required by section 107(b) of the Bankruptcy Code. Counsel explained that many of the redactions were made because of confidentiality provisions in agreements with other parties that prohibit public disclosure absent orders of a court. Rather than rule on the motions at the time of the May 11 hearing, the Court permitted the parties, in the first instance, to review the proposed redactions and to seek to agree on substantially narrowed redactions.

The Court now sets a deadline of 5:00 p.m., May 26, 2022, for the parties to submit new proposed redacted pre-trial briefs, with separate memoranda not to exceed 10 pages in length supporting the proposed redactions. After receiving the revised proposed redacted briefs and the separate memoranda supporting the redactions, the Court will rule without further hearing unless it specifically concludes that a hearing is needed.

The Court's guiding principle is that the trial of this matter will be a public trial, and that all evidence and arguments in support of and in opposition to the requested relief should be part

of the public record in this case.  It appears to the Court that all or most of the current redactions do not meet the standards set forth in section 107(b) of the Bankruptcy Code—in other words, the information does not meet the requirements to be "a trade secret or confidential research, development, or commercial information."  Where the parties' experts rely on other patent licenses and royalty rates in support of and in opposition to their testimony regarding the proper damages in this case, the Court believes that public disclosure of the evidence upon which the experts rely should be part of the public record.

But the Court will not resolve the issues until receiving the parties' further submissions.

**IT IS SO ORDERED.**

Dated:      May 19, 2022
            New York, New York

_Martin Glenn_
MARTIN GLENN
Chief United States Bankruptcy Judge