**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FRONTIER COMMUNICATIONS ) | Case No. 20-22476 (MG) |
| CORPORATION, *et al.*, ) | |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |

**ORDER SUSPENDING THE 5:00 P.M., JUNE 3, 2022, DEADLINE FOR**
**FILING UNREDACTED TRIAL BRIEFS**

Counsel for Intellectual Ventures II LLC ("IV") filed an emergency motion seeking reconsideration of the June 1, 2022, Order denying the motions to file unredacted pre-trial briefs under seal. ("Emergency Motion," ECF Doc. ## 2101, 2102.) Pending the Court's consideration of the Emergency Motion, the 5:00 p.m., June 3, 2022, deadline for counsel for IV and for Frontier Communications to file the unredacted pre-trial briefs is suspended pending further order of the Court. (In other words, counsel for IV and for Frontier Communications shall **not** file unredacted briefs pending further order of the Court.)

The Court's May 19, 2022, Order provided, in part, that "[r]ather than rule on the motions at the time of the May 11 hearing, the Court permitted the parties, in the first instance, to review the proposed redactions and to seek to agree on substantially narrowed redactions." The Court set a deadline of 5:00 p.m., May 26, 2022, for the parties to submit new proposed redacted pre-trial briefs, with separate memoranda not to exceed 10 pages in length supporting the proposed redactions. (*See* ECF Doc. # 2097.) IV's counsel claims that through some "technical glitch," it did not see the May 19, 2022, Order. Perhaps (or perhaps not).

It seems apparent to the Court that counsel for IV and for Frontier Communications did not "seek to agree on substantially narrowed redactions" in advance of the May 26, 2022,

1

deadline. In order to "seek to agree on substantially narrowed redactions," communications *between* counsel was required.

Before ruling on the Emergency Motion, the Court directs counsel for Frontier Communications to file a response to the Emergency Motion on or before 5:00 p.m., June 6, 2022, including a declaration from counsel whether they saw the May 19, 2022, Order, and whether (and when) counsel made any effort to discuss proposed redactions with IV's counsel.

Let me emphasize, the Court expects compliance with its orders, but the Court also emphasizes this is not a game of gotcha.

Perhaps counsel can find a new spirit of courtesy and cooperation; they will undoubtedly need it if this matter is not resolved consensually and proceeds to an evidentiary hearing. If counsel can agree on new proposed redacted pre-trial briefs, the parties shall submit the proposed redacted briefs to the Court by 5:00 p.m., June 6, 2022, with separate memoranda not to exceed 10 pages in length supporting the proposed redactions. (The Court has copies of the unreacted pre-trial briefs, so the Court does not need additional copies of those documents.)

For now, at least, the Court reserves ruling on the Emergency Motion.

**IT IS SO ORDERED.**

Dated:    June 2, 2022
          New York, New York

                                        *Martin Glenn*
                                        MARTIN GLENN
                                        Chief United States Bankruptcy Judge