**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ | X | **FOR PUBLICATION** |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| FRONTIER COMMUNICATIONS | : | Case No. 20-22476 (MG) |
| CORPORATION, *et al.*, | : | |
| | : | |
| Reorganized Debtors. | : | Jointly Administered |
| | : | |
| ------------------------------------------------------------ | X | |

## MEMORANDUM OPINION AND ORDER DETERMINING THAT AMENDED CLAIMS RELATE BACK

*A P P E A R A N C E S :*

LUSKIN, STERN & EISLER LLP
*Counsel for the Copyright Claimants*
50 Main Street
White Plains, NY 10606
By:    Michael Luskin, Esq.
       Stephen E. Hornung, Esq.


              and


OPPENHEIM + ZEBRAK, LLP
*Counsel for the Copyright Claimants*
4350 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
By:    Matthew J. Oppenheim, Esq.
       Alex Kaplan, Esq.
       Carly A. Kessler, Esq.

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
*Co-Counsel for the Reorganized Debtors*
601 Lexington Avenue
New York, New York 10022
By:    Stephen E. Hessler, Esq.
       Mark McKane, Esq.
       Patrick Venter, Esq.
              and
300 North LaSalle Street
Chicago, Ill. 60654
By:    Chad Husnick, Esq.


              and

ACKERMAN LLP
*Co-Counsel for the Reorganized Debtors*
71 South Wacker Drive
Chicago, Ill. 60606
By:    Ruben Castillo, Esq.
       Massimo D'Angelo, Esq.
       Ildefonso Mas, Esq.


              and


Wiley Rein LLP
*Co-Counsel for the Reorganized Debtors*
1176 K Street NW
Washington, DC 20006
By:    David Weslow, Esq.
       Ari Meltzer, Esq.
       David Weslow, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

On November 8, 2021, Judge Drain entered the *Order Authorizing Copyright Claimants*

*to File Amended Proofs of Claim* ("November 8 Order," ECF Doc. # 2026), which granted the

Copyright Claimants'[1] motion ("Motion," ECF Doc. # 1977) and authorized them to amend

Exhibit A (the "Amendments") to each of the Proofs of Claim (as defined below).  The

November 8 Order stated that the Court made no decision whether the Amendments related back

pursuant to Rule 15(c) of the Federal Rules of Civil Procedure ("FRCP") and Rule 7015 of the

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") or whether any administrative

claims, as amended, were timely filed on or before the Administrative Claims Bar Date (as

defined below).  (November 8 Order ¶ 4.)  Following entry of the November 8 Order, the

---

[1]    The "Copyright Claimants" are the following parties: UMG Recordings, Inc., Capitol Records, LLC, and ABKCO Music & Records, Inc. (collectively, the "Universal Claimants"), Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, L.L.C., and Zomba Recording LLC (collectively, the "Sony Claimants"), and Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner Records Inc. (collectively, the "Warner Claimants").

Copyright Claimants filed (i) a supplemental brief ("Supplemental Brief," ECF Doc. # 2038)

requesting that the Court find that the Amendments relate back under FRCP 15(c) and

Bankruptcy Rule 7015 to the timely filed Proofs of Claim, and (ii) a declaration of Matthew J.

Oppenheim ("Oppenheim Decl.," ECF Doc. # 2039).   The reorganized debtors (collectively,

"Frontier," or, prior to the effective date of their Chapter 11 plan of reorganization, the

"Debtors," and after the effective date of their Chapter 11 plan of reorganization, the

"Reorganized Debtors") filed a response in opposition to the Supplemental Brief ("Opposition,"

ECF Doc. # 2047), and the Copyright Claimants then filed a reply brief in response to the

Opposition ("Reply," ECF Doc. # 2053).   On May 3, 2022, the Clerk of the Court reassigned the

Reorganized Debtors' cases to me.   (ECF Doc. # 2079.)

For the reasons discussed below, the Court **GRANTS** the Motion and **FINDS** that the

Amendments relate back under FRCP 15(c) and Bankruptcy Rule 7015 to the timely filed Proofs

of Claim.   Alternatively, the Court **FINDS** that excusable neglect exists permitting the filing of

the Amendments to the Proofs of Claim.

## I.   <u>BACKGROUND</u>

### A.   The Proofs of Claim

On April 14, 2020, the Debtors each filed a voluntary petition for relief under Chapter 11

of the Bankruptcy Code in this Court.   (Motion ¶ 7.)   On August 27, 2020, the Court confirmed

the Debtors' Chapter 11 plan of reorganization ("Plan," ECF Doc. # 1005-1) and entered an order

confirming the Plan (the "Confirmation Order," ECF Doc. # 1005).   (Motion ¶ 8.)   The Plan

provides that all unsecured claims will be paid in full, and claimants may litigate their claims in

courts other than this Court.   (*Id.* (citing Plan, Art. VII.A, at 74–75 and Confirmation Order ¶¶

99, 104).)   With respect to amendments to proofs of claim, the Plan provides as follows:

> On or after the Effective Date, except as provided in the Plan or the
> Confirmation Order, a Proof of Claim or Proof of Interest may not
> be Filed or amended without the prior authorization of the
> Bankruptcy Court or the Reorganized Debtors, and any such new or
> amended Proof of Claim or Proof of Interest Filed shall be deemed
> disallowed in full and expunged without any further action, order, or
> approval of the Bankruptcy Court.

(Plan, Art. VII.I, at 77.)

On April 30, 2021, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II)*

*Occurrence of Effective Date, and (III) Related Bar Dates*, which provided notice that the

effective date of the Plan had occurred on April 30, 2021 (the "Effective Date") and that the bar

date for filing administrative proofs of claim, other than for a proof of claim for professional fees,

was June 1, 2021 (the "Administrative Claims Bar Date").  (ECF Doc. # 1793 at 1–2).

On June 1, 2021, the Copyright Claimants filed the following administrative proofs of

claim: Claim No. 3821 (Universal Claimants), Claim No. 3822 (Sony Claimants), and Claim No.

3823 (Warner Claimants) (each, a "Proof of Claim," and collectively, the "Proofs of Claim" or

"Administrative Claims") in the Reorganized Debtors' bankruptcy cases.[2]  (Supp. Brief ¶ 9.)

Each Administrative Claim asserts that Frontier is contributorily and vicariously liable for direct

infringements by Frontier's subscribers of at least 6,025 copyrighted sound recordings (the

"Existing Works," Proofs of Claim, Ex. A) between the Petition Date and the Effective Date.

(Motion ¶ 12 (citing Proofs of Claim ¶¶ 3–9).)  The Proofs of Claim state that the Copyright

Claimants sent Frontier more than 20,000 copyright infringement notices ("DMCA Notices")

---

[2]     Additionally, two of the Copyright Claimants, UMG Recordings, Inc. and Capitol Records, LLC (together, "Universal"), filed an unsecured proof of claim against Frontier (the "Pre-Petition Claim," Claim No. 3560) asserting that Frontier is contributorily and vicariously liable for thousands of direct infringements by Frontier's subscribers of at least 1,652 of Universal's copyrighted sound recordings prior to the Petition Date and seeking liquidated damages, plus attorneys' fees and full costs.  (Motion ¶ 10 (citing Pre-Petition Claim ¶¶ 3–8).)  On May 17, the Debtors filed an objection to the Pre-Petition Claim (*id.* ¶ 11 (citing ECF Doc. # 1818)), and on June 9, 2021, Universal filed a response to the Debtors' objection.  (*Id.* (citing ECF Doc. # 1902).)  The Pre-Petition Claim is not a part of the Copyright Claimants' Motion to relate back the Amendments and is not subject to this Memorandum Opinion and Order.  (Supp. Brief ¶¶ 5, 9.)

under the Digital Millennium Copyright Act ("DMCA") that provided Frontier with detailed information regarding specific subscribers' infringing behavior. (Supp. Brief ¶ 10 (citing Proofs of Claim ¶¶ 41–44).) The Existing Works were those copyrighted sound recordings that the Copyright Claimants were able to identify prior to the Administrative Claims Bar Date. (Oppenheim Decl. ¶ 7.) Therefore, each Proof of Claim provided specifically that Exhibit A was "illustrative and nonexhaustive." (Supp. Brief ¶ 13 (citing Proofs of Claim ¶¶ 37, 54, 63).)

On July 30, 2021, the Reorganized Debtors filed an objection (ECF Doc. # 1951) to the Administrative Claims that incorporated by reference their objection to the Pre-Petition Claim and added that the Proofs of Claim do not constitute actual, necessary costs, and expenses of preserving the estate. (Motion ¶ 13.)

### B.     The District Court Action and the Motion to Withdraw

On June 8, 2021, fifteen of the Copyright Claimants commenced an action against Frontier in the United States District Court for the Southern District of New York (the "District Court") seeking (i) damages for Frontier's infringement of at least 2,856 of the Copyright Claimants' copyrighted sound recordings since the Effective Date, and (ii) a preliminary and permanent injunction against Frontier and the other Reorganized Debtors. (Motion ¶ 18.) This action is pending as *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05050-AT (the "District Court Action"), before Judge Analisa Torres. (*Id.*)

On June 9, 2021, the Copyright Claimants filed a motion to withdraw the reference ("Motion to Withdraw") with respect to their claims against Frontier that accrued before the Effective Date. (*Id.* ¶ 14.) The Motion to Withdraw is pending before Judge Torres as *UMG Recordings, Inc. v. Frontier Communications Corporation*, Case No. 1:21-cv-05253-AT. (*Id.* ¶ 19.)

On August 12, 2021, Frontier filed a motion to stay the District Court Action pending resolution of the Motion to Withdraw and resolution of the Pre-Petition Claim and Administrative Claims by this Court.  ("Motion to Stay," District Court Action ECF Doc. # 31; *see also* District Court Action ECF Doc. # 33.)  On February 25, 2022, the District Court entered an order granting the Motion to Stay, ruling that the District Court Action is stayed pending the District Court's decision on the Motion to Withdraw.  (District Court Action ECF Doc. # 39.)  Neither the filing of the Motion to Withdraw nor the stay of the District Court proceedings stays the administration of the Reorganized Debtors' bankruptcy cases in this Court.  *See* FED. R. BANKR. P. 5011(C).  At a case management conference on May 11, 2022, the parties urged this Court to decide the relation-back Motion rather than await a decision by the District Court on the pending Motion to Withdraw with respect to the Copyright Claims.  (*See* ECF Doc. # 2096 at 15:21–16:11.)

### C.    The Additional Works, the Motion, and the November 8 Order

#### 1.    The Additional Works

The Copyright Claimants state that the process for identifying the Existing Works "took significant time, effort, and resources to complete" as they had to: (i) evaluate more than 20,000 DMCA Notices sent to Frontier to determine whether the Frontier subscriber could be deemed a repeat infringer; (ii) identify the sound recordings that the Frontier subscriber infringed; (iii) determine which of the Copyright Claimants owned each of the thousands of such sound recordings that were infringed at the time of distribution; and (iv) confirm that each sound recording had been registered with the Copyright Office prior to the date of the detected infringement.  (Supp. Brief ¶ 14 (citing Oppenheim Decl. ¶¶ 24–25).)  Additionally, the Copyright Claimants represent that the foregoing process took more time than normal because (a) the Copyright Claimants' offices and the U.S. Copyright Office were closed during the COVID-

19 pandemic (*id.* ¶ 16 (citing Oppenheim Decl. ¶ 27)), and (b) between March and May 2021, the

Copyright Claimants spent time and resources engaging with Frontier to exchange information

and attempt to resolve the Pre-Petition Claim (*id.* ¶ 17 (citing Oppenheim Decl. ¶ 28)).

The Copyright Claimants were able to identify the 6,025 Existing Works included in

Exhibit A to the Proofs of Claim, but were unable to identify all infringed recordings prior to the

Administrative Claims Bar Date.  (*Id.* ¶ 15 (citing Oppenheim Decl. ¶¶ 25–26).)  After the Proofs

of Claim were filed, the Copyright Claimants continued to analyze the remaining DMCA Notices

and sound recordings to identify additional works that should be added to Exhibit A of the Proofs

of Claim.  (Supp. Brief ¶ 19; Oppenheim Decl. ¶ 30.)  This analysis was completed in August of

2021 and resulted in the Copyright Claimants' identifying 956 additional sound recordings (the

"Additional Works").  (Supp. Brief ¶ 19; Oppenheim Decl. ¶ 30.)

The Copyright Claimants assert that the Additional Works arise out of the exact same

facts and series of events as the Existing Works.  (Supp. Brief ¶ 2; Oppenheim Decl. ¶ 14.)

Specifically, with respect to the Existing Works and the Additional Works, the Copyright

Claimants rely on the factual allegations set forth in paragraphs 41 through 50 of the Proofs of

Claim to support their infringement claims.  (Oppenheim Decl. ¶ 15; *see also* Supp. Brief ¶ 3

("The Additional Works were infringed by Frontier's subscribers during the same time period

and in the same manner as the Existing Works.").)  Additionally, the DMCA Notices that the

Copyright Claimants sent to Frontier addressed infringement of both the Existing Works as well

as the Additional Works.  (Oppenheim Decl. ¶ 16.)

### 2.    The Motion and Related Briefs

On August 16, 2021, the Copyright Claimants sought Frontier's consent to amend the

Proofs of Claim to add the Additional Works, but Frontier stated that it would not consider the

request until the District Court ruled on the Motion to Withdraw and Frontier's Motion to Stay.

(Supp. Brief ¶ 19.)  Thereafter, the Copyright Claimants filed the Motion seeking to amend Exhibit A to the Proofs of Claim in four ways: (i) to add the Additional Works; (ii) to remove certain of the Existing Works; (iii) to make typographical corrections; and (iv) to withdraw the claims asserted by Lava Records LLC.  (Motion ¶ 2.)

On September 17, 2021, the Reorganized Debtors filed a response to the Motion.  (ECF Doc. # 1984.)  In their response, the Reorganized Debtors stated that they believed the interests of judicial economy and preserving party resources were best served by postponing consideration of the proposed amendments until after the District Court ruled on the Motion to Withdraw and the Motion to Stay.  (*Id.* at 4.)  Additionally, the Reorganized Debtors stated that they were unable to form an opinion on the relief sought in the Motion because the Copyright Claimants had not provided them with copies or redlines of the specific changes requested.  (*Id.* at 4–5.)  On October 10, 2021, the Reorganized Debtors filed a supplemental response to the Motion that asserted the Copyright Claimants refused or were unable to provide the information the Reorganized Debtors requested to evaluate the Motion, and as a result, the Court should either postpone consideration of the proposed amendments or deny the Motion.  (ECF Doc. # 2003 at 2, 6.)

On October 27, 2021, the Copyright Claimants filed a reply memorandum of law in support of the Motion.  ("Reply," ECF Doc. # 2015.)  In their Reply, the Copyright Claimants argued that (i) their proposed amendments did not add any new legal claims to the case because they simply revised the copyrighted works that were included within the infringement claims (*id.* ¶ 1), (ii) their proposed amendments related back to the originally-filed Proofs of Claim and were not time-barred (*id.* ¶¶ 8–10), and (iii) Frontier had the requisite information to evaluate their proposed amendments because the Copyright Claimants provided Frontier with specific information detailing the differences between the originally-filed and revised Exhibit A to each

8

Proof of Claim.  (*Id.* ¶ 11.)

### 3.    October 28 Hearing and November 8 Order

On October 28, 2021, a hearing was held on the Motion before Judge Drain ("October 28 Hearing").  At the October 28 Hearing, Judge Drain stated that he did not believe he had a "sufficient record" before him to determine whether the Copyright Claimants' proposed amendments to add the Additional Works related back to the original Proofs of Claim.  (ECF Doc. # 2020 at 28:8–17; *see also id.* at 32:25–33:3; 44:11–22.)  Judge Drain ordered the Copyright Claimants to file a sworn declaration setting forth sufficient factual information to determine whether their proposed amendments relate back to the Proofs of Claim.  (*Id.* at 41:18–21; 43:18–18; 44:11–22.)  Judge Drain also stated he would enter an order granting the Motion but make no ruling on whether the proposed amendments relate back to the Proofs of Claim.  (*Id.* at 39:19–24; 42:22–43:8.)

The Court's November 8 Order authorized the Copyright Claimants to amend Exhibit A to each of the Proofs of Claim.  (November 8 Order ¶ 2.)  The November 8 Order also stated that the Court made no decision whether the Amendments relate back under FRCP 15(c) and Bankruptcy Rule 7015 or whether any Administrative Claims, as amended, were timely filed on or before the Administrative Claims Bar Date.  (*Id.* ¶ 4.)  The November 8 Order also directed the parties to meet and confer regarding the type of factual information that will be sufficient to determine whether the Amendments to add the Additional Works to Exhibit A of the Proofs of Claim relate back to the original Proofs of Claim or were otherwise timely filed and, if the parties reach an agreement, to file a declaration within 30 days setting forth the agreed-upon information.  (*Id.* ¶ 6.)

### D.    Supplemental Brief, Opposition, and Reply

#### 1.    Supplemental Brief

In the Supplemental Brief, the Copyright Claimants argue that the Amendments to Exhibit A of the Proofs of Claim relate back under FRCP 15(c) and Bankruptcy Rule 7015 because the Amendments do not change the Administrative Claims, and "the infringement of the Additional Works arise out of the exact same facts and series of events [as the Existing Works]." (Supp. Brief ¶ 2; *see also id.* ¶ 27 ("The Copyright Claimants *do not* seek to add any new facts, claims, or causes of action to their Proofs of Claim.").)  The Copyright Claimants assert that the Amendments merely set forth the Copyright Claimants' timely filed claims "with greater particularity" by supplementing the list of Existing Works "while relying on the same factual allegations set forth in the Proofs of Claim and the same theories of relief."  (*Id.* ¶ 27.) Additionally, the Copyright Claimants state that the DMCA Notices they sent to Frontier between the Petition Date and the Effective Date included both the Existing Works and Additional Works (*id.* ¶ 3; Oppenheim Decl. ¶¶ 16, 20), and Frontier "was on notice" that the list of Existing Works was not exhaustive.  (Supp. Brief ¶ 3.)  Finally, the Copyright Claimants argue that although their damages could increase, that does not impact the analysis as to relation back or prejudice to the Reorganized Debtors because it is impossible to predict what amount of damages may be awarded to the Copyright Claimants, and "amendments intended merely to *increase* the amount of a claim grounded in the same *right to payment* are not considered new claims under the Code." (*Id.* ¶ 31 (quoting *In re Texaco, Inc.*, 218 B.R. 1, 8 (Bankr. S.D.N.Y. 1998) (internal quotations omitted)).)

#### 2.    Opposition

In their Opposition, the Reorganized Debtors argue that (i) the Amendments are new claims that are time-barred because the Copyright Claimants are asserting the claims after the

Administrative Claims Bar Date, and there is no "excusable neglect" under Bankruptcy Rule
9006 and *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)
(Opposition ¶¶ 21–32); and (ii) the Amendments do not relate back to the Proofs of Claim (*id.* ¶¶
33–42).

The Reorganized Debtors argue that under copyright infringement case law the
Additional Works "give rise to distinct claims of copyright infringement" because different
Frontier subscribers allegedly infringed the Additional Works than the Frontier subscribers who
allegedly infringed the Existing Works.  (*Id.* ¶ 22 (citing *Collezione Europa U.S.A., Inc. v. Amini
Innovation Corp.*, No. CIV.A.06-4929GEBES, 2009 WL 2634648, at *3 (D.N.J. Aug. 26, 2009)
and *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250–51 (N.D. Ill. 1974)).)
Therefore, the Reorganized Debtors contend that the Additional Works involve new claims and
new damages for secondary copyright infringement against Frontier.  (*Id.*)

Additionally, the Reorganized Debtors argue that the Copyright Claimants cannot make
out "excusable neglect" under Bankruptcy Rule 9006 because the Copyright Claimants knew
about the Additional Works prior to the Administrative Claims Bar Date and their only
justification for their delay was the COVD-19 pandemic, "which has now been ongoing for
almost two years."  (*Id.* ¶¶ 24, 25, 27; *see also id.* ¶ 29 ("The balance of the remaining *Pioneer*
factors also counsel against finding excusable neglect.").)

The Reorganized Debtors also argue that the Amendments do not relate back to the
original Proofs of Claim because the Amendments "allege new claims of infringement involving
new alleged damages" and "each different work and IP address implicates entirely different
defenses as some IP users may have had a fair use for such work for which there would be no
liability."  (*Id.* ¶ 36 (citing *Blanch v. Koons*, 467 F.3d 244, 259 (2d Cir. 2006).)  Further, the
Amendments do not simply provide more particularity because the Additional Works increase the

11

number of claims and alleged damages.  (*Id.* ¶¶ 37, 38.)  The Reorganized Debtors also argue that

equitable factors weigh in favor of denying the request to relate the new claims back because the

addition of claims would prejudice Frontier by "adding a mountain of new claims that could and

should have been timely filed."  (*Id.* ¶ 42.)

### 3.    Reply

In their Reply, the Copyright Claimants argue that the Amendments relate back to the

Proofs of Claim and are not new claims.  (Reply at 7–17.)  The Copyright Claimants also argue

that if the Court finds the Amendments are new claims then they have met the excusable neglect

standard.  (*Id.* at 15–17.)

The Copyright Claimants contend that the Amendments relate back to the Proofs of Claim

because they arise out of the same conduct, transaction, or occurrence.  (*Id.* ¶ 6.)  They argue that

(i) "Frontier was on notice that the Copyright Claimants were seeking to hold it liable for

infringement of all of their works over Frontier's network between April 14, 2020, and April 30,

2021," and that the list of Existing Works was non-exhaustive, (ii) "the Copyright Claimants will

rely on the same evidence and facts to prove infringement of the Additional Works that they will

rely on to prove infringement of the Existing Works," and (iii) Frontier cannot claim surprise

should the Court hold that the Amendments relate back because the Proofs of Claim put Frontier

on notice that it is being held liable for infringement of all of the Copyright Claimants'

copyrighted works during the relevant time period.  (*Id.* ¶ 7.)

Additionally, the Copyright Claimants state that the copyright infringement cases Frontier

cites in the Opposition are all distinguishable and do not stand for the proposition that the

Additional Works create distinct copyright infringement claims.  (*Id.* ¶¶ 8–13.)  The Copyright

Claimants also contend that the Reorganized Debtors' defenses would not change between the

Additional Works and the Existing Works.  (*Id.* ¶ 16.)

Finally, the Copyright Claimants argue that if the Court finds the Amendments are new claims, then they have met the excusable neglect standard because they acted in good faith and the Reorganized Debtors will face no prejudice. (*Id.* ¶ 20 (citing *Pioneer*, 507 U.S. at 399).) The Copyright Claimants also state that they did not know the Additional Works could be included in the Proofs of Claim until after the Administrative Claims Bar Date because identifying those works required a time-consuming and multi-stepped analysis. (*Id.* ¶ 21 (citing Oppenheim Decl. ¶¶ 23–24).) Further, the Copyright Claimants argue that there is no prejudice to Frontier because allowing the Copyright Claimants to pursue claims related to the Additional Works would not lead to an influx of new claims or adversely impact the other creditors since all pre- and post-petition claims will be paid in full under the Plan. (*Id.* ¶ 23.)

## II.    <u>LEGAL STANDARD</u>

### A.    **Relation Back**

Bankruptcy courts apply a two-part test to determine whether to accept a late-filed amendment to a timely proof of claim. *In re Enron Corp.*, 419 F.3d 115, 133 (2d Cir. 2005). First, courts examine whether the amendment relates back to a timely filed proof of claim. *Id.* Second, if an amendment does relate back to the timely filed claim, courts will then "examine each fact within the case and determine whether it would be equitable to allow the amendment." *Id.* (quoting *In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y.1993)).

For part one of the test, an amendment to a timely filed proof of claim will relate back if it:

> 1) corrects a defect of form in the original claim;
> 2) describes the original claim with greater particularity; or
> 3) pleads a new theory of recovery on the facts set forth in the original claim.

*Id.* (quoting *In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).  This part of

the test "is basically the same as the test under [FRCP] 15(c) regarding the 'relation back' of a later pleading to an earlier one."[3] *In re Asia Glob. Crossing, Ltd.*, 324 B.R. 503, 508 (Bankr. S.D.N.Y. 2005) (citing *Integrated Res., Inc.*, 157 B.R. at 70; *McLean Indus., Inc.*, 121 B.R. at 710; *In re Enron Corp.*, 298 B.R. 513, 521 (Bankr. S.D.N.Y. 2003), *subsequently aff'd*, 419 F.3d 115 (2d Cir. 2005)).  Therefore, to determine whether an amendment relates back to an earlier claim, the court must decide "whether there is a sufficient commonality of facts between the allegations relating to the two causes of action to preclude the claim of unfair surprise." *In re Residential Cap.*, *LLC*, No. 12-12020 (MG), 2015 WL 6734478, at *6 (Bankr. S.D.N.Y. Nov. 3, 2015) (quoting *Asia Glob. Crossing*, 324 B.R. at 508).  The Court should consider: (a) whether the defendant had notice of the claim that the plaintiff is now asserting; (b) whether the plaintiff will rely on the same kind of evidence offered in support of the original claim to prove the new claim; and (c) whether unfair surprise to the defendant would result if the court allowed the amendment to relate back.  3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.19 (2022); *see also In re Residential Cap., LLC*, 2015 WL 6734478, at *6.

For part two of the test, factors that courts consider when balancing the equities include:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed.

*In re Integrated Res., Inc.*, 157 B.R. at 70 (quoting *In re McLean Indus., Inc.*, 121 B.R. at 708).

"The critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *Id.* (internal quotations omitted).

---

[3]    FRCP 15(c) provides, in relevant part: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c).

### B.     Late Filed Claims and the "Excusable Neglect" Test

With exceptions that are not applicable here, section 502(b)(9) empowers a court to

disallow a claim that has been objected to if "proof of such claim is not timely filed."  11 U.S.C.

§ 502.  Rule 9006(b)(1) provides, in relevant part, that a court may enlarge the time period for

doing an act "on motion made after the expiration of the specified period . . . where the failure to

act was the result of excusable neglect."  FED. R. BANKR. P. 9006.  The late-claimant has the

burden of proving excusable neglect.  *In re Enron Corp.*, 419 F.3d at 121.

Whether neglect is "excusable" under Rule 9006(b)(1) is an equitable determination

based on "all relevant circumstances surrounding the party's omissions."  *Pioneer*, 507 U.S. at

388.  In *Pioneer*, the Supreme Court considered four factors in determining whether neglect may

be considered "excusable":

> (1) the danger of prejudice to the debtor; (2) the length of the delay
> and its potential impact on judicial proceedings; (3) the reason for
> the delay, including whether it was within the reasonable control of
> the movant; and (4) whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.

The Second Circuit takes a "hard line" in applying the *Pioneer* test that focuses on and

emphasizes the third factor: the reason for the delay, including whether it was within the

reasonable control of the movant.  *In re Enron Corp.*, 419 F.3d at 122 (citing *Silivanch v.

Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)).  This is because, in the typical case,

the three other *Pioneer* factors—danger of prejudice, length of the delay, and good faith—usually

weigh in favor of the party seeking the extension.  *Id.*  The Second Circuit has noted that the

following reasons for delay do not weigh in favor of finding a mistake excusable: "inadvertence,

ignorance of the rules, [] mistakes construing the rules . . . preoccupation or an excessive

workload."  *Id.* at 126 (internal citations omitted).

15

### III.    DISCUSSION

**A.    The Amendments Relate Back to the Timely Filed Proofs of Claim and the Equities Favor Allowing the Amendments**

The Amendments relate back to the timely filed Proofs of Claim.  The originally filed Proofs of Claim allege that representatives of the Copyright Claimants sent Frontier over 20,000 DMCA Notices between the Petition Date and the Effective Date that identified specific instances of Frontier subscribers repeatedly infringing the Existing Works during that time period.  (Supp. Brief ¶ 28; Proofs of Claim ¶¶ 41–45.)  The same DMCA Notices that identified the infringement of the Existing Works also identified specific instances of Frontier subscribers repeatedly infringing the Additional Works between the Petition Date and the Effective Date. (Supp. Brief ¶ 27; Oppenheim Decl. ¶¶ 16, 19.)  The Amendments to the Proofs of Claim arise from the same underlying facts: the DMCA Notices and Frontier's alleged failure to stop the known copyright infringement.  (Supp. Brief ¶ 28; Reply ¶ 2.)  Therefore, the Amendments "describe[] the original claim with greater particularity," *In re Enron Corp.*, 419 F.3d at 133, by providing more specificity as to the copyrighted sound recordings that Frontier allegedly infringed (Supp. Brief ¶ 30).

Additionally, the Reorganized Debtors had notice of the Additional Works because (a) they were identified in the DMCA Notices along with the Existing Works (Oppenheim Decl. ¶¶ 16, 19), (b) the Proofs of Claim stated that the Copyright Claimants were seeking to hold Frontier liable for infringement of their copyrighted works that occurred between the Petition Date and the Effective Date and the Additional Works were infringed during that time period (Reply ¶ 7; Proofs of Claim ¶ 9), and (c) the filed Proofs of Claim stated that the list of Existing Works was non-exhaustive (Reply ¶ 7; Proofs of Claim ¶¶ 37, 54, 63).  3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.19 (2022).  The Copyright claimants will rely on the same factual allegations and

evidence for the Additional Works as they provided in support of the original Proofs of Claim (Oppenheim Decl. ¶ 15). 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.19 (2022). Further, there is no unfair surprise to the Reorganized Debtors if the Court allows the Amendments to relate back because the DMCA Notices and Proofs of Claim put Frontier on notice that the Copyright Claimants were asserting copyright infringement causes of action based on works that were infringed between the Petition Date and the Effective Date (Reply ¶ 7; Proofs of Claim ¶ 9). 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.19 (2022).

It will be equitable to allow the Amendments to relate back to the Proofs of Claim because the Amendments will not unduly prejudice the Reorganized Debtors. *Integrated Res., Inc.,* 157 B.R. at 70 ("The critical [equitable] consideration is whether the opposing party will be unduly prejudiced by the amendment.") (internal quotations omitted). As the Copyright Claimants point out, the Amendments to the Proofs of Claim will not unduly prejudice the Reorganized Debtors because this dispute is in its early stages and discovery has not yet commenced. (Reply ¶ 17.) Additionally, the Court does not agree with the Reorganized Debtors that the addition of the 956 Additional Works would prejudice them by adding a "mountain of new claims." (Opposition ¶ 42.)

The Reorganized Debtors improperly rely on *In re Tronox Inc.*, 626 B.R. 688, 726 (Bankr. S.D.N.Y. 2021), where the Court found that prejudice existed because there was the potential of "38,000 'future' tort claims or 4,700 claims as to which 'excusable neglect' motions have so far been filed." Compared to the vast amount of potential additional claims that existed in *Tronox*, the 956 Additional Works (even if they were each considered to be a new claim) do not constitute a "mountain" of new claims. Further, the prejudice that *Tronox* identified was not only the addition of new claims, but whether allowing late-filed claims would "open the floodgates" or "lead to" a large number of new claims, "and if those additional claims would

17

have large impact on the recoveries of other creditors."  *Id.* at 725–26.  The Reorganized Debtors

make no arguments that allowing the Additional Works would lead to a flood of amendments or

would impact the recoveries of any other creditors.

The Reorganized Debtors argue that the Amendments are new claims that do not relate

back to the Proofs of Claim because the Additional Works "give rise to distinct claims of

copyright infringement for each work, given that different Frontier subscribers allegedly directly

infringed these new works."  (Opposition ¶ 22.)  In support of this argument, the Reorganized

Debtors rely primarily on two non-binding relation back decisions: *Collezione Europa U.S.A.,*

*Inc. v. Amini Innovation Corp.*, No. CIV.A.06-4929GEBES, 2009 WL 2634648, at *3 (D.N.J.

Aug. 26, 2009) and *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250–51

(N.D. Ill. 1974).[4]  The Court agrees with the Copyright Claimants that these cases are

distinguishable.

In *Collezione*, the issue was whether the defendant Amini Innovation Corp.'s ("AICO")

two new claims alleging that the plaintiff, Collezione Europa U.S.A., Inc. ("Collezione"),

infringed its copyrights of an armoire and nightstand (the "New Copyrights") related back to its

prior copyright infringement claims that were based on different pieces of furniture.  2009 WL

2634648, at *2.  The court found that there was a "dearth of caselaw on whether or not separate

and distinct copyright infringements, of different products, arise out of the same transaction or

occurrence," and so it relied on a Minnesota federal district court decision that analyzed whether

and under what circumstances the relation back doctrine applied to patent infringement claims.

*Id.* at *3 (citing *Mann Design Ltd. v. Bounce, Inc.*, 138 F.Supp.2d 1174, 1178 (D. Minn. 2001)).

---

[4]       The Reorganized Debtors also cite to additional copyright infringement cases: *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1068 (9th Cir. 2014); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007); and *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 423 (S.D.N.Y. 2011).  These cases do not address copyright infringement in the context of the relation back doctrine and are inapplicable and distinguishable for the reasons provided in the Copyright Claimants' Reply.  (*See* Reply ¶¶ 9–11.)

*Mann* held that a new claim of infringement involving another patent related back only where the second patent was "part and parcel of the controversy surrounding the earlier patent." *Id.* (quoting *Mann*, 138 F. Supp. 2d at 1178). The *Collezione* court noted that in *Mann* the plaintiff "failed to offer any evidence that [the three different patents] 'involve[d] a common core of operative facts, or whether the same underlying evidence offered in support of the original claim will prove the new claim,'" *id.* (quoting *Mann*, 138 F. Supp 2d at 1179), and found that similarly "AICO has offered no evidence to this Court . . . that the New Copyrights, comprised of completely separate products involve a common core of operative facts." *Id.* at *4. *Collezione* is different than the facts here because unlike AICO, the Copyright Claimants *have* offered evidence that the Additional Works involve a common core of operative facts as the Existing Works—they arose out of the same DMCA Notices sent between the Petition Date and Effective Date. (Oppenheim Decl. ¶¶ 16, 19.)

The Reorganized Debtors argue that *Collezione* stands for the proposition that copyright infringement to different works does not arise out of the same transaction or occurrence unless the different works share some musical or lyrical arrangement with the old work. (Opposition ¶ 14 (citing *Collezione*, 2009 WL 2634648, at *3).) The Court disagrees that this rule follows from *Collezione*. The Reorganized Debtors are erroneously relying on the *Collezione* court's statement that "(e.g., a new lyrical arrangement or other update to a copyrighted song)" would arise out of the same occurrence or transaction and relate back to the original copyrighted song. 2009 WL 2634648, at *3. However, that statement does not purport to provide the exclusive ways for a new copyrighted work to relate back to another copyrighted work, and more importantly, the statement is *dicta* because the copyrighted works that the *Collezione* court analyzed were copyrighted furniture and not copyrighted songs.

The Reorganized Debtors' reliance on *Illinois Tool Works, Inc.* is misplaced because that was a patent case that held, without any discussion, that "[a]n alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent." 395 F. Supp. at 250–51 (quoting FED. R. CIV. P. 15(c)).  This holding is inconsistent with *Mann*, which the Reorganized Debtors indirectly rely upon, and the Court does not find it persuasive.  *See Safoco, Inc. v. Cameron Int'l Corp.*, No. 4:05-CV-00739, 2009 WL 10742813, at *5 (S.D. Tex. Apr. 9, 2009), *report and recommendation adopted*, No. CV H-05-0739, 2009 WL 10695587 (S.D. Tex. May 8, 2009) ("The district court [in *Illinois Tool Works, Inc.*] cited no legal authority in support of its wide-sweeping pronouncement and provided no insight into its analytic process or stated whether it examined the two patents for similarity.")

## B.    If the Amendments Are New Claims, Excusable Neglect Exists to Permit Their Late Filing

If the Amendments are new claims, the Copyright Claimants have met their burden of showing excusable neglect for filing the Amendments after the Administrative Claims Bar Date. The Copyright Claimants state that the reason for their delay in filing the Amendments was that the process for identifying the Additional Works was too time-consuming due to: (i) the COVID-19 pandemic causing the Copyright Claimants' offices and the U.S. Copyright Office to be closed (Oppenheim Decl. ¶ 27), and (ii) the Copyright Claimants engaging with Frontier to attempt to resolve the Pre-Petition Claim between March and May 2021.  (*Id.* ¶ 28.)  The closure of the Copyright Claimants' and the U.S. Copyright Office due to the pandemic was not within the Copyright Claimants' reasonable control.  However, the Copyright Claimants' concurrent efforts to resolve the Pre-Petition Claim were clearly within their reasonable control and are not an adequate reason for delay.  *See In re Enron Corp.*, 419 F.3d at 126 (stating that "preoccupation or an excessive workload does not typically render a mistake excusable").  The Court finds the

20

reason for the delay factor to be neutral.

The other three *Pioneer* factors weigh in favor of finding excusable neglect.  As discussed in the relation back section above, there is no danger of prejudice to the Reorganized Debtors. There is no evidence that the length of delay of three months impacted the Reorganized Debtors' cases.  Finally, the Reorganized Debtors concede there is no evidence that the Copyright Claimants acted in bad faith.  (Opposition ¶ 37.)

For the foregoing reasons, the Court finds that excusable neglect exists.

## IV.    **CONCLUSION**

For the reasons provided above, the Court **GRANTS** the Motion and **FINDS** that the Amendments relate back under FRCP 15(c) and Bankruptcy Rule 7015 to the timely filed Proofs of Claim.  Alternatively, the Court **FINDS** that excusable neglect exists permitting the filing of the Amendments to the Proofs of Claim.

**IT IS SO ORDERED.**

Dated:    June 13, 2022
             New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge