Timothy R. Shannon (admitted *pro hac vice*)
Seth S. Coburn (admitted *pro hac vice*)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone:     (857) 488-4200
Facsimile:      (857) 488-4201
Email:             trshannon@duanemorris.com

*Co-Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*,[1] | ) ) ) | Case No. 20-22476 (MG) |
| | ) | Hon. Martin Glenn, Chief Judge |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

**NOTICE OF REORGANIZED DEBTORS' MOTION TO STRIKE
PREVIOUSLY UNDISCLOSED DAMAGES OPINIONS AND THEORIES
IN THE TESTIMONY OF MR. WALTER BRATIC**

**PLEASE TAKE NOTICE** that on October 25, 2022, the Reorganized Debtors, by and through their undersigned counsel, filed the *Reorganized Debtors' Motion to Strike Previously Undisclosed Damages Opinions and Theories* in the testimony of Mr. Walter Bratic (the

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these chapter 11 cases, which are jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

"Motion"). A hearing on the Motion is requested for **November 9, 2022, at 9:00 a.m., prevailing Eastern Time.** The Hearing will be conducted in-person in advance of the parties' trial before Judge Glenn.

**PLEASE TAKE FURTHER NOTICE** that any responses or replies (each a "Response") to the relief requested in the Motion must (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (b) be served so as to be actually received no later than **November 2, 2022, at 4:00 p.m., prevailing Eastern Time** in a manner consistent with the Case Management Order and the procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Prime Clerk LLC at https://cases.primeclerk.com/ftr. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

2

Dated:  October 25, 2022

Respectfully submitted,

FRONTIER COMMUNICATIONS
CORPORATION *et al*.

By their Attorneys,

*/s/ Timothy Shannon*
Timothy R. Shannon, Esq. (BBO# 655325)
Seth S. Coburn (BBO# 681932)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone:	(857) 488-4200
Facsimile:	(857) 488-4201
Email:	trshannon@duanemorris.com
	sscoburn@duanemorris.com

Timothy R. Shannon (admitted *pro hac vice*)
Seth S. Coburn (admitted *pro hac vice*)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone:     (857) 488-4200
Facsimile:      (857) 488-4201
Email:            trshannon@duanemorris.com

*Co-Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION *et al.*, | Case No. 20-22476 (MG) |
| | Hon. Martin Glenn, Chief Judge |
| Reorganized Debtors. | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION TO STRIKE
PREVIOUSLY UNDISCLOSED DAMAGES OPINIONS AND THEORIES
IN THE TESTIMONY OF MR. WALTER BRATIC**

DM2\16691652.7

## TABLE OF CONTENTS

**Page**

I.    Background ...................................................................................................................1

II.    Argument ....................................................................................................................3

# TABLE OF AUTHORITIES

**Federal Cases**

*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31
    (S.D.N.Y. 2014) ................................................................................................................ 4

*Impression Prods. v. Lexmark int'l, Inc.*, 137 S.Ct. 1523 (2017) ..................................... 2

*Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 637 (2008) ...................................... 2

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d
    1377 (Fed. Cir. 2013) ........................................................................................................ 3

**Rules**

FED. R. CIV. P. 26 ............................................................................................................... 3

FED. R. CIV. P. 26(a) .......................................................................................................... 3

FED. R. CIV. P. 26(a)(2)(B) ................................................................................................ 4

FED. R. CIV. P. 37(c)(1) ..................................................................................................... 1

FED. R. CIV. P. 41 .............................................................................................................. 2

DM2\16691652.7

**I.    Background**

In response to Frontier's pending Motion to Dismiss based on IV's and Dechert's conduct relating to the Nokia and Lantiq licenses, on October 19, 2022, IV submitted testimony from Mr. Walter Bratic containing new and previously undisclosed theories and calculations in an effort to salvage part of IV's damages case.  Specifically, Mr. Bratic advances a new theory to recapture damages that are knocked out entirely by the Lantiq license.  *See* Dkt. 2160 at ¶¶11, 153-154.  IV ought not be allowed to do this, particularly given that the information concerning the Nokia and Lantiq licenses was known both to IV and its counsel before filing IV's proof of claim in 2020.  Mr. Bratic's new Adtran/Lantiq opinion causes Frontier prejudice because Frontier does not have sufficient opportunity to inquire, analyze, and respond to IV's new theory before the hearing on November 9-10, 2022.  Accordingly, pursuant to FED. R. CIV. P. 37(c)(1), Frontier moves to strike IV's new Adtran/Lantiq discount theory and foreclose IV from advancing it at the upcoming hearing.

As the Court knows from prior briefing, IV and Dechert knew of both licenses before filing IV's proof of claim in 2020.  Frontier learned in February 2022 of the existence of the Nokia license – in time to include its impact on alleged damages in Frontier's experts' reports that were due in March 2022 pursuant to the Court's Scheduling Order.  But Frontier did not learn of the existence of the Lantiq license until April 2022 and, indeed, was forced to seek full information about it from a third party, AT&T, which Frontier received only recently.

Mr. Bratic did not account for either license in his February 2022 damages report.  Given that IV and Dechert had known about both licenses since before filing IV's proof of claim, over two years ago, the licenses were either concealed from IV's own expert or he knew of them and purposefully did not discount IV's alleged damages as required.  Thus, on April 13, 2022,

Frontier asked IV and Dechert to provide the following information about what Mr. Bratic knew concerning the Nokia and Lantiq licenses, and when he knew it:

> April 13, 2022
> Page 5
>
> 6. Identify by name each and every person at IV (current or former) who is aware of the Lantiq license and the date each person first learned of it.
>
> 7. State whether your expert, Mr. Bratic, is aware of the 2019 Nokia license and when he first became aware of it. If he is not aware of it, explain why not.
>
> 8. Produce all communications between anyone at either Dechert and/or IV and Mr. Bratic about the 2019 Nokia license specifically or Nokia licenses generally.
>
> 9. State whether your expert, Mr. Bratic, is aware of the Lantiq license and when he first became aware of it.
>
> 10. Produce all communications between anyone at either Dechert and/or IV and Mr. Bratic about the Lantiq license.

Dkt. 2109-1 (Shannon Ltr. to Plies dated April 14, 2022) at 4. They declined to answer.

While IV previously acknowledged informally that the Nokia license requires a reduction of nearly 40% of IV's claimed damages, IV never withdrew its claim against licensed Nokia product pursuant to FED. R. CIV. P. 41 or otherwise. On October 19, 2022, however, IV submitted Mr. Bratic's direct trial testimony in which he now says that he "understand[s] the parties have agreed that Frontier is not liable for damages related to its Nokia[] equipment." Dkt. 2168 ("Bratic Testimony") at ¶149. Mr. Bratic thus removes entirely any alleged damages attributable to Nokia DSLAMs. *Id.* Specifically, Mr. Bratic fully discounts IV's damages claim by 39.3%. *Id.* Mr. Bratic necessarily does so because where a licensee (*e.g.* Nokia) sells a product that substantially embodies licensed patent rights, the patent rights are deemed "exhausted" and downstream users of the product (*e.g.* Frontier) are exempt from suit, and thus damages here. *Impression Prods. v. Lexmark int'l, Inc.*, 137 S.Ct. 1523, 1535 (2017); *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 637, (2008), n.7 ("[E]xhaustion operates to eliminate patent damages").

Incongruently, Mr. Bratic does not do the same for Adtran DSLAMs that fall under the Lantiq license. Instead, relying on a new theory that IV never developed during discovery or in Mr. Bratic's expert report, Mr. Bratic opines that the Adtran/Lantiq license would only *partially* discount damages because, Mr. Bratic states, IV would still have a claim for patent infringement against the "customer premises equipment" ("CPE"), rather than Frontier's DSLAMs. Bratic Testimony at ¶¶149-153. That is, rather than calculate damages based on *Frontier* DSLAMs, Mr. Bratic switches to *customer* equipment as the base from which to calculate damages. Different components, different calculations.

Under IV's new theory, the Lantiq license somehow fails to knock out all corresponding damages. *See id*. at ¶152 (assuming 34% licensed), ¶153 (nonetheless assuming partial damages attributable to Adtran/Lantiq subscribers because "it is IV's position that the '735 and '275 Patents are infringed even if . . . Frontier is licensed under the Patents-in-Suit for the Adtran equipment"). Thus, rather than discounting his damages estimate by the full 34.0% of Adtran/Lantiq licensed DSLAMs ($1.31M discount), Mr. Bratic discounts the damages claim by less than that ($864,618 discount). *See id*. at ¶¶152-154.

## II.   Argument

Mr. Bratic's new opinion is improper. The Court previously established a schedule, Dkt. 2037 at 12, adopted the Federal Rules of Civil Procedure, *id.* at 13, and the parties exchanged expert reports in February and March. *Id.* at 12 (schedule). Mr. Bratic's report said nothing about Adtran or Lantiq. It said nothing about CPE. Now his testimony has a brand new opinion, developed for the first time at trial in his direct testimony.

Rule 26 prohibits this type of sandbagging. *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381-82 (Fed. Cir. 2013) (Under Rule 26(a), "[a]n expert witness may not testify to subject matter beyond the scope of the witness's expert report

3

unless the failure to include that information in the report was 'substantially justified or harmless."); *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 35-36 (S.D.N.Y. 2014) (same).  IV was required to include all opinions it intended for Mr. Bratic to offer and the facts/reasons for those opinions.  *See* FED. R. CIV. P. 26(a)(2)(B).  IV did not do so.  Nor did Mr. Bratic supplement his opening report, despite months of discussion about the Adtran/Lantiq issue.  *See* Dkt. 2109-1 (Shannon Ltr. to Plies dated April 14, 2022) at 4 ("[W]e have good reason to believe that Aware/IV has licensed a substantial amount of the remaining accused Frontier product…yet you have produced only a redacted copy of the relevant Aware/Infineon license (the "Lantiq license")).  *See also* Debtor's Corrected Pretrial Brief (Dkt. 2109) at 21-25 (discussion of Adtran/Lantiq) (May 2, 2022).  IV stayed quiet, even as Frontier spelled out the issue in detail.

As the Court ordered, Frontier has already submitted the direct testimony of its witnesses.  Needless to say, Frontier's experts responded to the opinions IV's experts previously disclosed.  Frontier has had no opportunity, for example, to depose Mr. Bratic about his new Adtran/Lantiq opinion, to learn of his methodologies, or otherwise to prepare for IV's entirely new theory from which IV now calculates damages.  IV created this mess in the first instance by accusing licensed products, and then concealing the existence of those licenses from Frontier (and perhaps from Mr. Bratic too).  IV has now further compounded the original misdeed by shifting theories altogether in Mr. Bratic's direct trial testimony.  This is not fair to Frontier, or proper under the Rules and this Court's Orders.

For the foregoing reasons, Mr. Bratic's new Adtran/Lantiq opinion should be stricken, and IV should be foreclosed from relying on these heretofore undisclosed theories at the upcoming hearing.

| | |
|---|---|
| Dated:  October 25, 2022 | Respectfully submitted,<br><br>FRONTIER COMMUNICATIONS<br>CORPORATION *et al*.<br><br>By their Attorneys,<br><br>*/s/ Timothy Shannon*<br>Timothy R. Shannon, Esq. (BBO# 655325)<br>Seth S. Coburn (BBO# 681932)<br>DUANE MORRIS LLP<br>100 High Street, Suite 2400<br>Boston, MA 02110-1724<br>Telephone:     (857) 488-4200<br>Facsimile:      (857) 488-4201<br>Email: trshannon@duanemorris.com<br>           sscoburn@duanemorris.com |

5

## CERTIFICATE OF SERVICE

      I hereby certify that on October 25, 2022, I caused a true and accurate copy of the foregoing document to be served on the counsel for Intellectual Ventures II LLC by filing the foregoing via the Court's ECF system.

                                              */s/ Timothy R. Shannon*
                                              Timothy R. Shannon

DM2\16691652.7