| | |
|---|---|
| Stanley A. Twardy, Jr.<br>Elizabeth A. Alquist<br>**DAY PITNEY LLP**<br>One Stamford Plaza<br>263 Tresser Blvd., 7th Floor<br>Stamford, CT 06901<br>Phone: (203) 977-7300<br>Fax: (203) 977-7301<br>Email: satwardy@daypitney.com<br>     eaalquist@daypitney.com<br><br>Jonathan B. Tropp<br>Joshua W. Cohen<br>**DAY PITNEY LLP**<br>195 Church Street, 15th Floor<br>New Haven, CT 06510<br>Phone: (203) 752-5000<br>Fax: (203) 752-5001<br>Email: jwcohen@daypitney.com<br><br>*Co-Counsel to the Reorganized Debtors* | John P. Campo<br>**AKERMAN LLP**<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>Phone: (212) 880-3800<br>Fax: (212) 259-7189<br>Email: john.campo@akerman.com<br><br>Ildefonso P. Mas<br>(Admitted Pro Hac Vice)<br>**AKERMAN LLP**<br>750 Ninth Street, N.W., Suite 750<br>Washington, D.C. 20001<br>Phone: (202) 824-1736<br>Fax: (305) 374-5095<br>Email: ildefonso.mas@akerman.com<br><br>*Co-Counsel to the Reorganized Debtors* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | : Chapter 11 |
| | : |
| **FRONTIER COMMUNICATIONS**<br>**CORPORATION,** *et al.*,[1] | : Case No. 20-22476 (MG) |
| | : |
| | : (Jointly Administered) |
| | : |
| **Reorganized Debtors.** | : |

**REORGANIZED DEBTORS' NOTICE AND RESERVATION OF RIGHTS**
**REGARDING WITHDRAWAL OF REFERENCE AS TO DMCA DEFENSES**

---

[1] The last four digits of Debtor Frontier Communications Corporation's tax identification number are 9596. Due to the large number of debtor entities in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Debtors' service address for purposes of these Chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

118616247.1

The Reorganized Debtors (collectively "Frontier"), by and through undersigned counsel, hereby give notice of their intention to seek withdrawal of the reference pursuant to 28 U.S.C. § 157(d) and Fed.R.Bankr.P. 5011 with regard to their defenses under the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 101 *et seq.*, to the extent the Court ever reaches Frontier's defenses under the DMCA. For the reasons noted below, a motion to withdraw the reference as to Frontier's DMCA defenses would be premature at this time (and may never be ripe). However, Frontier reserves all of its rights in connection with any such motion it may file in the future. With regard to the timing of its motion to withdraw the reference as to its DMCA defenses, Frontier states:

1. On June 9, 2021, Recording Company Claimants ("RCC")[2] filed a motion seeking withdrawal of the reference with respect to their copyright infringement claims and the objections thereto [ECF No. 1898] (the "RCC Motion").

2. On June 28, 2021, Movie Company Claimants ("MCC")[3] filed a motion seeking withdrawal of the reference with regard to their copyright infringement claims and the objections thereto [ECF No. 1927] (the "MCC Motion").

---

[2] "RCC" consists of the following claimants: UMG Recordings, Inc., Capitol Records, LLC, ABKCO Music & Records, Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, L.L.C., Zomba Recording LLC, Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Lava Records LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner Records Inc.

[3] "MCC" consists of the following claimants: Voltage Holdings, LLC, Backmask, LLC, Union Patriot Capital Management, LLC, Venice PI, LLC, Bedeviled, LLC, MON, LLC, Colossal Movie Productions, LLC, TBV Productions, LLC, Definition Delaware LLC, I Am Wrath Productions, Inc., Hannibal Classics Inc, Justice Everywhere Productions LLC, Badhouse Studios, LLC, After Productions, LLC, Rise Up, LLC, Status Update LLC, Morgan Creek Productions, Inc., Shock and Awe, LLC, Fun Mom Dinner, LLC, Dead Trigger Movie, LLC, YAR Productions, Inc., Gunfighter Productions, LLC, Ace in the Hole Productions, LP, SF Film, LLC, The Rest of Us, Inc., Killing Link Distribution, LLC, Cell Film Holdings, LLC, Dallas Buyers Club, LLC, Screen Media Ventures, LLC, Rambo V Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., LHF Productions, Inc., UN4

3.  On July 27, 2023, the United States District Court for the Southern District of New York (the "District Court") issued an Order with regard to the RCC Motion [ECF No. 2212] (the "RCC Order"). In the RCC Order, the District Court found that the motion was premature with regard to the administrative claims asserted by RCC because Frontier had not yet objected to those claims. The District Court denied the RCC Motion as it related to the prepetition claims asserted by RCC.

4.  In the RCC Order, the District Court indicated an intention to take up Frontier's DMCA defenses in the event the Bankruptcy Court found liability in favor of RCC on their copyright infringement claims. Specifically, the Court stated:

> The Court finds that the Copyright Claimants have met their burden for mandatory withdrawal in part. Whether Frontier can avail itself of § 512(a) of the DMCA is a novel question in this Circuit, and will require substantial interpretation of federal non-bankruptcy law. Therefore, withdrawal of the reference is mandated under § 157(d) as to that claim.

(RCC Order, p. 9 (citations omitted) (emphasis added)). The District Court proceeded to conclude:

> However, the Court agrees with Frontier that the issue requiring substantial and material consideration of non-Bankruptcy Code federal law – whether Frontier can avail itself of § 512(a) of the DMCA – may be rendered moot. Immediate withdrawal of the reference is not needed at this time. The reference shall be withdrawn if and when the § 512(a) issue requires resolution by this Court.

(*Id.* at 10 (citation omitted) (emphasis added)).

5.  On July 27, 2023, the District Court issued an Order with regard to the MCC Motion [ECF No. 2213] (the "MCC Order"). In the MCC Order, the District Court also found

---

Productions, Inc., Millennium Media, Inc., Bodyguard Productions, Inc., Hunter Killer Productions, Inc., Fallen Productions, Inc., HB Productions, Inc., Laundry Productions, Inc., Black Butterfly Film, LLC, AMBI Distribution Corp., Dubious Productions, Inc., Rupture CAL, Inc., Future World One, LLC, Groove Tails Production, LLC, Family of the Year Productions, LLC, Eve Nevada, LLC, After II Movie, LLC, Wonder One, LLC, and American Cinema International, Inc.

that the motion was premature with regard to the administrative claims asserted by MCC because Frontier had not yet objected to those claims. The District Court denied the MCC Motion as it related to the prepetition claims asserted by the MCC.

6. The District Court made similar findings in the MCC Order regarding Frontier's defenses under the DMCA and again concluded that "[i]mmediate withdrawal of the reference is not needed at this time" and that "[t]he reference shall be withdrawn if and when the § 512(a) issue requires resolution by this Court." (MCC Order, page 9).

7. In light of the foregoing, the District Court was clear that it would withdraw the reference as to Frontier's DMCA defenses, but only if it became necessary to do so (i.e. if the Bankruptcy Court concludes that RCC and MCC have established the elements of their affirmative copyright infringement claims).

8. On November 21, 2023, this Court issued its Case Management Order #1 directing the parties to file statements as to their views "of the issues that are to be decided by the Bankruptcy Court and the issues that <u>may</u> be decided by the District Court." ECF No. 2229 at 2. In accordance with that order, Frontier filed its statement on December 5, 2023. ECF No. 2234. In that statement, Frontier provided the following description of the issues to be decided by the District Court:

> "If and when" the matter is ripe for resolution, whether Frontier may avail itself of the safe harbor set forth in 17 U.S.C. § 512(a). Case No. 1:21-cv-05253-AT, ECF No. 15, Order, at 10 … ("The reference shall be withdrawn if and when the § 512(a) issue requires resolution by this Court."); Case No. 1:21-cv-05708, ECF No. 20, Order, at 9 … ("The reference shall be withdrawn if and when the § 512(a) issue requires resolution by this Court."). Frontier respectfully submits that the question of § 512(a)'s applicability should not require resolution by the District Court.

*Id.*

9. Frontier adheres to and readopts this description of the issues to be decided by the District Court. If this Court finds for Frontier on the elements of the copyright infringement claims, then it will never be necessary for the District Court to address Frontier's DMCA defenses. If, on the other hand, the Court finds that claimants have satisfied the elements of their copyright infringement claims, then the reference should be withdrawn so that the District Court may address Frontier's DMCA defenses.

10. As such, and consistent with the RCC Order and the MCC Order, Frontier will pursue mandatory withdrawal of the reference as to its DMCA defenses in the event this Court finds in favor of RCC and MCC on the elements of their affirmative copyright infringement claims.

Dated at New Haven, Connecticut, this 3rd day of April, 2024.

|  |  |
|---|---|
| | Reorganized Debtors |
| By: | */s/ Joshua W. Cohen* |
| | Stanley A. Twardy, Jr. |
| | Elizabeth A. Alquist |
| | Day Pitney LLP |
| | One Stamford Plaza |
| | 263 Tresser Blvd., 7th Floor |
| | Stamford, CT 06901 |
| | Phone: (203) 977-7300 |
| | Fax: (203) 977-7301 |
| | Email: satwardy@daypitney.com |
| | eaalquist@daypitney.com |
| | |
| | Jonathan B. Tropp |
| | Joshua W. Cohen |
| | Day Pitney LLP |
| | 195 Church Street |
| | New Haven, CT 06510 |
| | Telephone: (203) 752-5000 |
| | Facsimile: (203) 752-5001 |
| | E-mail: jbtropp@daypitney.com |
| | jwcohen@daypitney.com |

-7-

John P. Campo
AKERMAN LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020
Phone: (212) 880-3800
Fax:  (212) 259-7189
Email: john.campo@akerman.com

Ildefonso P. Mas
(Admitted Pro Hac Vice)
AKERMAN LLP
750 Ninth Street, N.W., Suite 750
Washington, D.C.  20001
Phone: (202) 824-1736
Fax: (305) 374-5095
Email: ildefonso.mas@akerman.com

*Co-Counsel to the Reorganized Debtors*

-8-

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on April 3, 2024, a copy of the foregoing REORGANIZED DEBTORS' NOTICE AND RESERVATION OF RIGHTS REGARDING WITHDRAWAL OF REFERENCE AS TO DMCA DEFENSES was filed electronically and served by mail or e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail or e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Joshua W. Cohen*