

**STANLEY A. TWARDY, JR.**
Attorney at Law

One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, CT 06901
T: (203) 977-7368 F: (866) 458-1037
satwardy@daypitney.com

April 11, 2024

**VIA E-FILING**

Chief Judge Martin Glenn
U.S. Bankruptcy Court, S.D.N.Y.
One Bowling Green
New York, NY 10004-1408

    Re:    <u>In re: Frontier Communications Corp., No. 20-22476-mg</u>

Dear Judge Glenn:

On behalf of Frontier Communications Corporation ("Frontier"), we write to request a discovery conference in the above-referenced action. Since coming into the case, we have cooperated with counsel for both the Record Company Claimants ("RCC") and the Movie Company Claimants to address any discovery issues they have raised.

Discovery, however, is a two-way street and, despite our attempts to meet and confer with counsel for the RCC, RCC has refused to comply with Frontier's reasonable discovery requests. Indeed, RCC stated in response to no fewer than 15 of Frontier's 38 requests for production that it would not produce any documents. While some of these issues remain under discussion, one of the issues is both ripe and pressing.

Specifically, Frontier seeks documents from RCC concerning so-called "repeat infringer policies" that other internet service providers ("ISPs") have developed to address notices of alleged copyright infringement by their customers:

- Request 33 - "All documents concerning communications with any online service provider regarding the reasonableness or sufficiency of their repeat infringer program."

- Request 36 - "All documents concerning agreements between any of the Record Company Claimants and any online service provider concerning its repeat infringer policy."



RCC objects that it will only produce communications and agreements **with Frontier** concerning *its* repeat infringer policy. This is insufficient, as Frontier already has possession of its own communications with RCC and has no agreements with RCC during the relevant period.

Along the same lines, RCC refuses to apply two search terms to its ESI—("ISP" AND "safe harbor" AND DMCA) and ("ISP" AND "repeat infring!")—that would identify documents respective to Requests 33 and 36.

In written correspondence and during a meet and confer held on April 4, 2024, RCC took the position that documents concerning other ISPs' repeat infringer policies are not relevant to this litigation or Frontier's safe harbor defense under 17 U.S.C. § 512(a). RCC also claimed that documents reflecting RCC's communications and agreements with other ISPs would be privileged. Neither argument is correct.

*First*, documents concerning other ISPs' repeat infringer policies are relevant to this litigation and well within the scope of discovery in light of Frontier's safe harbor defense under the Digital Millennium Copyright Act ("DMCA"). That defense applies to an ISP that "has adopted and reasonably implemented … a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." 17 U.S.C. § 512(i). Documents concerning other ISPs' repeat infringer policies—as well as RCC's view of those policies—are relevant to show when a subscriber or account holder might qualify as a "repeat infringer," what "reasonable implement[ation]" might be, and the "appropriate circumstances" in which a subscriber or account holder should be terminated as a repeat infringer. To be sure, RCC cannot very well challenge Frontier's policy as unreasonable if it is not benchmarked against what other ISPs do—unreasonable compared to what? Documents responsive to Frontier's requests may show those circumstances that RCC acknowledges qualify for the safe harbor. They may also reflect an industry standard. And if RCC has never seen a repeat infringer policy that it believes to have been reasonably implemented, that too would be telling.

*Second*, RCC cannot rely on the blanket claim that all (or even most) of the documents responsive to Requests 33 and 36 will be privileged. To start, Frontier is seeking, among other things, agreements and communications **between** RCC and third-party ISPs, which by definition cannot be privileged.[1] In addition, RCC has not, to Frontier's knowledge, actually reviewed any documents that are returned by the proposed search terms (given RCC's steadfast refusal even to run the searches). RCC's claim that counsel would be invariably involved in any discussion of repeat infringer policies is thus speculative at best. These are not requests that, on their face, call primarily for privileged communications because, again, Frontier seeks communications and

---

[1] The Court will recall that, at RCC's urging, it directed Frontier to produce communications with other copyright owners. RCC cannot now have it both ways when it comes to communications with third parties.



agreements with third parties. Moreover, to the extent counsel were involved in some of these communications, such communications can and should be logged like any other privileged communication.

      For these reasons, Frontier respectfully requests that the Court schedule a discovery conference, overrule RCC's objections to Requests 33 and 36, and order RCC to search for and produce documents responsive to Requests 33 and 36, including by using Frontier's proposed search terms.

                                       Respectfully submitted,

                                       Stanley A. Twardy, Jr.

SAT/

cc:      All Counsel Record