UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FRONTIER COMMUNICATIONS<br>CORPORATION, *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-22476 (MG)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER AMENDING DECEMBER 13, 2023**
**DISCOVERY CONFIDENTIALTY STIPULATION AND ORDER**

To facilitate the review and inspection of third party source code material, the parties agree to amend the Court's December 13, 2023 Discovery Confidentiality Stipulation and Order as follows:

1. Paragraphs 1(a) and 1(e) are hereby amended to include within the definition of "Protected Information," and information designated by a "Designating Party," any information designated by Audible Magic and/or OpSec Online, LLC (hereafter: "Third-Party") as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE."

2. Paragraph 2(g) is added to state as follows:

g. *Highly Confidential – Attorneys' Eyes Only - Restricted Source Code*. A third party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE" to the extent such Protected Information includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"). Nothing in this protective order shall be construed so as to (i) obligate the parties to produce source code material, (ii) serve as an admission that source code material of any type is discoverable in this litigation, or (iii) waive any party's or non-party's right to object on any ground to the production of source code material.

CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE" as a potential designation.

4. Paragraph 6(c) is added as follows:

c. For HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE Information:

- (a) attorneys who are not employees of any named party, but who serve as outside counsel to a named party in connection with the Cases, and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of the Cases

- (b) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of the Cases, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than the Cases; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Designating Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Information is to be given to that consultant or expert, and the Designating Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Information to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

- (c) independent litigation support services, including persons working as graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action who have completed the Undertaking attached as Exhibit A hereto; and

- (d) the Court, its personnel, and any court reporters.

5. Paragraph 9.1 is hereby added to state as follows:

9.1 For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE" the following additional restrictions apply:

2

Code Material shall only be provided on two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computers may be connected to a printer. The receiving Party shall make no attempt to connect any external storage device or network-connected device to the stand-alone computer(s); provided, however, that the source code reviewer(s) and any representative of the receiving Party, including outside counsel, shall be permitted to bring into the source code room a laptop computer or other electronic note taking device. Additionally, absent separate written agreement between the Parties, the stand-alone computers may only be located at the offices of the producing Party's outside counsel;

(b)  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time on weekdays, excluding court holidays and with one-week advance notice for the first such source code review, and three business-days' notice for any subsequent source code reviews, identifying the individuals who will be present at the review. However, upon reasonable notice from the receiving party, the producing Third-Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Third-Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)  The producing Third-Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

(d)  The producing Third-Party will produce Source Code Material in computer searchable format on the stand-alone computers as described above. The receiving Party may request that the producing Third-Party install software, at the receiving Party's expense, on the stand-alone computers to perform searches of or to otherwise operate or analyze the Source Code Material. The receiving Party must provide the producing Third-Party with appropriate access and license information for such software tool(s) at least one week in advance of the date upon which the receiving Party wishes to have the additional software available for use on the Source Code Review computers. Timely requests for the installation of such software will not be unreasonably denied;

(e)  Access to Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Information pursuant to paragraph 6(c) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have

accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and so treated;

(g) Except as otherwise set forth in this paragraph 9.1, no electronic copies of Source Code Material shall be made without prior written consent of the producing Third-Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i) All printouts of Source Code Material shall be printed on blue colored paper, shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE," and each page shall be given a unique production identification number;

(j) Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(k) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED SOURCE CODE" and shall continue to be treated as such;

(l) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(m) A producing Third-Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 6(c) above to another person authorized under paragraph 6(c) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a

electronically for the purpose of Court proceeding(s) or deposition(s) as set forth herein and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

*- Signature Page to Follow -*

5

| | |
|---|---|
| By: /s/ Alexander Kaplan<br>Matthew J. Oppenheim<br>**OPPENHEIM + ZEBRAK, LLP**<br>4350 Wisconsin Avenue, NW, 5th Fl.<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br><br>Alexander Kaplan<br>Carly K. Rothman<br>**OPPENHEIM + ZEBRAK, LLP**<br>461 Fifth Avenue, 19th Floor<br>New York, NY 1010017<br>Telephone: (212) 951-1156<br><br>Michael Luskin<br>Stephan E. Hornung<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>*Counsel to the Record Company Claimants* | By: /s/ Joshua W. Cohen<br>Stanley A. Twardy, Jr.<br>Elizabeth A. Alquist<br>Jonathan B. Tropp<br>Joshua W. Cohen<br>**DAY PITNEY LLP**<br>One Stamford Plaza<br>263 Tresser Blvd., 7th Floor<br>Stamford, CT 06901<br>Telephone: (203) 977-7368<br><br>Ildefonso Mas (admitted *pro hac vice*)<br>**AKERMAN LLP**<br>71 South Wacker Drive, 47th Floor<br>Chicago, IL 60606<br>Telephone: (312) 634-5700<br><br>*Counsel to the Reorganized Debtors* |
| **MOVIE COMPANY CLAIMANTS**<br><br>By: /s/ Kerry S. Culpepper<br>Kerry S. Culpepper (admitted *pro hac vice*)<br>**CULPEPPER IP, LLLC**<br>75-170 Hualalai Rd., STE B204<br>Kailua-Kona, HI 96740<br>Telephone: (808) 464-4047<br><br>*Counsel to the Movie Company Claimants* | |

**IT IS SO ORDERED.**

Dated: August 16, 2024
      New York, New York

                                        **/s/ Martin Glenn**
                                        MARTIN GLENN
                        Chief United States Bankruptcy Judge