

Matthew Oppenheim
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.450.3958
matt@oandzlaw.com

**VIA CM/ECF AND EMAIL**                                                                                       September 27, 2024

The Honorable Martin Glenn
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re:**  *In re Frontier Communications Corp.*, **Case No. 20-22476 (S.D.N.Y. Bankr.)**

Dear Chief Judge Glenn:

On behalf of the Record Company Claimants (the "RCCs") in the above-captioned action, we write regarding the Reorganized Debtor's ("Frontier") letter earlier today, ECF No. 2433 (the "Letter"), seeking reconsideration of the Court's September 19, 2024 Order requiring Frontier to produce documents over which Frontier asserted privilege. ECF No. 2430 (the "Order"). The Court should deny Frontier's request for reconsideration and order Frontier (again) to produce all documents specified in the Order immediately.

Frontier has told the Court that it is "[i]n the course of complying with the Order . . . ." Letter at 1. But instead of producing the documents as ordered, Frontier has taken the last eight days to re-review them and assert new privilege claims, only producing documents in response to the Order minutes ago and after filing its Letter.

Frontier has had innumerable opportunities to assert all applicable privileges over the documents at issue and Frontier should not be able to use the Order to take yet another bite at the apple. "The standard for granting a motion for reconsideration is strictly construed to avoid repetitive arguments on issues that the court has already fully considered." *In re Residential Cap., LLC*, No. 12-12020 (MG), 2015 WL 1598090, at *5 (Bankr. S.D.N.Y. Apr. 9, 2015) (Glenn, J.) (internal quotation marks omitted)), *aff'd sub nom. Residential Cap., LLC*, No. 15 CIV. 3248 (KPF), 2016 WL 796860 (S.D.N.Y. Feb. 22, 2016). A motion for reconsideration "is not a proper 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.*

Here, Frontier cannot identify any new evidence or any facts that prevented Frontier from asserting work product protection over the documents raised in the Letter prior to the Court's *in camera* review that resulted in the Order. Frontier has had many opportunities to assert work product protection over these documents: as the Court is well aware, the RCCs have been contesting Frontier's privilege assertions for months. In opposition, Frontier has repeatedly

claimed that its privilege logs demonstrate "a conscientious, faithful application of the elements of the attorney-client privilege and the work-product doctrine to each document under the facts of this particular case." Frontier's Mem. of Law in Opp. to the RCCs' Mot. to Preclude the Testimony of Paul Garcia or, in the Alternative, to Compel the Production of Withheld Documents at 1 (July 17, 2024), ECF No. 2394; Frontier's Mem. Regarding the Applicable Legal Principles for the Court's *In Camera* Review at 3 (Aug. 27, 2024), ECF No. 2422 (stating that "Frontier invested substantial energies to review each document for privilege on its own merits"); May 14, 2024 Ltr. to Court at 1, ECF No. 2353 (stating that Frontier "carefully employed [applicable privilege law principles] in performing its document review").

Additionally, Frontier has repeatedly re-reviewed and corrected its privilege assertions and log. In response to the RCCs' motion, Frontier identified "a handful of documents that were erroneously redacted as a result of inadvertent errors (and have now been produced) . . . ." ECF No. 2394 at 4; *see also* ECF No. 2422 at 3 (stating that "23 documents [] have already been fully produced after Frontier independently determined they were logged in error"). And, in response to the Court ordering *in camera* review of documents over which Frontier asserted privilege, ECF No. 2418, Frontier seemingly re-reviewed *all* of the documents on its log, as Frontier identified 76 documents it had "logged in error" and provided a revised privilege log. ECF No. 2422 at 3.

The time for Frontier to assert work product protection was *before* the Court's *in camera* review, not after. The Court should deny Frontier's request for reconsideration and order Frontier to produce all documents specified in the Order without further delay.


Respectfully submitted,


 */s/ Matthew J. Oppenheim*
Matthew J. Oppenheim

2