

# CULPEPPER IP, LLLC

ATTORNEY AT LAW

75-170 HUALALAI ROAD, SUITE B204
KAILUA-KONA, HAWAII 96740

TEL: (808) 464-4047
FAX: (202) 204-5181

WWW.CULPEPPERIP.COM
_____
PATENTS, TRADEMARKS & COPYRIGHTS

KERRY S. CULPEPPER *

\* ADMITTED TO PRACTICE IN VIRGINIA, HAWAI'I
  AND BEFORE THE USPTO

Sept. 29, 2024

<u>Via E-mail</u>: mg.chambers@nysb.uscourts.gov

<u>Via ECF</u>

Chief Judge Martin Glenn

US Bankruptcy Court, Southern District of New York

One Bowling Green

New York, NY 10004-1408

Case Name: *In re: FRONTIER COMMUNICATIONS CORPORATION, et al.*, Case No. 20-22476-mg

Re: Frontier's Requests for Reconsideration in Docket Entry Nos. 2342-2433.

Dear Judge Glenn,

    I represent Movie Company Claimants ("MCCs") in this contested proceeding against Debtor Frontier Communications Corp. MCCs join in the Sept. 27, 2024 letter (at Doc.# 2434) of the Record Company Claimants (RCCs) urging the Court to deny Frontier's letter (at Doc. #2433) requesting reconsideration of Your Honor's Order [Doc. #2430]. MCCs further urge this Court to deny Frontier's request for reconsideration in its letter (at Doc. #2432) of Sept. 23, 2024. Frontier treats Your Honor's Order [Doc. #2430] as some type of advisory opinion or opening round in a negotiation rather than immediately complying with the Order. Particularly, Frontier steadfastly refuses to produce documents based upon privilege claims Your Honor already rejected. Even worse, rather than using the Order as guidance as to what type of claims of privilege Your Honor considers appropriate, Frontier has expanded its misguided approach by recently refusing based upon attorney client privilege to answer informal discovery requests of "when" it issued a legal hold notice in response to MCCs' demand letter or "when" Frontier informed its counsel it was still deleting IP address assignment records[1]. *See Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677, 685 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney").

---

[1] Just this week, in response to MCCs' request for Frontier to stipulate to facts based upon comments Mr. Garcia said in written emails, Frontier issued claw backs on the emails based upon claims of attorney client privilege.

Accordingly, MCCs request the Court to deny Frontier's requests for reconsideration and order it to produce the documents for which the Court rejected a claim for privilege within 3 days.

Sincerely,

/ksc/

Kerry S. Culpepper

kculpepper@culpepperip.com