

# CULPEPPER IP, LLLC

ATTORNEY AT LAW

75-170 HUALALAI ROAD, SUITE B204
KAILUA-KONA, HAWAII 96740

TEL: (808) 464-4047
FAX: (202) 204-5181

WWW.CULPEPPERIP.COM
———————
PATENTS, TRADEMARKS & COPYRIGHTS

KERRY S. CULPEPPER *

* ADMITTED TO PRACTICE IN VIRGINIA, HAWAI'I
  AND BEFORE THE USPTO

Oct. 7, 2024

<u>Via E-mail</u>: mg.chambers@nysb.uscourts.gov

<u>Via ECF</u>

Chief Judge Martin Glenn

US Bankruptcy Court, Southern District of New York

One Bowling Green

New York, NY 10004-1408

Case Name: *In re: FRONTIER COMMUNICATIONS CORPORATION, et al.*, Case No. 20-22476-mg

Re: Request for Conference on Discovery Dispute

Dear Judge Glenn,

I represent Movie Company Claimants ("MCCs") in this contested proceeding against Debtor Frontier Communications, Inc. ("Frontier"). I am writing to request a discovery conference on privilege and claw back disputes between MCCs and Frontier. The Parties met and conferred on Oct. 7, 2024.

***I.    Frontier makes untimely and improper claw back requests to prevent MCCs from using communication that shows Frontier was on notice of its duty to preserve relevant information.***

    ***A.    Brief Factual Background***

On or about April 19, 2024, Frontier produced documents FRONTIER_00166797-FRONTIER_00166801 and designated as highly confidential – outside counsel's eyes only.

On or about April 25, 2024, Frontier produced documents FRONTIER_00037454-FRONTIER_00037472 that included extensive redactions for privilege and designated as confidential.

On Sept. 4, 2024, MCCs proposed factual stipulations to Frontier for their upcoming opening brief for whether Frontier should be sanctioned for its intentional deletion of electronic data. Two of MCCs' proposed stipulations were verbatim statements made by Paul Garcia in emails produced in FRONTIER_00166797 and FRONTIER_00037458.

On Sept. 27, 2024, Frontier's counsel Cait Barrett issued a claw back request for FRONTIER_00166797 and FRONTIER_00037458[1]. *See* Exhibit "1".[2]

---

[1] FRONTIER_00166797 and FRONTIER_00037458 were not on the privilege log that was subject of Court's Order [Doc. #2430] on Sept. 19, 2024.

[2] Frontier's claw back request refers to the earlier Protective Order [ECF No. 666] for the general bankruptcy case.

Page 2

**B.      Frontier waived any claims of privilege to FRONTIER_00166797 and FRONTIER_00037458 by failing to comply with the confidentiality order, F.R.C.P 26(b)(5)(B) and F.R.E. 502.**

The Confidentiality Order [Doc. #2243] provides that: "…the inadvertent production…of documents… subject to the attorney-client privilege… shall not constitute a waiver of… any claim that such or related material is … privileged…provided that the Producing Party ***promptly notifies the Receiving Party in writing after discovery of such inadvertent production or disclosure***." Confidentiality Order [Doc. #2243] at ¶20 (emphasis added).

F.R.E. 502(b) provides that inadvertent disclosure does not constitute waiver of attorney-client privilege and work product immunity if "(3) the holder ***promptly took reasonable steps*** to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B)." (emphasis added)

F.R.C.P. 26 (b)(5)(B) provides "(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it."

MCCs disagree that the statements made by Paul Garcia in emails produced in FRONTIER_00166797 and FRONTIER_00037458 are subject to the attorney client privilege, work product or any other privilege.  Nonetheless, Frontier waived such protection by waiting up to nearly 5 months at latest or 23 days at earliest, to notify MCCs of inadvertent production or disclosure.  Particularly, Frontier's delay of 23 days violates ¶20 of the governing Confidentiality Order's requirement that it promptly notify MCCs upon discovery and F.R.E. 502(b)'s requirements that it take reasonable steps "promptly".  *See In re Actos Antitrust Litig.*, 703 F. Supp. 3d 468, 472 (S.D.N.Y. 2023) (Finding that party waived privilege by waiting eight days to seek claw back).

Aware that it failed to satisfy the requirements of the governing Confidentiality Order, Frontier attempts to rely on the more forgiving language in ¶28 of an earlier Confidentiality Order [Doc. #666] for the bankruptcy case which states: "Within a ***reasonable period*** of time after a Producing Person discovers…that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return… by identifying in writing… the basis for withholding such Discovery Material from production." (emphasis added).  Incorrect. The later confidentiality order [Doc. #2243] entered into by the parties and endorsed by the Court governs this contested matter. But 23 days is not even a reasonable period under *In re Actos Antitrust Litig.*  Moreover, under even the earlier confidentiality order [Docs. #666], Frontier has failed to satisfy the requirement to state "the basis for withholding such Discovery Material from production" as also required by F.R.C.P. 26 (b)(5)(B).  Particularly, Frontier merely states "the privileged information at issue are attorney-client communications with Frontier's outside counsel". Exhibit "1".  Frontier fails to describe the nature of the documents in a manner that, without revealing information itself privileged or protected, will enable MCC to assess the claim as required by F.R.C.P. 26 (b)(5)(A)(ii).   Frontier's failure is especially prejudicial to MCCs since the Confidentiality Order

required them to destroy the documents and not make any arguments about the substance of the documents in opposing the privilege. *See* Confidentiality Order [Doc. #2243] at ¶20. Notably, Frontier has selectively produced numerous communications with outside counsel when these communications appear to benefit Frontier.

The Court should sustain MCCs objection to Frontier's untimely and improper claw back request of Mr. Garcia's statements in FRONTIER_00166797 and FRONTIER_00037458 and order Frontier to re-produce the documents to MCCs. At the very least, if the Court believes the claw back request is proper, the Court should review the emails *in camera* to determine the issue of whether they are privileged.

## II. *Frontier makes improper privilege claim to prevent MCCs from obtaining proof that Frontier either failed to issue a timely legal hold or that it ignored its counsel's instructions to stop deleting relevant information.*

On Sept. 5, 2024, per the Parties' agreement to conduct informal discovery for the upcoming briefing for sanctions for Frontier's intentional deletion of electronic data, MCCs' served Frontier informal requests including 10-11 and 13:

> *10. When (in November of 2019?) did Frontier place a legal hold on deletion of emails?*
>
> *11. When did Frontier issue a legal hold notice in response to MCCs' demand letter?*
>
> *13. When did Frontier inform its counsel that it was still deleting IP address assignment records from the RADIUS database?*

Frontier answered #10. However, for ##11 and 13, Frontier contradictorily stated: "Frontier objects to this inquiry as protected by attorney-client privilege and the attorney work-product doctrine." However, ##11 and 13 do not request content but timing. "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). Moreover, information responsive to the above requests is relevant to the issues of when Frontier was on notice that it must preserve electronic data and whether Frontier ignored its counsel's instructions.

## III. Conclusion

The Court should sustain MCCs objection to Frontier's untimely and improper claw back request of Mr. Garcia's statements in FRONTIER_00166797 and FRONTIER_00037458 and order Frontier to re-produce these documents within 3 business days. The Court should also sustain MCCs objection to Frontier's claim of privilege to informal requests 11 and 13 and order Frontier to promptly respond within 3 business days. I thank the Court for its attention to this matter.

Sincerely,

/ksc/

Kerry S. Culpepper

kculpepper@culpepperip.com

Attachment: Exhibit "1" (Frontier claw back request).