## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, et al., | Case No. 20-22476 (MG) |
| Reorganized Debtors. | (Jointly Administered) |

## JOINT STIPULATION OF FACTS PERTAINING TO THE MOVIE COMPANY CLAIMANTS' AND RECORD COMPANY CLAIMANTS' RULE 37(e) MOTIONS

The Movie Company Claimants ("MCCs")[1], the Record Company Claimants ("RCCs")[2]

(MCCs and RCCs, collectively, "Claimants"), and Reorganized Debtors (together, "Frontier")

(Claimants and Frontier each a "Party" and, collectively, "Parties") hereby stipulate, solely in

---

[1] Voltage Holdings, LLC; Backmask, LLC; Union Patriot Capital Management, LLC; Venice PI, LLC; Bedeviled, LLC; MON, LLC; Colossal Movie Productions, LLC; TBV Productions, LLC; Definition Delaware LLC; I Am Wrath Productions, Inc.; Hannibal Classics Inc.; Justice Everywhere Productions LLC; Badhouse Studios, LLC; Rise Up, LLC; Status Update LLC; Morgan Creek Productions, Inc.; Shock and Awe, LLC; Fun Mom Dinner, LLC; Dead Trigger Movie, LLC; YAR Productions, Inc.; Gunfighter Productions, LLC; Ace in the Hole Productions, LP; SF Film, LLC; The Rest of Us, Inc.; Killing Link Distribution, LLC; Dallas Buyers Club, LLC; Rambo V Productions, Inc.; Millennium Funding, Inc.; Millennium IP, Inc.; LHF Productions, Inc.; UN4 Productions, Inc.; Millennium Media, Inc.; Bodyguard Productions, Inc.; Hunter Killer Productions, Inc.; Fallen Productions, Inc.; HB Productions, Inc.; Black Butterfly Film, LLC; AMBI Distribution Corp.; Dubious Productions, Inc.; Rupture CAL, Inc.; Future World One, LLC; Groove Tails Productions, LLC; Eve Nevada, LLC; After II Movie, LLC; and Wonder One, LLC.

[2] UMG Recordings, Inc. and Capitol Records, LLC ("Universal Claimants"); ABKCO Music & Records, Inc. ("ABKCO Claimants"); Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, L.L.C., and Zomba Recording LLC ("Sony Claimants"); and Atlantic Recording Corporation, Atlantic Records Group LLC, Bad Boy Records LLC, Big Beat Records Inc., Elektra Entertainment Group Inc., Fueled by Ramen LLC, Maverick Recording Company, Nonesuch Records Inc., Rhino Entertainment Company, Rhino Entertainment LLC, Roadrunner Records, Inc., Warner Music Inc., Warner Music International Services Limited, Warner Music Nashville LLC, and Warner Records Inc. ("Warner Claimants").

connection with Claimants' intended motions pursuant to Rule 37(e) and without conceding

relevance, as follows:

**FACTS AS TO WHICH ALL PARTIES STIPULATE:**

1.      Since at least Oct. 27, 2012, copyright owners and their representatives have been

sending notices to Frontier alleging infringement of their copyrights at IP addresses associated

with Frontier subscribers' accounts (each a "Notice").

2.      The Universal Claimants began sending Notices to Frontier on May 3, 2019.

Other RCCs began sending Notices to Frontier in 2020.

3.      Frontier uses the open-source software MariaDB to maintain a relational database

documenting certain information in connection with certain actions Frontier took in response to

Frontier's receipt of Notices (the "Frontier DMCA Database"). The Frontier DMCA Database

tracks certain events in three tables: Reports, Notifications, and WG_Intercept.  The Reports

table contains records of Notices that Frontier has received, parsed, and processed. The

Notifications table contains records of e-mail notifications ("Notifications") Frontier attempted

to send to subscribers whose IP addresses were the subject of a Notice.  The WG_Intercept table

contains records of Walled Garden intercepts Frontier sought to implement with respect to users

of an IP address assigned to an account that was the subject of a certain number of notices.  The

Reports, Notifications, and WG_Intercept records were created by a computer script

contemporaneously with (1) the processing of a Notice, (2) an attempt to email a Notification, or

(3) initiation, acknowledgment, or removal of a Walled Garden intercept, respectively.

4.      Frontier has records that, for most but not all subscribers, show which subscriber

was assigned a particular cable modem or gateway, identified by MAC address.  Frontier's

Remote Authentication Dial-In User Service ("RADIUS") database contains records that

typically allow Frontier to determine the cable modem or gateway assigned a particular Frontier

IP address over a recent particular time.  In this manner, Frontier can typically identify which

subscriber account is or was associated with a particular IP address at a particular recent date and

time.  However, it is not always possible for Frontier to do so because the RADIUS database

does not and never did include such a record for all subscribers.

5.      The Reports table of Frontier's DMCA Database contains a record of the Notices

that Frontier processed successfully.  Records in the Reports table (each a "Report") identify the

subscriber account associated with a particular processed Notice, to the extent Frontier's DMCA

script identified the subscriber from the RADIUS database. Because the Reports table does not

contain records for every Notice Frontier received, the data in the Reports table cannot be used to

definitively identify the subscriber account, if any, associated with every Notice.

6.      Prior to March 2, 2020, the retention period for the Reports table was 6 months.

Between March 2, 2020, and January 15, 2021, the retention period was 12 months.  On January

15, 2021, the retention period was extended indefinitely.

7.      The Reports table stores Reports of Notices successfully processed by Frontier

from Sept. 2, 2019 on.

8.      Each Report includes identifying information for the subscriber whose account

was associated with the IP address in the corresponding Notice at the date/time specified in the

Notice. The identifying information can include the subscriber's user name, e-mail address, or

MAC address.

9.      Individual Reports reflect the IP address assignment at the date/time specified in

the corresponding Notice, but not at other times.

10.     If the IP address in a Notice is not assigned to a subscriber at the time alleged in the Notice, or if the IP address assignment in Frontier's systems has not been refreshed within a specified time period, Frontier's DMCA script does not create a Report, but the Notice is still delivered to Frontier's DMCA mailbox.

11.     Frontier has produced data from its DMCA Database in FRONTIER_00166746. In that production, the earliest Reports table data is dated September 2, 2019, the earliest Notifications table data is dated October 27, 2012, and the earliest WG_Intercept table data is dated August 11, 2017.

12.     Reports data in Frontier's DMCA Database older than September 2, 2019, was purged on or before March 2, 2020 by the automated operation of Frontier's computer system. Syslogs (defined in ¶ 16) older than February 6, 2021, were purged on or before March 23, 2021, by the automated operation of Frontier's computer system. The programs that purged Reports data and syslogs were created by Frontier and modified from time to time (see, for example, ¶¶ 6, 17).

13.     Before March 11, 2021, Frontier sent Notifications to subscribers upon receipt of the 16th Notice linked to an IP address assigned to the subscriber's account within a 90-day period. On March 11, 2021, Frontier changed the Notification threshold to the 11th Notice within a 90-day period.

14.     On May 19, 2021, Frontier revised its DMCA script to send a Notification to a subscriber upon receipt of the 11th Notice directed to the subscriber's assigned IP address within three years.

15.     For most but not all Frontier subscribers, Frontier's RADIUS database contains histories of dynamic IP addresses assigned to those subscribers.

120556508.10

16.     Frontier's main Notice processing script, dmca-xml.py, writes information about its processing of Notices over the course of each day into a text file known as a system log ("syslog"). The script creates a syslog entry when the script processes a particular Notice and encounters a particular threshold or encounters a particular error; the script then writes to the log a message indicating that it has encountered the threshold or error while processing a particular Notice. Among other things, the script writes error messages in the syslog ("syslog error") in a variety of circumstances, including but not limited to (i) when it cannot parse the XML contained in a Notice; or (ii) if the owner field for the IP address identified in the Notice cannot be populated.

17.     On or about March 23, 2021, Frontier extended its syslog retention period from 45 days to indefinite. Frontier retains and has produced syslogs from February 6, 2021 on.

18.     Frontier's dmca-xml.py script creates daily backtrace files for debugging purposes when the script encounters particular errors that cause the script to terminate. Frontier retains and has produced backtrace files from May 13, 2022 on.

19.     Frontier began preserving the emails of Philippe Levan and Josh Elmore automatically on November 12, 2019 pursuant to the request of its in-house counsel John Greifzu as reflected in Exhibit A.

20.     On or about March 16, 2020, Frontier received by certified mail from MCCs' counsel Kerry Culpepper a physical copy of the letter attached as Exhibit B.

21.     The Universal Claimants filed a Proof of Claim reflecting prepetition claims against Frontier in these Chapter 11 cases on January 22, 2021 (the "Universal Prepetition Claim"). The Universal Claimants filed an Amended Proof of Claim reflecting prepetition claims against Frontier in these Chapter 11 cases on August 17, 2022.

22.     The Universal Claimants and the ABKCO Claimants filed a Proof of Claim reflecting administrative claims against Frontier in these Chapter 11 cases on June 1, 2021. The Universal Claimants and ABKCO Claimants filed an Amended Proof of Claim reflecting administrative claims against Frontier in these Chapter 11 cases on August 16, 2022.

23.     The Sony Claimants filed a Proof of Claim reflecting administrative claims against Frontier in these Chapter 11 cases on June 1, 2021. The Sony Claimants filed an Amended Proof of Claim reflecting administrative claims against Frontier in these Chapter 11 cases on August 16, 2022.

24.     The Warner Claimants filed a Proof of Claim reflecting administrative claims against Frontier on June 1, 2021. The Warner Claimants filed an Amended Proof of Claim reflecting administrative claims against Frontier in these Chapter 11 cases on August 16, 2022.

25.     On May 17, 2021, Frontier filed an omnibus objection (ECF No. 1818) directed to the Universal Prepetition Claim and to one other claim filed in the case.

**FACTS AS TO WHICH THE MCCS AND FRONTIER STIPULATE:**

26.     Certain of the MCCs began sending Notices to Frontier in 2016.

27.     Frontier's static IP address databases (IP admin and IP tracker) contain active records for current static IP address assignments to Frontier subscribers.

28.     Frontier's DMCA Database includes a Walled Garden table that records data in connection with the operation of Frontier's Walled Garden, including the number of Walled Garden intercepts and the number of Walled Garden acknowledgments per subscriber.

29.     From Feb. of 2015 to July 31, 2022, John Greifzu worked at Frontier as an in-house counsel.

30.     From March 2012 through November 8, 2019, Greg Hartman was an Engineer, IT Systems for Frontier.

31.     In 2017, Mr. Hartman took on responsibilities related to the implementation of Frontier's repeat infringer policy.

32.     During 2017, 2018, and 2019, Mr. Hartman periodically ran a script that listed subscriber accounts and the number of Notices linked to each account during the past 90 days, sorted in descending order, from highest to lowest number of Notices.

33.     Before he resigned from Frontier in November 2019, Mr. Hartman showed Joshua Elmore how he carried out certain of Frontier's practices with respect to implementation of its repeat infringer policy.

34.     On September 19, 2016, Frontier received from RightsCorp, Inc. the letter attached as Exhibit C. On October 13, 2016, Frontier sent to Rightscorp the response letter attached as Exhibit D.

35.     On October 18, 2016, Frontier sent letters to certain subscribers notifying them that their internet service would be terminated, copies of which are attached as Exhibits E-H.

36.     On December 13, 2019, Frontier received from third-party MG Premium Limited the letter attached as Exhibit I.

37.     On January 9, 2020, Frontier's in-house counsel sent MG Premium Limited the letter attached as Exhibit J.

38.     On or about February 3, 2020, Frontier received from BMG Rights Management, LLC the letter attached as Exhibit K.

39.     On March 4, 2020, Frontier's in-house counsel sent BMG Rights Management, LLC the letter attached as Exhibit L.

40.    On March 12, 2020, Frontier sent to RightsCorp, Inc. the letter attached as Exhibit M.

41.    On March 31, 2020, Mr. Garcia responded to Mr. Culpepper's letter with the letter attached as Exhibit N.

42.    On April 6, 2020, Mr. Culpepper sent Mr. Garcia the letter attached as Exhibit O. Frontier did not respond to the letter.

43.    Between June 8 and September 28, 2020, MCCs filed multiple proofs of claim in the Frontier bankruptcy asserting pre-petition claims on the basis, inter alia, that Frontier was secondarily liable for copyright infringement.

44.    Between May 28 and June 1, 2021, MCCs filed post-petition administrative claims in the Frontier bankruptcy on the basis, inter alia, that Frontier was secondarily liable for copyright infringement.

45.    On December 28, 2020, after speaking with Frontier's outside counsel Joshua Robinson by telephone, Mr. Culpepper sent Mr. Robinson the e-mail correspondence attached as Exhibit P.

46.    On January 8, 2021, Frontier's outside counsel Mr. Robinson emailed MCCs' counsel Mr. Culpepper the proposed outline of topics for discovery attached as Exhibit Q.

47.    In May 2021, Frontier voluntarily produced to the MCCs data from Frontier's DMCA database for the period from September 2, 2019 through May 11, 2021.

48.    On November 22, 2023, MCCs served their First Request for Production of Documents, which are attached as Exhibit R.

49.     On January 25, 2024, the Court issued an Order under the Cable Act authorizing

and directing Frontier to disclose the identities of certain customers pursuant to a procedure

established by the Court. ("Cable Act Order") [Doc. #2264].

50.     On March 26, 2024, Frontier produced IP address assignment records for 64

subscribers for the period from August 2022 to March 2024.

51.     On April 11, 2024, Frontier identified 12 additional subscribers and produced IP

address assignment records for 11 subscribers for the period from September 2022.

52.     On June 10, 2024, Frontier served Responses to MCCs' First Set of Requests for

Admissions, which are attached as Exhibit S.

53.     On August 1, 2024, Frontier served Supplemental Answers to MCCs' First Set of

Interrogatories, which are attached as Exhibit T.

Dated: November 15, 2024

| | |
|---|---|
| */s/ Matthew J. Oppenheim* | */s/ Stanley A. Twardy, Jr.* |
| Matthew J. Oppenheim | Stanley A. Twardy, Jr. |
| Corey Miller | **DAY PITNEY LLP** |
| **OPPENHEIM + ZEBRAK, LLP** | One Stamford Plaza, 7th Floor |
| 4350 Wisconsin Avenue, NW, Fifth Floor | 263 Tresser Boulevard |
| Washington, DC 20016 | Stamford, CT 06901 |
| Telephone: (202) 480-2999 | Telephone: (203) 977-7300 |
| | |
| Alexander Kaplan | Jonathan B. Tropp |
| Carly K. Rothman | Joshua W. Cohen |
| Lauren Bergelson | **DAY PITNEY LLP** |
| **OPPENHEIM + ZEBRAK, LLP** | 195 Church Street, 15th Floor |
| 461 Fifth Avenue, 19th Floor | New Haven, CT |
| New York, New York 10017 | Telephone: (203) 752-5000 |
| Telephone: (212) 951-1156 | |

Michael Luskin
Stephan E. Hornung
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel to the Record Company Claimants*

Elizabeth A. Alquist
Matthew J. Letten
Caitlin M. Barrett
**DAY PITNEY LLP**
225 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0137
Fax: (860) 881-2456

Ildefonso P. Mas (Admitted Pro Hac Vice)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel: (312) 634 5700
Fax : (312) 424 1900

*Co-Counsel for Reorganized Debtors*

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on November 19, 2024, a copy of the foregoing

JOINT STIPULATION OF FACTS PERTAINING TO THE MOVIE COMPANY

CLAIMANTS' AND RECORD COMPANY CLAIMANTS' RULE 37(e) MOTIONS was filed

electronically and served by mail or e-mail on anyone unable to accept electronic filing.  Notice

of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail or e-mail to anyone unable to accept electronic filing as indicated on the

Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Joshua W. Cohen*

120556508.10