# EXHIBIT S

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, et al., | Case No. 20-22476 (MG) |
| Reorganized Debtors. | (Jointly Administered) |

**FRONTIER'S RESPONSES TO THE MOVIE COMPANY CLAIMANTS'**
**FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7036, including S.D.N.Y. Local Bankr. Rule 7036-1, and Federal Rules of Civil Procedure 26 and 36, the Reorganized Debtors   (collectively, "Frontier") hereby respond to Movie Company Claimants' First Request for Admissions to Debtor (Nos. 1-46) (the "Requests"), served by Movie Company Claimants ("MCC") dated May 11, 2024. Frontier's responses are based on such information as is reasonably available to it at the time of response. Further independent discovery, independent investigation, legal research and analysis by Frontier or its counsel may supply additional facts, information or documents, or add meaning to known facts, information or documents. Frontier's response is given without prejudice to Frontier's right to provide evidence regarding any subsequently discovered or compiled facts, information or documents, or to supplement or modify Frontier's answers and objections (collectively, "Responses") set forth below.

**GENERAL OBJECTIONS**

Frontier makes the following general responses and objections ("General Objections") to each Definition, Instruction and Request propounded in MCC's Requests to Frontier. These General Objections are hereby incorporated into each specific response. The assertion of the same,

similar, or additional objections or partial responses to individual Requests does not waive any of Frontier's General Objections.

1.    By responding to these Requests, Frontier does not waive its right to object to the use of the discovery responses at any time or on any ground in this or any other proceeding. In addition, discovery in this action is ongoing and, therefore, Frontier reserves the right to amend any response in light of subsequently discovered facts or based on documents which are not currently in its possession, custody or control.

2.    By responding to these Requests, Frontier does not in any way adopt MCC's definitions of words and phrases contained in these Requests. Frontier objects to those definitions to the extent they are inconsistent with either (a) the definitions set forth by Frontier in these responses, or (b) the ordinary and customary meaning of such words or phrases.

3.    Frontier objects to the definitions, instructions and individual Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, or purport to impose obligations that are inconsistent with or in excess of those obligations required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of New York. Frontier will interpret and respond to the Requests in the manner prescribed by the same.

4.    Frontier objects to the definitions, instructions and individual Requests to the extent they call for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or immunity under federal or state law.

119115033.5

5.      Frontier submits these Responses without conceding the relevancy or materiality of the subject matter of any Request, and without prejudice to Frontier's right to object to further discovery or to object to the admissibility of any answer at the time of hearing or trial.

6.      Frontier objects to each Request to the extent it seeks any confidential or proprietary information pertaining to Frontier's businesses, technology, or customers. Such proprietary or confidential information shall be disclosed solely pursuant to the Discovery Confidentiality Stipulation and Order entered into by the Court on December 13, 2023. (Dkt. 2243).

7.      Frontier objects to the definitions, instructions, and the individual Requests as overly broad and unduly burdensome to the extent they require Frontier to provide information beyond what Frontier is able to determine based on reasonable inquiry.

8.      Frontier objects to the definition of the terms "and" and "or" on the grounds that this definition is incoherent and cannot be followed and is inconsistent with the English language.

9.      Frontier objects to the definition of the terms "any" and "all" on the grounds that this definition is incoherent and cannot be followed and is inconsistent with the English language.

10.     Frontier objects to the definitions of "you," "your," "Debtor," and "Frontier" to the extent that they purport to encompass persons and entities that are legally distinct from Frontier, to the extent that they purport to impose obligations on non-parties to this litigation, and to the extent that they seek to require Frontier to disclose information that is not in its possession, custody or control.

11.    Frontier objects to the term "User" as vague and ambiguous. Frontier is not able to determine the identity of users of its internet service.

12.    Frontier objects to the definition of "Acceptable Use Policy" as vague, ambiguous, overly broad, and as inconsistent with Frontier's own usage of the term. Frontier construes "Acceptable Use Policy" to refer to either or both of its Residential Acceptable Use Policy and its Commercial Acceptable Use Policy.

13.    Frontier objects to the definition of the term "lease log" as vague, ambiguous, and unintelligible.

14.    Frontier objects to the definition of the term "Notice" as overbroad, vague, and ambiguous. Frontier further objects to this definition as incorporating the vague and ambiguous term "User." Frontier is not able to determine the identity of users of its internet service.

15.    Frontier objects to the term "non-payment" as overbroad, vague, and ambiguous.

16.    Frontier objects to the term "loan" as vague, ambiguous, and indecipherable.

17.    Frontier objects to the term "Walled Garden" as incorrect and indecipherable.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

1.    Admit that Frontier loans IP addresses to other Internet service providers ("ISP") but does not update the ARIN WHOIS records to indicate the name of the ISP to which it loaned the IP addresses during the loan period.

**RESPONSE:** Frontier objects that this Request seeks irrelevant information. Subject to the foregoing objection and the General Objections, denied.

2.    Admit that Frontier has knowledge that members of the public rely on the ARIN WHOIS records to identify the service provider assigned an IP address.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and overbroad with respect to "has knowledge," and "members of the public." Frontier further objects that this Request seeks irrelevant information.

Subject to the foregoing objections and the General Objections, denied.

3.      Referring to, for example, FRONTIER_00019288, Admit that as of March 1, 2019, Frontier failed to maintain Copyright infringement reports tied to specific customers older than six months.

**RESPONSE:** Frontier objects to "Copyright infringement reports" as vague, ambiguous, confusing, and undefined. Frontier objects to this Request as misleading and inflammatory with respect to "failed to maintain," "Copyright infringement reports," and "tied to specific customers." Frontier did not receive "Copyright infringement reports," nor did it even receive notices of alleged copyright infringement ("DMCA notices") "tied to specific customers." Nor did Frontier have any duty to receive, maintain, or act upon DMCA notices.

Subject to the foregoing objections and its General Objections, denied.

4.      Admit that through Feb 28, 2020, Frontier failed to maintain records of received notices older than six months.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier objects to this Request as misleading and inflammatory with respect to "failed to maintain." Frontier did not have any duty to receive, maintain, or act upon DMCA notices.

Subject to the foregoing objections and its General Objections, denied.

5.      Admit that through December 31, 2020, Frontier failed to maintain records of received notices older than 12 months.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier objects to this Request as misleading and inflammatory with respect to "failed to maintain." Frontier did not have any duty to receive, maintain, or act upon DMCA notices.

Subject to the foregoing objections and the General Objections, denied.

6.      Admit that as of April 1, 2024, Frontier failed to maintain IP address assignment records older than 18 months.

**RESPONSE:** Frontier objects to this Request as misleading and inflammatory with respect to "failed to maintain." Frontier did not have any duty to maintain IP address logs beyond those necessary for its business operations. Frontier further objects to this Request as vague and ambiguous, particularly with respect to "IP address assignment records."

Subject to the foregoing objection and its General Objections, denied.

7.      Referring to, for example, paragraph 6.38 of Exhibit 5, Admit that Frontier maintains audio recordings of inbound conversation with its customers concerning Point of Sale confirmations and cancellations.

**RESPONSE:** Frontier objects that this Request seeks information irrelevant to this action. Frontier further objects that this Request does not fully and fairly characterize the cited document.

Based on Frontier's objections, no response to this Request is required.

8.      Referring to Exhibits 1-4 of Movie Company Claimants' First Request for
Production of Documents and Docket Entry 2306, Admit that Frontier never knew the
identities of the subscribers of 20 IP addresses included in Exhibits 1-4.

**RESPONSE:** Frontier objects to this Request as overly broad, unduly burdensome,
and disproportionate to the needs of this case. Frontier further objects to this Request as
improper, as it seeks discovery about discovery without any sufficient basis to do so. *See,
e.g.*, *Kaye v. New York City Health & Hosps. Corp.*, No. 18CV12137JPOJLC, 2020 WL
283702, at *1 (S.D.N.Y. Jan. 21, 2020) ("Where, as here, a party seeks 'discovery on
discovery,' that party 'must provide an 'adequate factual basis' to justify the discovery, and
the Court must closely scrutinize the request 'in light of the danger of extending the already
costly and time-consuming discovery process ad infinitum.'" (citation omitted)). Frontier
further objects to this Request as directed to subject matter that was raised by MCC to and
addressed by the Court, which rejected MCC's demands for sanctions and further discovery.

Subject to the foregoing objections and the General Objections, denied.

9.      Referring to Exhibits 1-4 of Movie Company Claimants' First Request for
Production of Documents and Docket Entry 2306, Admit that there are at least 20 IP addresses
included in Exhibits 1-4 for which Frontier never knew the identities of the subscribers
assigned these IP address but continued to provide Internet service to these subscribers despite
receiving multiple notices concerning said 20 IP addresses.

**RESPONSE:**  Frontier objects to this Request as overly broad, unduly burdensome,
and disproportionate to the needs of this case. Frontier further objects to this Request as
improper, as it seeks discovery about discovery without any sufficient basis to do so. *See,
e.g.*, *Kaye v. New York City Health & Hosps. Corp.*, No. 18CV12137JPOJLC, 2020 WL

283702, at *1 (S.D.N.Y. Jan. 21, 2020) ("Where, as here, a party seeks 'discovery on discovery,' that party 'must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'" (citation omitted)). Frontier further objects to this Request as directed to subject matter that was raised by MCC to and addressed by the Court, which rejected MCC's demands for sanctions and further discovery.

Subject to the foregoing objections and the General Objections, denied.

10.    Referring to Exhibits 1-4 of Movie Company Claimants' First Request for Production of Documents, and Docket Entry 2306, Admit that there are at least 20 IP addresses included in Exhibits 1-4 for which Frontier never knew the identities of the subscribers assigned these IP addresses but continued to receive revenue from these subscribers.

**RESPONSE:** Frontier objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case. Frontier further objects to this Request as improper, as it seeks discovery about discovery without any sufficient basis to do so. *See, e.g.*, *Kaye v. New York City Health & Hosps. Corp.*, No. 18CV12137JPOJLC, 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020) ("Where, as here, a party seeks 'discovery on discovery,' that party 'must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'" (citation omitted)). Frontier further objects to this Request as directed to subject matter that was raised by MCC to and addressed by the Court, which rejected MCC's demands for sanctions and further discovery.

Subject to the foregoing objections and the General Objections, denied.

11.     Admit that as of April 23, 2019 there were at least 10,000 IP addresses for which Frontier could not identify the subscribers of the IP addresses.

**RESPONSE:** Frontier objects to this request as vague, ambiguous, and unintelligible. Based on Frontier's objections, no response to this Request is required.

12.     Admit that Frontier can place a subscriber in a walled garden to prevent the subscriber from further using Frontier's Internet service for downloading and uploading copies of content.

**RESPONSE:** Frontier objects to this request as vague, ambiguous, and unintelligible. Subject to the foregoing objection and the General Objections, denied.

13.     Referring to, for example, FRONTIER_00014934, Admit that Frontier placed subscribers in a walled garden to force modem firmware upgrades.

**RESPONSE:** Frontier objects to this request as vague, ambiguous, and unintelligible. Frontier further objects that this Request seeks irrelevant information.

Subject to the foregoing objections and the General Objections, denied.

14.     Referring to, for example, FRONTIER_00021491, FRONTIER_00007002 and FRONTIER_00014958, Admit that Frontier placed subscribers in a walled garden for non-payment.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and unintelligible. Frontier further objects that this Request seeks irrelevant information.

Subject to the foregoing objections and the General Objections, Frontier denies this request.

15.     Admit that Frontier turned off ports of Digital Subscriber Line ("DSL") customers for non-payment.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and unintelligible. Frontier further objects that this Request seeks irrelevant information.

Subject to the foregoing objections and the General Objections, Frontier denies this Request.

16.    Admit that Frontier automatically suspended a subscriber's service for non-payment.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and unintelligible. Frontier further objects that this Request seeks irrelevant information.

Subject to the foregoing objections and the General Objections, denied.

17.    Admit that Frontier can implement a filter to substantially prevent subscribers' use of BitTorrent on Frontier's Internet service for downloading and uploading copies of content via BitTorrent.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and unintelligible.

Subject to the foregoing objection and the General Objections, denied.

18.    Admit that Frontier can implement a website block to prevent some of its subscribers of its Internet service from accessing certain websites including but not limited to [YTS.MX](YTS.MX).

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, and unintelligible.

Subject to the foregoing objection and the General Objections, denied.

19.    Admit that Frontier can terminate its subscribers' service to prevent the subscribers from further using Frontier's service to download and upload copies of content.

**RESPONSE:** Subject to the General Objections, Frontier admits that it has the capability to terminate internet service with respect to any of its subscribers who purchase internet service.

Frontier further admits that the effect of such a termination is to eliminate the subscriber's access to Frontier's internet service for all purposes.  Except as expressly admitted, Frontier denies this Request.

20.      Referring to, for example, FRONTIER_00002986 and FRONTIER_00003372, Admit that Frontier recommended to a customer to implement a hardware firewall to block BitTorrent.

**RESPONSE:** Frontier objects that this Request seeks irrelevant information.

Subject to the foregoing objection and the General Objections, Frontier admits that its employee Josh Elmore communicated with customers about their use of a hardware firewall within their own network as set forth in FRONTIER_00002986 and FRONTIER_00003372, which documents speak for themselves. Except as expressly admitted, Frontier denies this Request.

21.      Admit that there are multiple instances of Frontier failing to terminate the Internet service of a customer despite receiving a notice indicating that a copy of one of Movie Claimants' movies was shared from said customer's Internet service and said customer admitting in writing that a user of the customer's Internet service used the service to engage in downloading movies consistent with the allegations in the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier further objects that this Request is unduly burdensome particularly with respect to its requirement that Frontier correlate DMCA notices pertaining to MCC's Works with particular customers alleged to have "admit[ted] in writing that a user of the customer's Internet service used the service to engage in downloading movies consistent with the

allegations in the notices." Frontier is willing to consider supplementing its response if pointed to specific DMCA notices and correlating "admissions."

Subject to the foregoing objections and the General Objections, denied.

22.    Referring to, for example, FRONTIER 00035177 (email of 9/23/2021 from Josh Elmore) and FRONTIER 00035920 (email of 8/3/2021 from Josh Elmore), Admit that Frontier failed to terminate the Internet service of a customer despite receiving a notice indicating that a copy of *London Has Fallen* was shared from the customer's Internet service and said customer not denying in a writing that a user of the customer's Internet service used the service to download movies consistent with the allegations in the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that it did not terminate the customers reflected in FRONTIER_00035177 and FRONTIER_00035920 in connection with the DMCA notices referenced in those documents.  Except as expressly admitted, Frontier denies this Request.

23.    Referring to FRONTIER 00035103 (email of 9/20/2021 from Josh Elmore), Admit that as of 10/30/2021, Frontier failed to terminate the Internet service of this customer despite receiving notices indicating that copies of *The Outpost*, *Ava* and *Angel Has Fallen* were shared from this customer's Internet service and this customer not denying in writing that a member of the customer's household used the Internet service to download movies consistent with the allegations in the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that it had not terminated the customer reflected in FRONTIER_00035103 as of 10/30/2021. Except as expressly admitted, Frontier denies the Request.

24.      Referring to, for example, FRONTIER 00035932 (email of 8/5/2021 from Josh Elmore), Admit that as of 10/30/2021, Frontier failed to terminate the Internet service of a customer despite receiving a notice indicating that a copy of *Rambo Last Blood* was shared from the customer's Internet service under file title "Rambo Last Blood (2019) [BluRay] [1080p] [YTS.LT] and said customer admitting that "...Minors got into comp and tried watch movie. Will delete program/download...".

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined.

Subject to the foregoing objection and the General Objections, with reference to the cited document, Frontier admits that the customer wrote: "Saw this, Minors got onto comp and tried watch Movie. Will delete program/download and increase security/parental locks. Hopefully no repeats in future." Frontier further admits that it had not terminated the customer reflected in FRONTIER_00035932 as of 10/30/2021.  Except as expressly admitted, Frontier denies the Request.

25.      Admit that Frontier failed to terminate the service of the subscriber <sup>REDACTED</sup> REDACTED assigned IP address 32.213.168.49 as of July 1, 2021 despite receiving multiple

notices alleging copyright infringement at the subscriber's Internet service and Movie

Company Claimants' pleading [Doc. #1894] on June 7, 2021 explicitly referring to this IP

address.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and

indecipherable, particularly with respect to the term "notices," which, in contrast to the term

"Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that

ECF No. 1894 refers to the IP address 32.213.168.49. Frontier further admits that it had not

terminated  REDACTED  as of July 1, 2021. Except as expressly admitted, Frontier denies

this Request.

26.    Admit that Frontier failed to terminate the service of the subscriber REDACTED

REDACTED assigned IP address 32.214.243.168 as of July 1, 2021 despite receiving multiple

notices alleging copyright infringement at the subscriber's Internet service and Movie

Company Claimants filing a pleading [Doc. #1894] on June 7, 2021 explicitly referring to

this IP address.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and

indecipherable, particularly with respect to the term "notices," which, in contrast to the term

"Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that

ECF No. 1894 refers to the IP address 32.213.168.49. Frontier further admits that it had not

terminated  REDACTED  as of July 1, 2021. Except as expressly admitted, Frontier denies

this Request.

27.    Admit that as of July 7, 2021, Frontier failed to terminate the service of the subscriber REDACTED assigned IP address 47.187.46.144 despite receiving more than 100 notices alleging copyright infringement at REDACTED's Internet service.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that it received more than 100 DMCA notices concerning IP address 47.187.46.144 while assigned to REDACTED and had not yet terminated his account as of July 7, 2021. Except as expressly admitted, Frontier denies this Request.

28.    Referring to, for example, MOVIE724815-MOVIE724823, Admit that REDACTED REDACTED used Frontier's Internet service to download and share copies of the following movies: *Kill Chain* (by file name: "Kill.Chain.2019.720p.WEBRip.800MB.x264-GalaxyRG[TGx]"); *London Has Fallen* (by file name: "London Has Fallen (2016) [YTS.AG]"); *Angel Has Fallen* (by file name: "Angel Has Fallen (2019) [WEBRip] [1080p] [YTS.LT]"); *Rambo Last Blood* (by file name: "Rambo.Last.Blood.2019.HC.1080p.HDRip.X264.AC3-EVO[EtHD]"); *The Last Full Measure* (by file name: "The.Last.Full.Measure.2019.720p.WEBRip.800MB.x264-GalaxyRG[TGx]") *After*; *Cell*; *2 Guns*; *Dallas Buyers Club*; and *Hitman's Bodyguard*.

**RESPONSE:** Subject to the General Objections, Frontier admits that Mr. REDACTED was deposed and gave testimony in this case, which testimony speaks for itself.  Except as expressly admitted, Frontier lacks knowledge or information sufficient to admit or deny this Request.

29.     Admit that as of July 7, 2021, Frontier failed to terminate the service of the subscriber REDACTED assigned IP address 47.197.47.162 despite receiving more than 75 notices alleging copyright infringement at REDACTEDh's Internet service of this customer.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to "at REDACTED's Internet service of this customer."

Subject to the foregoing objection and the General Objections, Frontier admits that it received DMCA notices with respect to IP address 47.197.47.162 and further admits that it had not terminated the internet service of REDACTED as of July 7, 2021.  Except as expressly admitted, this request is denied.

30.     Referring to, for example, MOVIE1206121-MOVIE1206123, Admit that REDACTED used Frontier's Internet service to download and share copies of the following movies: *The Hitman's Bodyguard* (by file name "The Hitmans Bodyguard 2017 1080p BluRay x264 DTS 5.1 MSubS- Hon3y"); and *Mechanic: Resurrection* (by file name: "Mechanic Resurrection (2016) 720p BrRip x264 – VPPV").

**RESPONSE:** Subject to the General Objections, Frontier lacks knowledge or information sufficient to admit or deny this Request.

31.     Referring to, for example, MOVIE724825-MOVIE724827, Admit that REDACTED REDACTED used Frontier's Internet service to download and share copies of the movie *Angel Has Fallen* under the file name: "Angel Has Fallen (2019) [BluRay] [1080p] [YTS.LT] Mechanic: Resurrection".

**RESPONSE:** Subject to the General Objections, Frontier lacks knowledge or information sufficient to admit or deny this Request.

32.     Referring to, for example, Exhibit 7, Admit that a household member of

REDACTED   used Frontier's Internet service to download and share copies of the

following movies: *Hellboy* (by file name: "Hellboy (2019) [WEBRip] [1080p]

[YTS.LT]"); and *Rambo V: Last Blood* (by file name: "Rambo Last Blood (2019)

[BluRay] [1080p] [YTS.LT]").

**RESPONSE:** Subject to the General Objections, Frontier lacks knowledge or

information sufficient to admit or deny this Request.

33.     Admit that Frontier fails to terminate the service of the subscribers assigned IP

addresses where it receives multiple notices even when the subscriber admits in writing to

Frontier that a user of the subscriber's Internet service used the service to engage in conduct

consistent with the allegations in the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and

indecipherable, particularly with respect to the term "notices," which, in contrast to the term

"Notices," is not defined. Frontier further objects that this Request is unduly burdensome

particularly with respect to its requirement that Frontier correlate DMCA notices pertaining to

MCC's Works with particular customers alleged to have "admit[ted] in writing to Frontier that

a user of the subscriber's Internet service used the service to engage in conduct consistent with

the allegations in the notices." Frontier is willing to consider supplementing its response if

pointed to specific DMCA notices and correlating "admissions."

Subject to the foregoing objections and the General Objections, denied.

34.     Admit that Frontier continued to receive payments from subscribers assigned IP addresses where Frontier received multiple notices and said subscribers have admitted in writing that they or members of their household used Frontier's service to engage in activity consistent with the allegations in the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier further objects that this Request is unduly burdensome particularly with respect to its requirement that Frontier correlate DMCA notices pertaining to MCC's Works with particular customers alleged to have "admitted in writing that they or members of their household used Frontier's service to engage in activity consistent with the allegations in the notices." Frontier is willing to consider supplementing its response if pointed to specific DMCA notices and correlating "admissions."

Subject to the foregoing objections and the General Objections, denied.

35.     Admit that for at least one instance, even when a customer admitted to Frontier that a member of the customer's household used Frontier's service to download and/or upload copies of content consistent with the allegations in a notice, Frontier only requested the customer to stop further downloading or uploading but did not require the customer to delete the copy of the content as a condition of maintaining service with Frontier.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier further objects that this Request is unduly burdensome particularly with respect to its requirement that Frontier correlate DMCA notices pertaining to MCC's Works with particular customers alleged to have "admitted to Frontier that a

member of the customer's household used Frontier's service to download and/or upload

copies of content consistent with the allegations in a notice." Frontier is willing to consider

supplementing its response if pointed to specific DMCA notices and correlating

"admissions."

Subject to the foregoing objections and the General Objections, denied.

36.     Admit that Frontier fails to forward notices to the subscriber assigned the IP

address in the notice unless Frontier receives more than a predetermined number of notices

greater than 5 for that subscriber.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and

indecipherable, particularly with respect to the term "notices," which, in contrast to the term

"Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that between

October 18, 2016 and December 31, 2021, Frontier did not send notifications of alleged copyright

infringement to the subscriber assigned the IP address referenced in the notice if Frontier had

received fewer than five notices for that IP address. Except as expressly admitted, Frontier denies

this Request.

37.     Admit that Frontier considers its customer responsible for all activity including

copyright infringement that occurs on the customer's network.

**RESPONSE:** Frontier objects to this Request to the extent it calls for a legal

conclusion.  Frontier further objects to this Request as vague and ambiguous, at least with

respect to "considers its customer responsible." Frontier further objects that this request is

overly broad and seeks irrelevant information.

Subject to the foregoing objections and the General Objections, Frontier admits that it has the right under its agreements with its subscribers and account holders to hold its subscribers and account holders accountable for any copyright infringement occurring at the IP address assigned to the account. Except as expressly admitted, Frontier denies this request.

38.    Referring to, for example, FRONTIER_00002709, Admit that Frontier apologized for enabling a hidden open WiFi network on at least one customer's router that was used by others to share copies of content.

**RESPONSE:** Frontier objects to this request as directed to irrelevant matter.

Subject to the foregoing objection and the General Objections, Frontier admits the authenticity of FRONTIER_00002709, which document speaks for itself.  Except as expressly admitted, Frontier denies this Request.

39.    With reference to, for example, FRONTIER00035331, Admit that there are subscribers for which Frontier intended and tried to terminate the subscribers' service, but the subscribers continued to use Frontier's service to access the Internet and Frontier continued to receive notices for said subscribers.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined.

Subject to the foregoing objection and the General Objections, Frontier admits that in a few limited circumstances, certain accounts continued to stay connected past the original termination date for technical reasons that Frontier investigated and ultimately solved, which resulted in the permanent termination of those accounts. Except as expressly admitted, Frontier denies this Request.

40.    Admit that there are instances in which Frontier failed to terminate the service of subscribers for which Frontier received multiple notices even when the subscribers requested Frontier to terminate the service in response to a communication from Frontier concerning the notices.

**RESPONSE:** Frontier objects to this Request as overbroad, vague, ambiguous, and indecipherable, particularly with respect to the term "notices," which, in contrast to the term "Notices," is not defined. Frontier further objects to this Request as unduly burdensome insofar as it concerns unspecified subscribers who allegedly requested Frontier to terminate their service. Frontier is willing to consider supplementing its Response if additional information is provided.

Subject to the foregoing objections and the General Objections, Frontier states that, after reasonable inquiry, Frontier lacks information sufficient to admit or deny this Request.

41.    Admit that from April 20, 2020, Frontier had knowledge that file names in notices with the letters "RARBG" were likely infringing file copies.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, overly broad and unduly burdensome insofar as it seeks the "knowledge" of "Frontier."

Subject to the foregoing objection and the General Objections, denied.

42.    Admit that from April 20, 2020, Frontier had knowledge that file names in notices with the letters "YTS" were likely infringing file copies.

**RESPONSE:** Frontier objects to this Request as vague, ambiguous, overly broad and unduly burdensome insofar as it seeks the "knowledge" of "Frontier."

Subject to the foregoing objection and the General Objections, denied.

43.    With reference to Exhibit 6, Admit that Frontier has engaged in deep packet inspection since 12/30/2008.

**RESPONSE:** Frontier objects to this request as vague and ambiguous with respect to "deep packet inspection."

Subject to the foregoing objection and the General Objections, denied.

44.    Admit that Frontier did not make any specific legal and/or factual arguments denying that it is secondarily liable for its customers violating 17 U.S.C. §1202 in its objections at Docket Entries 1818, 1842 or 1951.

**RESPONSE:** Subject to the General Objections, this request is an improper request that seeks only legal conclusions. To the extent a response to this Request may be deemed to be required, Frontier denies this request.

45.    Admit that Frontier did not assert that Movie Claimants were not legal or beneficial owners of the Works at issue or otherwise challenge ownership in its objections at Docket Entries 1818, 1842 or 1951.

**RESPONSE:** Subject to the General Objections, this request is an improper request that seeks only legal conclusions. To the extent a response to this Request may be deemed to be required, Frontier denies this request.

46.    With reference to FRONTIER00002027, Admit that Frontier's written policy for customers that repeatedly use its serve to infringe was not revised to provide for Account Termination until 12/12/2016.

**RESPONSE:** Frontier objects that this Request is unintelligible as written. Frontier further objects that the capitalized phrase "Account Termination" is not a defined term.

Frontier further objects to this Request as vague and ambiguous and as irrelevant to the extent

that it differs from 17 U.S.C. § 512(i).

      Subject to the foregoing objections and the General Objections, denied.

Dated:  June 10, 2024

REORGANIZED DEBTORS

By*:*  */s/ Stanley A. Twardy, Jr.*
    Stanley A. Twardy, Jr.
    **DAY PITNEY LLP**
    One Stamford Plaza
    263 Tresser Boulevard, 7th Floor
    Stamford, CT 06901
    Tel: (203) 977-7368
    Fax: (866) 458-1037

    Elizabeth A. Alquist
    Matthew J. Letten
    **DAY PITNEY LLP**
    225 Asylum Street
    Hartford, CT 06103
    Tel: (860) 275-0137
    Fax: (860) 881-2456

    Jonathan B. Tropp
    Joshua W. Cohen
    **DAY PITNEY LLP**
    195 Church Street, 15th Floor
    New Haven, CT 06510
    Tel: (203) 752-5000
    Fax: (203) 901-1733

    Ildefonso P. Mas (Admitted Pro Hac Vice)
    **AKERMAN LLP**
    71 South Wacker Drive, 47th Floor
    Chicago, IL 60606
    Tel: (312) 634 5700
    Fax : (312) 424 1900

    *Co-Counsel for Reorganized Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2024, the foregoing document was served on counsel of record by email.


*/s/ Jonathan B. Tropp*
Jonathan B. Tropp