**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FRONTIER COMMUNICATIONS CORP., *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-22476 (MG)<br><br>(Jointly Administered) |

## ORDER COMPELLING PRODUCTION

On direction of this Court during a discovery conference on December 11, 2024, Frontier produced 157 documents for *in camera* review. These documents pertain to the creation of a spreadsheet which Frontier described at that December 11 conference as a definitive list of approximately 441 Frontier accountholders who were terminated because of DMCA violations. (ECF Doc. # 2474 ("Transcript") at 21:5–22:5.) This spreadsheet was created in response to the Record Company Claimants' requests for information concerning the accounts Frontier terminated pursuant to its repeat-infringement policy. (ECF Doc. # 2402.) Frontier agreed that it is precluded from offering any evidence of terminations on account of DMCA violations for any subscribers outside the 441 listed in the spreadsheet.[1] (*Id.* 26:4–30:17.) Counsel for the Record Company Claimants stated during the December 11 hearing that they had requested "all the documentation relating to the creation of this termination list" (the spreadsheet), and that Frontier had asserted work product privilege over it. (Transcript at 33:5–17.) The Court subsequently ordered Frontier to produce these documents to the Court for *in camera* review, along with an updated privilege log including these documents. (*Id.* at 33:12–34:13.)

---

[1] It has since come to light that not all of the customers identified on the spreadsheet were terminated because they violated the DMCA. (*See* ECF Doc. # 2488.)

In a letter to this Court accompanying the production of the 157 documents, Frontier describes the spreadsheet as a document "which lists subscribers who (1) received termination letters and (2) for whom Frontier identified an account termination or data disconnect date in its DPI system." (ECF Doc. # 2476.) Frontier claims that because the spreadsheet was "created at the direction of counsel *during and for* this litigation . . . the documents surrounding its creation are protected by the work product doctrine." (*Id.*) Frontier also asserts attorney-client privilege over the communications the company had with its outside counsel which concern the creation of this spreadsheet. Frontier specifies the privilege or protection it is asserting over specific documents in its updated privilege log.

The Court sustains in part and overrules in part Frontier's privilege claims. The attorney-client privilege applies to those communications Frontier had with its outside counsel which it submitted for *in camera* review. *See In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 404 (S.D.N.Y. 2006) ("The privilege covers communications between the client (or the client's representative) and his attorney (or the attorney's representative) that are maintained in confidence and that are undertaken to facilitate or request the rendition of legal advice or the performance of other legal services by the attorney or that constitute the communication of such advice by the attorney."). Many of the emails between Frontier and its outside counsel also constitute opinion work product, as they contain "mental impressions, conclusions, opinions, or legal theories" of Frontier's outside counsel regarding aspects of Frontier's defense and the creation of the spreadsheet. *United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir.1998). However, none of the other documents are privileged.

The other documents largely fall into several categories: account termination letters sent to Frontier customers, drafts of (portions of) the spreadsheet, Teams meeting invitations,

computer script used to generate the spreadsheet, and Teams and email communications between Frontier employees. For the reasons discussed in the below chart, none of these types of documents are privileged. To the extent that any of these documents constitute fact work product (specifically, the drafts of the spreadsheet), Frontier waived privilege over fact work product related to the "matter" of the spreadsheet when it sent the spreadsheet—itself a piece of work product—to the plaintiffs in this case. *See Carpenter v. Churchville Greene Homeowner's Ass'n*, No. 09-CV-6552T, 2011 WL 4711961, at *10 (W.D.N.Y. Sept. 29, 2011), *report and recommendation adopted sub nom. Carpenter v. Churchville Greene Homeowner's Ass'n, Inc.*, No. 09-CV-6552, 2011 WL 6012539 (W.D.N.Y. Dec. 1, 2011) ("Disclosure to an adversary of work product protected material will generally effect a waiver."); *United States v. Nobles*, 422 U.S. 225, 239 (1975) (concluding that the testimonial use of work product constitutes waiver of all work product concerning the same subject matter); *Matrix Essentials, Inc. v. Quality King Distributors, Inc.*, No. CV901070LDWWDW, 2006 WL 8435312, at *4–5 (E.D.N.Y. Jan. 12, 2006) (finding waiver of fact work product related to a disclosed document, but not of opinion work product; "a waiver of work product by disclosure waives the privilege only as to matters covered in the waived documents") (cleaned up); *BNP Paribas v. Bank of New York Tr. Co.*, No. 11 CIV. 350 PGG HBP, 2013 WL 2434686, at *7 (S.D.N.Y. June 5, 2013) (same). Frontier did not, however, waive privilege over *opinion* work product related to the spreadsheet. *See Matrix Essentials*, 2006 WL 8435312, at *4–5 (finding waiver of fact, but not opinion, work product); *see also Palazzetti Imp./Exp., Inc. v. Morson*, No. 98-cv-722, 2000 WL 1015921, at *3 (S.D.N.Y. July 21, 2000) ("Although both factual and opinion work product fall within the scope of the doctrine, an attorney's mental impressions, conclusions, opinions, or legal theories typically are afforded greater protection."). Upon review of the documents, the Court has found

3

that (with the exception of one, PRIV00001931), the documents that are *not* communications between Frontier and its outside counsel and do *not* constitute or contain opinion work product, as none reflect the "mental impressions, conclusions, opinions, or legal theories of an attorney." *In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir. 2000).

The below chart contains the Court's document-by-document rulings and associated orders. The chart also reflects the assertions of privilege Frontier made over each document in its privilege log. WP stands for "work product," and AC stands for "attorney-client."

Frontier is hereby **ORDERED** to produce to the plaintiffs the documents indicated in the chart for production.

| BATES (PRIV0000-) | PRIVILEGE ASSERTED | PRIVILEGED (WP or AC)? | ORDER |
|---|---|---|---|
| 1887 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1888 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1889 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1890 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1891 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1892 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1893 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1894 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce |
| 1895 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1896 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1897 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1898 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1899 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1900 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |

| | | | |
|---|---|---|---|
| 1901 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1902 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1903 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1904 | WP | NOT PRIVILEGED (explanation of why two individuals were removed from DMCA termination list; not evidently created in anticipation of litigation) | Produce. Redact PII. |
| 1905 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1906 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1907 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1908 | WP | NOT PRIVILEGED (does not concern the creation of the spreadsheet, was not created in anticipation of litigation) | Produce. Redact PII. |
| 1909 | WP | NOT PRIVILEGED. *See* ECF Doc. # 2462 | Produce, but redact the last sentence of |

| | | | |
|---|---|---|---|
| | | (ordering production of litigation hold notices) | the second paragraph. |
| 1910 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1911 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1912 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 1913 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1914 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1915 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1916 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1917 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1918 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1919 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1920 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |

| | | | |
|---|---|---|---|
| 1921 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1922 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1923 | AC, WP | PRIVILEGED IN PART (communications do not entirely concern the provision of legal advice, do not contain hallmarks of opinion work product such as attorney mental impressions; not fact work product) | Produce, but redact Sean Murphy's May 13, 2024 email after "Please include." |
| 1924 | WP | NOT PRIVILEGED (not obviously created in anticipation of litigation) | Produce. |
| 1925 | WP | NOT PRIVILEGED (not obviously created in anticipation of litigation) | Produce. |
| 1926 | WP | NOT PRIVILEGED (not obviously created in anticipation of litigation) | Produce. |
| 1927 | WP | PRIVILEGED (while Frontier does not claim AC privilege over this attorney-client communication, the May 16, 2024 email from Frontier's outside counsel is opinion work product) | Do not produce. |
| 1928 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1929 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |

8

| 1930 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1931 | WP | PRIVILEGED (includes opinion work product from attorneys) | Do not produce. |
| 1932 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1933 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 1934 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 1935 | WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1936 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1937 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1938 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1939 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |

| | | | |
|---|---|---|---|
| 1940 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 1941 | WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1942 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1943 | WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1944 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1945 | WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1946 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1947 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1948 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP | Do not produce. |

10

|  |  |  | privilege was waived via the production of the spreadsheet to the RCCs) |  |
|---|---|---|---|---|
| 1949 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1950 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1951 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1952 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1953 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1954 |  | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1955 |  | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1956 |  | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1957 |  | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1958 |  | AC, WP | PRIVILEGED IN PART (attorney-client communication) | Produce, but redact portion of Christopher Klimmek's May 30, 2024 email from "to discuss" to the end of the sentence. |
| 1959 |  | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |

11

| 1960 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
|---|---|---|---|
| 1961 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1962 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1963 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1964 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce. |
| 1965 | AC, WP | NOT PRIVILEGED (no communication, no work product – just a Teams meeting invitation) | Produce |
| 1966 | AC, WP | PRIVILEGED IN PART (communication with outside counsel) | Produce, but redact portion of Christopher Klimmek's May 30, 2024 email from "to discuss" to the end of the sentence. |
| 1967 | AC, WP | PRIVILEGED IN PART (communication with outside counsel) | Produce, but redact body of Sean Murphy's May 30, 2024 email. |
| 1968 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1969 | AC, WP | PRIVILEGED (communication with outside counsel) | Produce, but redact body of Sean Murphy's May 30, 2024 email and body |

| | | | of Christopher Klimmek's June 3, 2024 email. |
|---|---|---|---|
| 1970 | [JUNK] | [N/A] | [N/A] |
| 1971 | AC, WP | PRIVILEGED (communication with outside counsel) | Produce, but redact body of Sean Murphy's May 30, 2024 email and body of Christopher Klimmek's June 3, 2024 email. |
| 1972 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 1973 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 1974 | WP | PRIVILEGED (communication with outside counsel) | Produce, but redact body of Sean Murphy's May 30, 2024 email and body of Christopher Klimmek's June 3, 2024 email. |
| 1975 | WP | NOT PRIVILEGED (copies of termination letter sent to subscriber) | Produce. Redact PII. |
| 1976 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1977 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1978 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1979 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1980 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |

| 1981 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
|---|---|---|---|
| 1982 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1983 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1984 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1985 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1986 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1987 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1988 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1989 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1990 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1991 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1992 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1993 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1994 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1995 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |

| 1996 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
|---|---|---|---|
| 1997 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1998 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 1999 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2000 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2001 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2002 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2003 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2004 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2005 | WP | NOT PRIVILEGED (copy of termination letter sent to subscriber) | Produce. Redact PII. |
| 2006 | WP | PRIVILEGED (communication with outside counsel) | Produce, but redact body of Sean Murphy's May 30, 2024 email and body of Christopher Klimmek's June 3, 2024 email. |
| 2007 | [JUNK] | [N/A] | [N/A] |
| 2008 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2009 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product | Produce. |

15

|  |  |  |  |
|---|---|---|---|
|  |  | such as attorney mental impressions) |  |
| 2010 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 2011 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 2012 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2013 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2014 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 2015 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2016 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2017 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2018 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2019 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |

| 2020 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
|---|---|---|---|
| 2021 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 2022 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2023 | WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 2024 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify as fact work product, privilege waived via disclosure of spreadsheet) | Produce. |
| 2025 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify as fact work product, privilege waived via disclosure of spreadsheet) | Produce. |
| 2026 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify | Produce. |

17

| | | | |
|---|---|---|---|
| | | as fact work product, privilege waived via disclosure of spreadsheet) | |
| 2027 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify as fact work product, privilege waived via disclosure of spreadsheet) | Produce. |
| 2028 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2029 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2030 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2031 | AC, WP | NOT PRIVILEGED (Teams chat is not fact work product; does not contain hallmarks of opinion work product such as attorney mental impressions) | Produce. |
| 2032 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify as fact work product, privilege waived via disclosure of spreadsheet) | Produce. |
| 2033 | WP | NOT PRIVILEGED (computer script is not opinion work product as it does not contain mental impressions; to the extent it may qualify | Produce. |

18

| | | | |
|---|---|---|---|
| | | as fact work product, privilege waived via disclosure of spreadsheet) | |
| 2034 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2035 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2036 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 2037 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2038 | AC, WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 2039 | WP | NOT PRIVILEGED (email is not fact work product; does not contain hallmarks of opinion work product; no counsel on the email) | Produce. |
| 2040 | WP | NOT PRIVILEGED (draft of portion of spreadsheet; any WP privilege was waived via the production of the spreadsheet to the RCCs) | Produce. Redact PII. |
| 2041 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
| 2042 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |

19

| 2043 | AC, WP | PRIVILEGED (communication with outside counsel) | Do not produce. |
|---|---|---|---|

**IT IS SO ORDERED.**

Dated:   December 27, 2024
         New York, New York

                                            **/s/ Martin Glenn**
                                            MARTIN GLENN
                                            Chief United States Bankruptcy Judge