Stanley A. Twardy, Jr.
**DAY PITNEY LLP**
One Stamford Plaza
263 Tresser Blvd., 7th Floor
Stamford, CT  06901
Phone:  (203) 977-7300
Fax:  (203) 977-7301
Email:  satwardy@daypitney.com

Elizabeth A. Alquist
Matthew J. Letten
Christopher A. Klimmek
Caitlin M. Barrett
**DAY PITNEY LLP**
225 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0137
Fax: (860) 881-2456
Email: eaalquist@daypitney.com
           mletten@daypitney.com
           cklimmek@daypitney.com
           cbarrett@daypitney.com


*Co-Counsel to the Reorganized Debtors*

Jonathan B. Tropp
Joshua W. Cohen
**DAY PITNEY LLP**
195 Church Street, 15th Floor
New Haven, CT 06510
Phone: (203) 752-5000
Fax: (203) 752-5001
Email: jwcohen@daypitney.com
           jbtropp@daypitney.com

Ildefonso P. Mas
(Admitted Pro Hac Vice)
**AKERMAN LLP**
750 Ninth Street, N.W., Suite 750
Washington, D.C.  20001
Phone: (202) 824-1736
Fax: (305) 374-5095
Email: ildefonso.mas@akerman.com

*Co-Counsel to the Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **In re:** | : **Chapter 11** |
|  | : |
| **FRONTIER COMMUNICATIONS** | : **Case No. 20-22476 (MG)** |
| **CORPORATION,** *et al.,*[1] | : |
|  | : **(Jointly Administered)** |
|  | : |
| **Reorganized Debtors.** | : |

### NOTICE OF FRONTIER'S PARTIAL MOTION TO
### EXCLUDE THIRD-PARTY "NOTICES"

---

[1] Due to the large number of debtor entities in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr.  The location of the Debtors' service address for purposes of these Chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of the above-captioned reorganized debtors (collectively, "Frontier") *Partial Motion to Exclude Third-Party "Notices"* (the "Motion"), and such other and further papers and proceedings as may be filed or had, Frontier, by and through undersigned counsel, pursuant to the *Scheduling Order re Future Proceedings* [ECF No. 2431], as modified and amended from time to time (the "Order"), moves this Court before the Honorable Martin Glenn, United States Bankruptcy Judge, U.S. Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408, Courtroom 523, for an order excluding introduction of certain third-party notices in evidence for the truth of the matters set forth in those notices, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, the Record Company Claimants and the Movie Company Claimants may file and serve Opposition Briefs in response to the Motion no later than March 21, 2025, and Frontier may file and serve a Reply Brief no later than March 28, 2025.

**PLEASE TAKE FURTHER NOTICE THAT**, the Court will hear argument on the Motion at the final pretrial conference related to these proceedings.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Prime Clerk LLC at https://cases.ra.kroll.com/ftr. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated at Stamford, Connecticut, this 7th day of March, 2025.

REORGANIZED DEBTORS

By: */s/ Stanley A. Twardy, Jr.*
Stanley A. Twardy, Jr.
**DAY PITNEY LLP**
One Stamford Plaza
263 Tresser Boulevard, 7th Floor
Stamford, CT 06901
Tel: (203) 977-7368
Fax: (866) 458-1037

Elizabeth A. Alquist
Matthew J. Letten
Christopher A. Klimmek
Caitlin M. Barrett
**DAY PITNEY LLP**
225 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0137
Fax: (860) 881-2456

Jonathan B. Tropp
Joshua W. Cohen
**DAY PITNEY LLP**
195 Church Street, 15th Floor
New Haven, CT 06510
Tel: (203) 752-5000
Fax: (203) 901-1733

Ildefonso P. Mas (Admitted Pro Hac Vice)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel: (312) 634 5700
Fax : (312) 424 1900

*Co-Counsel for Reorganized Debtors*

Stanley A. Twardy, Jr.
**DAY PITNEY LLP**
One Stamford Plaza
263 Tresser Blvd., 7th Floor
Stamford, CT  06901
Phone:  (203) 977-7300
Fax:  (203) 977-7301
Email:  satwardy@daypitney.com

Elizabeth A. Alquist
Matthew J. Letten
Christopher A. Klimmek
Caitlin M. Barrett
**DAY PITNEY LLP**
225 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0137
Fax: (860) 881-2456
Email: eaalquist@daypitney.com
         mletten@daypitney.com
         cklimmek@daypitney.com
         cbarrett@daypitney.com

*Co-Counsel to the Reorganized Debtors*

Jonathan B. Tropp
Joshua W. Cohen
**DAY PITNEY LLP**
195 Church Street, 15th Floor
New Haven, CT 06510
Phone: (203) 752-5000
Fax: (203) 752-5001
Email: jwcohen@daypitney.com
         jbtropp@daypitney.com

Ildefonso P. Mas
(Admitted Pro Hac Vice)
**AKERMAN LLP**
750 Ninth Street, N.W., Suite 750
Washington, D.C.  20001
Phone: (202) 824-1736
Fax: (305) 374-5095
Email: ildefonso.mas@akerman.com

*Co-Counsel to the Reorganized Debtors*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **FRONTIER COMMUNICATIONS** | : | **Case No. 20-22476 (MG)** |
| **CORPORATION,** *et al.,*[1] | : | |
| | : | **(Jointly Administered)** |
| | : | |
| **Reorganized Debtors.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF FRONTIER'S
## PARTIAL MOTION TO EXCLUDE THIRD-PARTY "NOTICES"

---

[1] Due to the large number of debtor entities in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr.  The location of the Debtors' service address for purposes of these Chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 1

    1.    Frontier received millions of emails and implemented policies and practices for
processing them. ....................................................................................................... 1

    2.    There is no evidence regarding the creation of these third-party emails or the
information therein.................................................................................................... 2

LEGAL STANDARD............................................................................................................ 3

ARGUMENT ........................................................................................................................ 4

    1.    The Third-Party "Notices" Are Offered For Their Truth And Are Hearsay. .............. 4

    2.    No Exception to the Rule Against Hearsay Applies to the Third-Party Emails. .......... 5

CONCLUSION..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abascal v. Fleckenstein*,
    820 F.3d 561 (2d Cir. 2016)..................................................................................3, 7

*Evans v. Port Auth.*,
    192 F. Supp. 2d 247 (S.D.N.Y. 2002), *reconsidered & clarified on other grounds*, No. 00-
    CV-05752, 2002 WL 1941557 (S.D.N.Y. Aug. 22, 2002) ......................................6

*Kamara v. United States*,
    No. 04-CV-00626, 2005 WL 2298176 (S.D.N.Y. Sept. 20, 2005)...........................6

*Parsons v. Honeywell, Inc.*,
    929 F.2d 901 (2d Cir. 1991)....................................................................................3

*Saks Int'l, Inc. v. M/V Exp. Champion*,
    817 F.2d 1011 (2d Cir. 1987).................................................................................3

*U.S. v. Kaiser*,
    609 F.3d 556 (2d Cir. 2010)....................................................................................6

*United States v. Bryce*,
    208 F.3d 346 (2d Cir. 1999)....................................................................................4

*United States v. Cardascia*,
    951 F.2d 474 (2d Cir. 1991)....................................................................................4

*United States v. Komasa*,
    767 F.3d 151 (2d Cir. 2014)....................................................................................5

**Rules**

Fed. R. Evid. 801 ..................................................................................................3, 4

Fed. R. Evid. 802 .....................................................................................................3

Fed. R. Evid. 803 ..............................................................................................3, 5, 6

Fed. R. Evid. 807 ..................................................................................................4, 7

**Other Authorities**

Fed. R. Evid. 801(c) advisory committee note to 1972 proposed rules...........................4

## **INTRODUCTION**

Frontier received over one million e-mails from third-party copyright holders or their designated agents alleging that unknown individuals using IP addresses associated with a Frontier subscriber engaged in copyright infringement. Nothing is known about these emails other than that Frontier received them. No evidence has been provided by these third-party rightsholders or their agents to show how the information in the email was gathered or how the email was created. Yet, the Record Company Claimants ("RCCs") and the Movie Company Claimants ("MCCs") will seek to use these third-party emails for the truth asserted therein—as purported evidence of repeat infringement by Frontier subscribers.

Because nothing is known about these emails, the Court should not allow them to be offered for the truth of any allegations asserted therein. And, because there are no indicia of trustworthiness for any of these third-party emails in the record, no exception to the rule against hearsay applies.

## **FACTUAL BACKGROUND**

1. **Frontier received millions of emails and implemented policies and practices for processing them.**

Frontier received over one million emails from copyright holders or their designated agents during the claims period alleging copyright infringement occurred on Frontier's network. Of these, the RCCs claim to have sent over 50,000 emails and MCCs claim to have sent over 190,000 emails, a fraction of the total emails Frontier received. Frontier processed, reviewed, and took action in response to these emails, including by identifying the subscriber associated with the IP address included in the email and contacting subscribers for whose IP address(es) it had received repeated emails. At trial, the RCCs and MCCs will seek to use these third-party emails to bolster the number

of "notices" they claim certain subscribers were the subject of to argue these subscribers were "repeat infringers."

    **2.  There is no evidence regarding the creation of these third-party emails or the information therein.**

The *only* evidence regarding the third-party emails in the record are the emails themselves. These email messages present as "notices" signed by named individuals, typically someone said to be employed by an agent for a copyright holder. For example, two emails appear on their faces to have been sent by Vobile Compliance on behalf of NBCUniversal. (Ex. 1; Ex. 2.) These emails, which are signed "Sincerely, Brad Bo" or "Sincerely, Ben Sodos" of Vobile, Inc., allege that "[w]e have become aware that an individual" used a Frontier IP address "to download, host, and/or facilitate the downloading and/or streaming of video content" owned by NBCUniversal and refer any questions to NBCUniversal. Both Messrs. Bo and Sodos assert a "good faith belief" that the alleged use "is not authorized by NBCUniversal, its agent, or the law." (Exs. 1, 2.) They note that the subscriber "may not have known that [the] account was being used to access infringing copies of movies and/or TV shows." (*Id.*)

Similarly, Frontier received emails from "IP-Echelon as an agent for Viacom," wherein "Adrian Leatherland" of IP-Echelon asserted that "IP-Echelon has become aware" of alleged copyright infringement of Viacom's work *Ink Master* at a Frontier IP address, while indicating the email was "not intended as a full statement of the facts." (Ex. 3.) He also writes: "I also assert that the information contained in this notice is accurate of the best of our knowledge." (*Id.*) Mr. Leatherland ends his emails by noting: "Should you need to contact me, I may be reached at the following address," and provides his contact information. (*Id.*)

There is no evidence about these emails outside the four corners of the documents. Nothing in the record explains how—or even whether—these third parties captured data they purport shows

copyright infringement or verified that the file at issue was a copyrighted work. Unlike the emails

sent on behalf of the RCCs and MCCs—which have been the subject of discovery—there are no

evidence packets, statements of work, or testimony to explain how (or why) each vendor generated

the information contained in each third-party "notice." There is no evidence as to how each

"notice" itself (separate from how the information alleged therein was gathered) was created. And

there are no witnesses who will testify at trial as to these emails or the information they contain.

## LEGAL STANDARD

Hearsay is a statement that "a party offers in evidence to prove the truth of the matter

asserted." Fed. R. Evid. 801(c)(2). Hearsay is generally not admissible unless an exception applies.

Fed. R. Evid. 802. The so-called business records exception allows records of a regularly

conducted activity to be admitted for their truth when: "(A) the record was made at or near the

time by—or from information transmitted by—someone with knowledge; (B) the record was kept

in the course of a regularly conducted activity of a business, organization, occupation, or calling,

whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these

conditions are shown by the testimony of the custodian or another qualified witness . . .; (E) the

opponent does not show that the source of information or the method or circumstances of

preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6); *see also Abascal v.*

*Fleckenstein*, 820 F.3d 561, 565 (2d Cir. 2016). "The principal precondition to admission of

documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient

indicia of trustworthiness to be considered reliable." *Saks Int'l, Inc. v. M/V Exp. Champion*, 817

F.2d 1011, 1013 (2d Cir. 1987) (finding that foundation testimony concerning industry custom

indicated hearsay was sufficiently reliable to be admitted as business records).

"Congress intended that the residual hearsay exceptions will be used very rarely, and only

in exceptional circumstances." *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)

(quotation marks omitted). The residual exception to the rule against hearsay applies only when an out-of-court statement "is supported by sufficient guarantees of trustworthiness" and "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). Thus, hearsay evidence may be admitted under Rule 807 if: "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Bryce*, 208 F.3d 346, 350–51 (2d Cir. 1999).

## ARGUMENT

### 1. The Third-Party "Notices" Are Offered For Their Truth And Are Hearsay.

A statement made by an out-of-court declarant and introduced to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c)(2). If, by contrast, "the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [and] the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee note to 1972 proposed rules. To determine whether a proffered piece of evidence is hearsay, the court must consider the "purpose for which the statement is being introduced." *United States v. Cardascia*, 951 F.2d 474, 486 (2d Cir. 1991) (concluding that defendant's resignation letter offered to prove that he disagreed with co-defendant's policies, as outlined in the letter, was hearsay).

That these emails were sent, and that Frontier received them, is a straightforward and admissible non-hearsay use that Frontier does not dispute. But any use that relies on the *substance* of the emails—namely, as instances or indicia of alleged infringement—is a *hearsay* use and must be excluded. These emails are out-of-court statements made by absentee, third-party declarants like Messrs. Bo, Sodos, and Leatherland. Here, the RCCs and MCCs seek to rely on more than *one million* emails in an attempt to prove that what the third-party declarants assert is true: that a

-4-

Frontier subscriber (or someone using the subscriber's IP address) infringed a third-party copyright. On this basis, RCCs and MCCs seek to juice the amount of so-called "repeat" infringement on Frontier's network. For example, if an IP address associated with a Frontier subscriber was the subject of two third-party emails and then a notice from RCCs, the RCCs will wish to count this as three instances of infringement and assert that this subscriber must be a "repeat infringer." Whether anyone at this IP address, let alone the subscriber, infringed any copyright at all will be a subject of dispute at trial. But whether there is one instance to dispute or three should not be. The two third-party emails are textbook hearsay and inadmissible to prove the truth of the matters they assert.

To avoid the rule against hearsay, RCCs and MCCs might argue that these third-party emails were somehow not made by a declarant. Yet, there is no evidence to support—and no witness who will testify—that these emails are not what they appear to be: signed statements made by an out-of-court declarant who asserted certain "facts" to be true. (*See* Exs. 1–3.) On their faces, all of the statements in these emails are out-of-court declarations, and, when offered for their truth, violate the rule against hearsay.

**2.  No Exception to the Rule Against Hearsay Applies to the Third-Party Emails.**

Because there is no evidence to establish the trustworthiness of these third-party emails, no exception to the rule against hearsay allows for their admittance.

The RCCs and MCCs cannot meet their burden to lay a proper foundation to establish that these third-party emails qualify for the business records exception. Fed. R. Evid. 803(6)(A)-(D); *United States v. Komasa*, 767 F.3d 151, 156 (2d Cir. 2014) ("To lay a proper foundation for a business record, *a custodian or other qualified witness* must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the record." (quotation marks and alteration marks omitted)

-5-

(emphasis added)); *Evans v. Port Auth.*, 192 F. Supp. 2d 247, 262 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence."), *reconsidered & clarified on other grounds*, No. 00-CV-05752, 2002 WL 1941557 (S.D.N.Y. Aug. 22, 2002).

The third-party emails are plainly not Frontier's business records because Frontier did not make the records. No one at Frontier can say whether any of the emails "was made at or near the time [of the reported event] by—or from information transmitted by—someone with knowledge." Fed. R. Evid. 803(6)(A).  Nor can the RCCs and MCCs show that these emails are business records of the third-party senders. *No* witness will be able to explain how *any* of the third-party senders became aware of the activity they allege or explain how or when the emails were created. *Kamara v. United States*, No. 04-CV-00626, 2005 WL 2298176, at *3 (S.D.N.Y. Sept. 20, 2005) ("When no 'custodian of records or other qualified witness' is available to testify as to the trustworthiness of the 'source of information or the method or circumstances of preparation' of a record, it is ordinarily inadmissible under Rule 803(6)."). Similarly, there is no evidence that these emails were authored as part of a "regular practice" of each third-party vendor. *See U.S. v. Kaiser*, 609 F.3d 556, 574-75 (2d Cir. 2010). The RCCs and MCCs, as proponents of these notices, cannot lay the necessary foundation for the business records exception.

Moreover, the dearth of evidence regarding the method and circumstances of creation of these emails indicates a lack of trustworthiness that bars their admission. Fed. R. Evid. 803(6)(E). Again, there is no evidence whatsoever as to the source or methodology for developing the information alleged within the emails *nor even to confirm the identity of the sender*. It thus follows that these third-party emails lack trustworthiness and cannot be admitted for their truth. *E.g.*, *Kamara*, 2005 WL 2298176, at *4 (finding no foundation laid to admit hearsay under business

records exception where witness "provided no testimony as to the method by which the records were created, when they were created or by whom, how the records were kept, or any other details that would support the trustworthiness of the documents."); *Abascal*, 820 F.3d at 565 (reversing admittance of report of prison visit as a business visit because, *inter alia*, the underlying information was untrustworthy, as "the Report does not describe the methodology that was used, the questions that were asked, or how many inmates were interviewed").

For these same reasons, any argument that the statements in these emails should be admitted pursuant to the residual hearsay exception fails. The residual exception applies only when an out-of-court statement "is supported by sufficient guarantees of trustworthiness" and "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). As demonstrated, there are *no* indicia of trustworthiness to support the statements made in these third-party emails, only evidence that Frontier received them. The residual exception therefore cannot apply.

## **CONCLUSION**

The Court should hold that these third-party emails are hearsay, not within an exception, and thus inadmissible for the truth of the matters they assert.

Dated at Stamford, Connecticut, this 7th day of March, 2025.

REORGANIZED DEBTORS

By: */s/ Stanley A. Twardy, Jr.*
Stanley A. Twardy, Jr.
**DAY PITNEY LLP**
One Stamford Plaza
263 Tresser Boulevard, 7th Floor
Stamford, CT 06901
Tel: (203) 977-7368
Fax: (866) 458-1037

Elizabeth A. Alquist
Matthew J. Letten
Christopher A. Klimmek
Caitlin M. Barrett
**DAY PITNEY LLP**
225 Asylum Street
Hartford, CT 06103
Tel: (860) 275-0137
Fax: (860) 881-2456

Jonathan B. Tropp
Joshua W. Cohen
**DAY PITNEY LLP**
195 Church Street, 15th Floor
New Haven, CT 06510
Tel: (203) 752-5000
Fax: (203) 901-1733

Ildefonso P. Mas (Admitted Pro Hac Vice)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Tel: (312) 634 5700
Fax : (312) 424 1900

*Co-Counsel for Reorganized Debtors*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on March 7, 2025, a copy of the foregoing

FRONTIER'S PARTIAL MOTION TO EXCLUDE THIRD-PARTY "NOTICES" was filed

electronically and served by mail or e-mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system or by mail or e-mail to anyone unable to accept electronic filing as indicated on

the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF

System.

*/s/ Stanley A. Twardy, Jr.*