Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Email: kculpepper@culpepperip.com

Gregory A. Ferren (admitted pro hac vice)
**The Law Office of Gregory A. Ferren, LLC**
92-1063 Koio Drive, Suite C
Kapolei, Hawaii 96707
Telephone: 808.947.1605
Facsimile: 1.888.705.0511
E-Mail: greg@ferrenlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.* | Case No. 20-22476 (MG) |
| | (Jointly Administered) |

**REPLY MEMORANDUM IN SUPPORT OF MOVIE COMPANY CLAIMANTS' MOTION IN LIMINE #1 TO EXCLUDE AND/OR LIMIT THE TESTIMONY AND OPINIONS OF FRONTIER COMMUNICATIONS CORPORATION'S EXPERTS**

**TABLE OF CONTENTS**

I.    **DISCUSSION** ................................................................................................................. 1

     A.    Courtney Fletcher ................................................................................................ 1

     B.    Keith Epstein ...................................................................................................... 2

     C.    Mr. Groehn ......................................................................................................... 3

     D.    Mr. Sprigman ..................................................................................................... 3

II.    **CONCLUSION** ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Nike, Inc. v. StockX LLC,* 2024 U.S. Dist. LEXIS 121262 (S.D.N.Y. July 10 2024) ...................... 3

**Rules**

FRE Rule 702 ............................................................................................................................... 1

*Laumann v. NHL*, 117 F. Supp. 3d 299 (S.D.N.Y. 2015) ............................................................. 3

**REPLY MEMORANDUM IN SUPPORT OF MOVIE COMPANY CLAIMANTS'
MOTION IN LIMINE #1 TO EXCLUDE AND/OR LIMIT THE TESTIMONY AND
OPINIONS OF FRONTIER COMMUNICATIONS CORPORATION'S EXPERTS**

An empty void is weightless. Yet, Frontier asserts that, rather than preclude its experts' opinions as to the time periods for which it does not have data, the Court should instead rule that this evidentiary void should go to the weight of the evidence. Frontier essentially argues that the Court should go through the pointless task of weighing the MCCs' evidence against nothing.

Frontier's position should be rejected as it most certainly undermines the baseline evidentiary requirement that an expert's "testimony is based on sufficient facts or data." FRE Rule 702. There is simply no facts or data supporting Frontier's expert opinions as to the pre-September 2, 2019 time period.

By and large, Frontier concedes the germane facts set forth in the MCCs' motion. Frontier does not challenge MCCs' contention that it was responsible for the deletion of material pre-September 2019 data. In some cases, it appears that Frontier concedes that certain of its experts will not offer opinions with respect to the time period in question.

The MCCs will address Frontier's arguments as to each specific expert in order.

I.  **DISCUSSION**

   A.  **Courtney Fletcher**

Frontier concedes that "Mr. Fletcher's testimony focuses on Frontier's system *after* September 2, 2019." (Frontier memorandum, p.3 ("There is no dispute that Mr. Fletcher's testimony focuses on Frontier's system *after* September 2, 2019.")) Thus, it appears, although it is not clear, that Frontier is agreeing that Mr. Fletcher will not testify or offer opinions as to the period prior to September 2, 2019. If this is the case, then Frontier and the MCCs are in agreement. If this is not Frontier's position, Frontier fails to explain why the Court should even

consider any opinion that may be advanced by Mr. Fletcher relating to the pre-September 2019 timeframe.

MCCs also take issue with Frontier's statement that the MCCs "do not challenge Mr. Fletcher's review of this code or his ultimate opinions." (*Id.*) As pointed out by the MCCs in their initial memorandum, Mr. Fletcher tested script from December 2022, he only looked at printouts of older versions of the script, and the script had been updated after the relevant claims period in order to fix bugs and revise assumptions. Furthermore, his testing of the December 2022 script was limited to using post-September 2019 data and, as such, even this testing is not helpful as illustrating anything relevant to any earlier points in time.

As such, the Court should grant the MCC's motion as to Mr. Fletcher.

**B.    Keith Epstein**

Frontier appears to confirm that Mr. Epstein will not be proffering opinion earlier than May 2019. (Frontier memorandum, p.3 ("… Mr. Epstein is opining as to the period of May 2019 through December 2023.")) However, it fails to explain any factual basis as to why Mr. Epstein's opinions should include the time period between May and September 2019 when he relied on data that only started in September 2019. Mr. Fletcher's analysis regarding these four months is thus fundamentally flawed and essentially useless due to his lack of any data regarding the DMCA notices sent to Frontier.

Frontier asserts the false premise that Mr. Fletcher's report is admissible so any opinion therein should go to the weight of the evidence. This is inaccurate. Even if the Court deems that Mr. Fletcher's report and opinions are generally admissible[1], the MCCs assert that none of his opinions relating to the period prior to September 2019 should be admissible. *See, Laumann v.*

---

[1] The MCCs note that the RCCs have filed a separate motion in limine to exclude the testimony of Mr. Epstein, to which the MCCs have joined.

2

*NHL*, 117 F. Supp. 3d 299, 304 (S.D.N.Y. 2015) ("… the court, as gatekeeper, has discretion to decide which opinions are reliable and which are not, from which it follows that a court may exclude portions of an expert report while admitting other portions.") (citations omitted).

Frontier cites one case – *Nike, Inc. v. StockX LLC,* 2024 U.S. Dist. LEXIS 121262 (S.D.N.Y. July 10 2024) – for the proposition that errors in methodology should go the weight of the evidence. (Frontier memorandum, p.4). In that case, however, the expert at issue actually had data upon which he based his opinion. His opinion was challenged based upon the fact that he relied upon third-party data that he never independently verified. *Id.* at **18-19 ("Vigil did not independently ascertain the reliability of the data regarding GOAT's sales. Nike argues that this failure renders the portions of his opinion based on the GOAT data unreliable."). Here, by contrast, Mr. Epstein entirely lacks the important DMCA notice data prior to September 2019.

Accordingly, the MCCs' motion should be granted as to Mr. Epstein.

### C.     Mr. Groehn

With respect to Mr. Groehn, Frontier again appears to concede that his opinions will only relate to the period after September 2, 2019. (Frontier memorandum, p.4 ("…All of his opinions relate to data he reviewed from the period after September 2, 2019.")) Frontier, in its opposition, makes no argument that any of Mr. Groehn's opinions should be applicable to any time prior thereto. As such, the MCCs' motion should be granted as to Mr. Groehn.

### D.     Mr. Sprigman

Frontier does not even attempt to address the MCCs' point that Mr. Sprigman's opinions are not helpful to the Court since they are based upon no data whatsoever specific to Frontier or the Claimants. His opinions do not, and cannot, shed light on the effectiveness or compliance with Frontier's purported repeat infringer policy. Even if Mr. Sprigman's opinions were

3

considered in conjunction with Frontier's other experts, his testimony and opinion should, at the very least, also be limited to the post-September 2019 time period. This is because his opinions are truly useless without any evidence as to the real-world application and effectiveness of Frontier's purported repeat infringer policy.

Accordingly, the MCCs' motion with respect to Mr. Sprigman should be granted.

## II.  CONCLUSION

To be clear, the MCCs agree with the RCCs that the testimony and opinions of Mr. Epstein and Mr. Sprigman should be excluded in their entirety. Alternatively and additionally, the MCCs respectfully request that the Court exclude the opinions and testimony of: (1) Courtney Fletcher regarding the period of time prior to September 2, 2019; (2) Keith Epstein regarding the period of time prior to September 2, 2019 or, alternatively, May 2019; (3) Andreas Groehn regarding the period of time prior to September 2, 2019; and, (4) Christopher Sprigman in its entirety or, alternatively, regarding the period of time prior to September 2, 2019.

Dated: Kailua-Kona, Hawaii March 27, 2025.

          /s/ Kerry S. Culpepper
Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Emails: kculpepper@culpepperip.com

Gregory A. Ferren
**The Law Office of Gregory A. Ferren, LLC**
92-1063 Koio Drive, Suite C
Kapolei, Hawaii 96707
Telephone: 808.947.1605
Facsimile: 1.888.705.0511
E-Mail: greg@ferrenlaw.com

Co-Counsel for MCCs

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 27, 2025 (Hawaii Time), a copy of the foregoing Reply Memorandum In Support Of Movie Company Claimants' Motion In Limine #1 To Exclude And/Or Limit The Testimony And Opinions Of Frontier Communications Corporation's Experts was served on counsel of records via email.

Dated: Kailua-Kona, Hawaii March 27, 2025 (Hawaii Time).

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Emails: kculpepper@culpepperip.com