**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (MG) |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER RE MCCS' LETTER

Counsel for the MCCs submitted a letter to the Court, via email with all parties copied, setting out, among other things, an objection asserted by Frontier to the form of the MCCs' expert reports. As explained in the letter, the MCCs' expert reports are in the form of declarations. The MCCs also are submitting into evidence written statements in the form of declarations as their experts' direct testimony; these statements adopt and attach the reports (which are also in the form of declarations). The MCCs sent the Court copies of these statements along with the letter. According to the MCCs, "Frontier objected to [the] MCCs' expert witness statements as 'Improper Form of Witness Statement.'" Apparently, Frontier's position is that these statements incorporating the expert reports cannot enter the record, and the MCCs must instead conduct a full direct examination of their experts at trial.

*[Remainder of page intentionally left blank.]*

It is this Court's practice to allow expert reports to enter into evidence as the expert's direct testimony.  There is no reason why the MCCs' experts' sworn declarations, which incorporate their reports, cannot be treated the same way.  Accordingly, Frontier's objection is hereby **OVERRULED.**

**IT IS SO ORDERED.**

Dated:    April 2, 2025
          New York, New York

_____/s/  Martin Glenn_____
MARTIN GLENN
Chief United States Bankruptcy Judge