UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re:

FRONTIER COMMUNICATIONS CORPORATION, et al.,

Debtors.

Case No. 20-22476 (MEW)

(Jointly Administered)

SUPPLEMENTAL DECLARATION OF EDUARDO E. RIVAS IN SUPPORT OF MOTION TO REOPEN CASE PURSUANT TO RULE 60(b)(3)

1. I, Eduardo E. Rivas, submit this supplemental declaration in support of my Motion to Reopen Case under Federal Rule of Civil Procedure 60(b)(3), made applicable by Federal Rule of Bankruptcy Procedure 9024, due to a pattern of fraud, misrepresentation, and discovery misconduct by Frontier California Inc. ("Frontier") before, during, and after its bankruptcy proceedings. I make this declaration based on personal knowledge and, if called to testify, could and would competently do so.

2. Legal Standard: Relief from a judgment may be granted under Rule 60(b)(3) where fraud, misrepresentation, or misconduct by an opposing party has prevented the movant from fully and fairly presenting their case. See In re Mendiola, 99 B.R. 864, 866 (Bankr. N.D. Ill. 1989) ("Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect"); In re Fesq, 153 F.3d 113, 115 (3d Cir. 1998).

3. Frontier filed for Chapter 11 bankruptcy on April 14, 2020. My pending civil case against Frontier in California Superior Court was immediately stayed and the litigation became inactive for several months. During this period, I had a motion to compel discovery pending before the court. However, no ruling was ever issued on this motion, and Frontier used the pendency of the bankruptcy stay as a pretext to withhold key discovery. Importantly, the court never entered an order limiting Frontier's discovery obligations based on the bankruptcy; Frontier's refusal to provide responsive documents and witness information was unilateral.

4. After the automatic stay was lifted on April 30, 2021, Frontier never supplemented its discovery responses, nor did it produce the documents or information previously withheld. When trial was eventually held in August 2024, Frontier's counsel repeatedly objected to my introduction of testimony and exhibits, claiming that the necessary records were unavailable or that I had not met foundational requirements. In reality, these gaps were created by Frontier's own refusal to comply with discovery obligations during and after the bankruptcy stay. The trial court sustained many of these objections, resulting in the exclusion of critical evidence. As a pro se litigant, I was not permitted to cure the deficiencies or seek further relief, which deprived me of a fair trial and left the record materially incomplete. See Fed. R. Civ. P. 60(b)(3), incorporated by Fed. R. Bankr. P. 9024.

5. Frontier's pattern of suppression did not end at trial. On appeal, I moved to augment the record to include evidence that had been omitted due to Frontier's discovery misconduct. Frontier and its counsel actively opposed my efforts to complete the record, attempting to prevent the appellate court from reviewing the full factual background. Although the Court of Appeal ultimately granted the augmentation, Frontier's resistance to the inclusion of critical evidence demonstrates a continuous effort to suppress material facts and deny fair adjudication at every stage of the litigation.

6. During both discovery and motion practice, Frontier's counsel repeatedly asserted that they did not represent any "Verizon" entity and therefore could not access or produce the requested Verizon California documents. However, as confirmed by official records attached as Exhibit E, Frontier California is the legal successor to Verizon California Inc., and inherited both assets and legal obligations. Counsel's false representations to the court and to me enabled Frontier to avoid producing records vital to my case. This strategic denial of corporate identity constitutes material misrepresentation and further justifies reopening the bankruptcy case. See In re Fesq, 153 F.3d 113 (3d Cir. 1998) (relief available for fraud relating to events after discharge).

7. Request for Severe Sanctions and Reimbursement of All Costs: As a pro se litigant, I am particularly vulnerable to abusive and obstructive litigation tactics. The United States Supreme Court and numerous federal courts have repeatedly recognized the need to deter such misconduct and to protect the integrity of judicial proceedings, especially where the aggrieved party lacks legal representation. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991). Pursuant to Bankruptcy Rule 9011, 28 U.S.C. § 1927, and the Court's inherent authority, I respectfully request that the Court: • Award all court costs and out-of-pocket expenses I have incurred as a direct result of Frontier's misconduct, regardless of any pending or granted fee waiver; • Award all attorneys' fees and additional costs necessary to remediate the prejudice caused by Frontier's actions (see Chambers, 501 U.S. at 55 [$996,644.65 approved as sanctions]); • Impose an additional deterrent monetary sanction of at least $25,000 (see Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) [approving $25,000 sanctions for egregious litigation conduct]); • Grant such other relief, including terminating sanctions or civil contempt, as the Court deems just and proper to remedy the harm to a pro se litigant and to deter future abuse. These sanctions are

necessary to address the significant harm suffered, to restore confidence in the judicial process, and to protect the rights of pro se litigants in bankruptcy proceedings. See also Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 106 (2017).

8. Conclusion: Frontier's conduct—beginning with its abuse of the bankruptcy stay, continuing through post-stay discovery obstruction, culminating in misrepresentations at trial and on appeal—constitutes a pattern of fraud and misconduct within the meaning of Rule 60(b)(3). These actions prevented me from fully and fairly presenting my claims, tainted the trial record, and undermined the integrity of the judicial process. No lesser remedy can cure this prejudice. For these reasons, I respectfully request that the Court grant my motion to reopen the bankruptcy case for further proceedings and review of these fraud-related issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 24, 2025, at Acton California.

_____

Eduardo E. Rivas