# SUPPLEMENTAL DECLARATION OF EDUARDO E. RIVAS

### In Support of Motion to Reopen Bankruptcy Case and for Sanctions

## 1. Introduction

I, Eduardo E. Rivas, submit this supplemental declaration in unwavering support of my Motion to Reopen the Bankruptcy Case and for the imposition of the strongest possible sanctions against Frontier California Inc. and its counsel. The pattern of misconduct detailed below did not merely harm my individual case-it threatens the integrity of the bankruptcy system itself, especially in a case involving billions of dollars and the rights of countless parties.

## 2. New Evidence of Willful and Systematic Obstruction

Since my last filing, I have obtained additional documents and correspondence that show, in unmistakable terms, that Frontier and its counsel used the bankruptcy stay and case closure as tools to conceal material facts, suppress lawful discovery, and shield their misconduct from scrutiny. These are not isolated incidents. The April 15, 2020 Notice of Suggestion of Bankruptcy (Exhibit A) was used as a shield to block depositions and cut off all pending discovery-facts which Frontier's own attorneys confirmed in contemporaneous emails (Exhibit B).

## 3. Timeline: Abuse of the Bankruptcy Process

From the moment the stay was entered in April 2020, Frontier's litigation strategy was clear: stonewall every attempt to obtain evidence, mislead the court regarding corporate identity and responsibility, and create a record so incomplete that the truth could never emerge. Despite my repeated efforts, as a pro se party, to seek discovery, every avenue was met with either outright refusal or procedural maneuvering to run out the clock.

The Notice of Court Ruling from February 2021 (Exhibit C) shows the case was left dormant for months at their insistence. Only after the stay was lifted did their counsel offer new excuses for noncompliance-never correcting the record or producing what was lawfully required.

## 4. Recent Communication Confirms Their Awareness and Strategy

On June 26, 2025, Frontier's bankruptcy counsel, Kirkland & Ellis LLP, admitted in writing that my motion is procedurally proper and will be addressed on the merits (Exhibit D). This belated acknowledgment demonstrates their awareness of the correct process all along-and, in context, makes clear that prior opposition was strategic, not based on any actual legal bar.

## 5. Statement of Deep Distrust and Concern for the Integrity of the Court

I must state plainly: I have no faith in the candor or good faith of Frontier or its counsel. Their systematic opposition-despite the modest size of my claim-exposes a broader willingness to use the weight and

resources of a multibillion-dollar bankruptcy to silence individual claimants, evade scrutiny, and perpetuate a fraud on the court. Their conduct in my case is not a one-off; it signals a dangerous disregard for the rule of law that, if left unchecked, undermines public trust in the bankruptcy process as a whole.

## 6. Request for the Strongest Possible Sanctions

Given the scale of the bankruptcy and the brazenness of the misconduct, I respectfully urge this Court to:

- Reopen the bankruptcy case for a full evidentiary hearing on fraud and discovery abuse;

- Impose the maximum monetary sanctions available by law, including all court costs, and direct reimbursement of my out-of-pocket expenses-including the $450 I lost as a deposit for mediation in my underlying state action, which was rendered futile by Frontier's discovery abuse and misuse of the bankruptcy stay;

- Impose a substantial additional deterrent penalty appropriate to the seriousness of the misconduct and the size of this reorganization (see Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991) [approving $996,644.65 in sanctions]; Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) [$25,000 sanctions]);

- Hold Frontier and its counsel in civil contempt if warranted;

- Refer the matter for disciplinary or criminal investigation if the Court finds evidence of fraud or systemic misconduct.

As a pro se litigant, I am not seeking attorneys' fees, but only reimbursement of my direct losses, costs, and a deterrent sanction that reflects the gravity of the harm and the need to deter future misconduct.

## 7. Exhibits

- Exhibit A: Notice of Suggestion of Bankruptcy (April 15, 2020)
- Exhibit B: Emails confirming discovery was blocked by the stay (April 2020)
- Exhibit C: Notice of Court Ruling (February 2021)
- Exhibit D: June 26, 2025 email from Kirkland & Ellis

[List any additional exhibits]

## 8. Declaration

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 26, 2025, at Acton, California.

_____

Eduardo E. Rivas