Eduardo E. Rivas

34651 Lillianne St

Acton, CA 93510

Phone: 661-269-2619

Email: eduardo@familyrivas.com

July 8, 2025

Clerk of the Court

U.S. Bankruptcy Court, Southern District of New York

One Bowling Green

New York, NY 10004

Re: In re Frontier Communications Corporation, Case No. 20-22476 (RDD)

## Cover Letter: Submission of Exhibits and Declaration

Dear Clerk of the Court:

Please find attached for electronic filing in the above-captioned matter the following documents:

- Exhibits M through T in support of my Third Supplemental Declaration;
- Declaration Re: Scanner Malfunction (for Exhibit T).

These submissions are intended to supplement and complete the record in support of my pending motion(s) and Third Supplemental Declaration. Please file these materials as part of the record in Case No. 20-22476.

If there are any questions regarding this filing, or if further clarification is required, please contact me at the phone number or email above.

Thank you for your assistance.

Respectfully submitted,

/s/ Eduardo E. Rivas
Eduardo E. Rivas
Pro Se

# Exhibit M



# Performance Document - Associate Year-End Review

Eduardo Rivas, FRAME WORKER
Associate Year-End Review: 01/01/2012 - 12/31/2012
Performance Year:2012   Business Group:VZC
Band:X9

Refer to the Verizon Associate Performance Management Plan Guide, for instructions on completing this form.

## Section 1 - Code of Conduct

Determine the extent to which the employee complied with Verizon's Code of Conduct by selecting the rating that best describes demonstrated performance in each of the categories below. Job-specific evaluation criteria may be listed in the Documentation / Comments box below.

**MR** – Meets Requirements
**DN** – Does Not Meet Requirements

Acts with integrity and conforms to ethical standards in all business situations, with full awareness of the Code of Conduct.

◉ MR ◇ DN

Understands and supports Verizon's commitment to ensuring equality in employment opportunities and maintaining a work environment free of unlawful discrimination. Shows understanding and respect for all employees and customers by valuing their differences.

◉ MR ◇ DN

Works safely in accordance with Company practices, demonstrates behavior that focuses on safety as an integral part of the work process, and accepts accountability for use of appropriate tools, equipment, methods, and procedures in performing assigned work functions.

◉ MR ◇ DN

Employees who have received a disciplinary suspension/decision making leave for failure to meet requirements in any of the three Code of Conduct evaluation categories should receive an Overall Performance Rating of "Does Not Meet Position Requirements" (DN). The DN rating should remain on the employee's review form and related records for a period of 12 months from the date of the disciplinary suspension/decision making leave.

FRONTIER030135

**NOTE:** Supporting documentation must be attached in the event that the employee's behavior does not meet requirements in any of the Code of Conduct categories. The appraisal review form and supporting documentation should be retained in the employee's personnel file.

## Section 2 - Attendance and Punctuality

Report to work on each scheduled work day at the scheduled start time. Comply with established Company standards for attendance and punctuality according to the applicable Attendance and Tardiness Plan(s) or Policy.

**East Associates Only**
**Attendance -** Total Chargeable Absence
# Incidents: 0                          # Days: 0

**West Associates Only**
**Attendance -** Total Chargeable Absence
# Absence Hours: 10                % Absence Hour Rate: 3.20%
# Occurrences: 2                      % Occurrence Rate: 0

**East/West Associates**
**Punctuality -** Total Chargeable Times Tardy
# Times Tardy: 0

**Attendance and Punctuality Plan/Discipline Status**
Step/Phase: 0

Determine whether the employee's overall record complies with established Company standards for attendance and punctuality according to the applicable Attendance and Tardiness Plan(s) or Policy. Indicate this assessment by selecting the appropriate box. Supporting documentation must be available.

◇ MR  ◈ DN

Employees whose attendance and punctuality record does not meet Company standards must receive an Overall Performance Rating of "Does Not Meet Position Requirements" (DN).

**Note: Absences approved under the federal Family and Medical Leave Act (FMLA) or state leave laws are not chargeable.**

Section 3 - Performance Categories

Determine the extent to which results achieved have met established performance standards in each performance category and indicate the appropriate rating. The results for each performance category should be documented in this section. Job-specific standards used in assessing performance in each category may be listed below.

**ER** - Exceeds Position Requirements
**MR** - Meets Position Requirements
**IN** - Improvement Needed to Meet Position Requirements
**DN** - Does Not Meet Position Requirements
**NR** - Not Rated

Meets established performance standards for accuracy and completeness to ensure delivery of quality products and services at low cost.

**Quality**

**Measurable Target:** See Attachment

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Results Achieved:** Eddie is conscientious and dependable. He has met his responsibilities as an Frame Maintainer over the past 12 months; for external and internal customers. He meets his objective by installing DSL, and DSO customer installations with a the department objectives. The quality of work that Eddie delivers is high. He displays dedication to department budget; delivers products at a low cost by meeting objectives.

Delights the customer with competitively superior products and services. Fulfills customer's time, quality, and cost requirements.

**Customer Satisfaction**

**Measurable Target:** See Attachment

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Results Achieved:** Eddie demonstrates understanding of complex job-related concepts and procedures to ensure that the customer product commitment time is met. He considers the fact that if he doesn't follow company procedures it could cost the company lost in revenue. He has had no customer complaints during this evaluation period. This enables Eddie to meet GNSDA cost requirements.

Meets established performance standards for work volume and/or revenue. Satisfies requirements for speed and consistency of output, as well as efficiency in the use of time and resources.

**Quantity / Productivity**

**Measurable Target:** See Attachment

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Results Achieved:** Eddie is strongly motivated to accomplish all assignments on time and to meet or exceed expectations to avoid overtime expenses. He consistently delivers output by meeting the commitment time on service orders. His quality and quantity of work meets objectives.

**Special Accomplishments / Projects**
Document any special achievements or activities undertaken by the employee during the performance period.

Eddie is highly motivated in learning all Central Office Tech job functions. He has worked as an SSP Tech when the SSP is on vacation. He also isolate trouble as an Equipment Maintainer. He asisted his supervisor on the Lancaster office inspections.

## Section 4 - Skills and Behaviors

Evaluate the employee's demonstrated proficiency in the following skills and behaviors that contribute directly to performance results. Indicate this assessment by selecting the appropriate rating.

**ER** - Exceeds Position Requirements
**MR** – Meets Position Requirements
**IN** – Improvement Needed to Meet Position Requirements
**DN**- Does Not Meet Position Requirements
**NR**- Not Rated

Demonstrate subject matter competence relating to position requirements and applies knowledge effectively to meet customer requirements.  (Examples:  Product and service knowledge; computer literacy, network/technical knowledge and proficiency in using tools and equipment)

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Job Specific Criteria:** Eddie knowledge has continued to increase as Technology continues to change in the industry to meet customer requirements.  He continues to enhance his PC skills; proficient in AWAS and Workbrain.

Gather, learn, and evaluate information from different sources to determine the cause of a problem, generate alternative solutions, and decide on a course of action to resolve the problem.  (Examples:  Fact finding/information gathering, resourcefulness in generating solutions, timeliness and accuracy of decisions and effectiveness in eliminating product or service defects.)

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Job Specific Criteria:** Eddie is capable of seeking and implementing standard and alternative solutions to problems.  He demonstrates the ability to determine the cause of problems.  He demonstrates the ability to pinpoint potential trouble to isolate trouble on orders.

Develop and maintain cooperative working relationships with others and exhibits the personal flexibility, self-reliance, and consistency of effort needed to ensure team success. (Examples:  Respect for the diverse cultures and backgrounds of coworkers and customers, willingness to shift priorities to benefit the goals of the team, ability to adapt to changes in the workplace, such as new technology or work processes and acceptance of responsibility and effectiveness in working with limited direction.)

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Job Specific Criteria**: He has a good working relationship with other departments.  During this evaluation period he has demonstrated improvement to work with his Co-Workers.  He demonstrates a good working relationship with management.  He works well with internal and external customers



Plan and organize work to ensure deadlines are met, coordinate with other work groups or individuals, and follows up to check if work is accurate, complete and on schedule. Includes proficiency in office skills, such as filing, typing, copying, and data entry.  (Examples:  Prioritizing and planning of work activities in order to complete work on time, coordination of own work with that of others and resolution of any

conflicts to ensure results are achieved, effective use of resources and accurate completion of administrative tasks.)

◇ ER ◈ MR ◇ IN ◇ DN ◇ NR

**Job Specific Criteria**: Eddie arranges his schedule to meet internal and external customer's commitments on time; effectively.  He demonstrates the ability to set timelines and meet the objectives set for DSL and DSO orders.

Demonstrate effective oral and written communication skills.  (Examples:  Effective listening to the ideas and questions of others, ability to follow oral and written instructions, presentation of oral information in a clear and concise manner and clear expression of ideas and information in writing.)

◇ ER ◈ VR ◇ IN ◇ DN ◇ NR

**Job Specific Criteria**: Eddie communicates well with supervisor and other management employees that he works with internal and external.  He has good interoffice and e/mails skills.  He follows written instructions; effectively.  Eddie has good written and oral commulcation with customers. He is learning the TIRKS system..

## Section 5 - Overall Performance Rating

The Overall Year-End Performance Rating reflects the extent to which the employee has met established performance standards for achievement of results. Determine an Overall Performance Rating for the employee's contribution.

ER - Exceeds Position Requirements
MR - Meets Position Requirements
IN - Improvement Needed to Meet Position Requirements
DN- Does Not Meet Position Requirements
NR- Not Rated

◇ ER ◇ MR ◇ IN ◈ DN ◇ NR

FRONTIER000130


Eddie has met his requirements as an Frame Maintainer.

## Section 6 - Employee Comments

## Section 7 - Signatures

Your signature indicates that you have read and discussed this document with your supervisor and that you
have been given the opportunity to record your comments.  Employee signatures are voluntary.

Employee :                                          Date:


Supervisor: Anita Anderson                          Date: 02/12/2013

FRONTIER000140

# Exhibit N

**Exhibit N**

## EXHIBIT A

1.      Any and all medical records, including reports, of any and all physicians, chiropractors, dentists, psychiatrists, psychologists, any other health care practitioners and providers who have treated and/or are treating any applicant herein for injuries, physical or mental, alleged to have sustained as a result of this incident or within the last ten years. This request also covers containers for prescription medication prescribed and approved for the treatment of your industrial injury or a medical condition involving the body parts injured.

2.      Any and all bills, statements, invoices and similar documents evidencing expenses alleged to have been incurred as a result of this incident. This request includes, but is not limited to, all medical bills, drug receipts, etc.

3.      All documents, including but not limited to paycheck stubs, for the period commencing one year prior to this incident, evidencing loss of income allegedly sustained as a result of this incident.

4.      All documents evidencing medical and/or health coverage including HMO ID cards, Medi-Cal or Medicare cards and/or bills or receipts from any insurance or HMO carriers covering ten years immediately prior to the date of injury.

5.      California Identification Card or California Driver's License and/or any other photo identification issued by a government agency or by an employer bearing a photograph.

6.      If a non-United States Citizen, an Alien Identification Card, passport showing residency status and/or any documentation issued by the Immigration and Naturalization Services (INS) and/or the Department of Labor.

7.      Social Security card or other documentation showing a valid Social Security Number issued by the Social Security Administration.

8.      Any photographs, depictions and/or drawing and writings of or concerning the site of the alleged injury and/or witnesses to the alleged injury that applicant can access with reasonable diligence. Included in this request are diaries and logs of daily activities maintained by the applicant.

# Exhibit O



2. It is agreed from time to time the Company will employ people who do not fully meet the Company's normal employment standards, and place such employees in jobs which they can perform, within their limitations. Nothing in the foregoing, however, will preclude Management assigning these employees to higher rated jobs at a later time if they are qualified to perform the higher rated jobs, provided that such assignment does not supersede a senior qualified employee with a bid on file for the job at that location.

## ARTICLE 2
## NONDISCRIMINATION CLAUSE

1. Management will not discriminate directly or indirectly against any employee because of his membership or non-membership in the Union or because of any Union activity in which he properly engages. Neither the Management nor the Union nor any employee in the bargaining unit will discriminate against or exert either mental or physical duress upon any employee of the Company because of his membership or non-membership in the Union or any other union; provided, however, that the Union will not be liable for the act of any employee who violates this Article and who is not a representative of the Union.

2. Neither the Company or the Union will discriminate against any employee designated as part of a special class protected by Federal and/or State law.

3. The use of the masculine or feminine gender in the language or in job titles within this Agreement shall be construed as including both genders.

3

# Exhibit P

**Exhibit P**

available in the labor market at the time of employment of part-time employees.

3. All new employees shall be considered probationary employees until completion of six (6) months of continuous service. Probationary employees may be terminated during this period at the discretion of Management.

## ARTICLE 15
## TEMPORARY ASSIGNMENTS

1. Where an employee is assigned to a higher wage classification on a temporary basis for a period of two (2) weeks, but no longer than six (6) months, the Company will designate the necessary forms to reflect in his personnel records his temporary experience in that job.

2. Periods of one (1) week (five (5) consecutive workdays) of such assignment to a higher wage-paying classification will also be reflected if within two (2) weeks of the completion of each two (2) separate one (1) week periods occurring within twelve (12) consecutive calendar months of assignment the employee requests the origination of appropriate forms.

3. Assignments to higher wage-paying classifications for temporary relief work will be made first from employees within the work group, and secondly from employees within the work location, who normally perform work related to the higher wage-paying classification, on the basis of seniority of those having the necessary qualifications and fitness, provided that there is sufficient time for filling the assignment to permit orderly scheduling.

4. Assignments to higher wage-paying classifications for training will be made first from employees within the work group, and secondly from employees within the work location, who normally perform work related to the higher wage-paying classification, on the basis of seniority of those having the necessary qualifications and fitness, provided that there is sufficient time for filling the assignment to permit orderly scheduling.

5. Nothing in this Agreement shall prevent the assignment of temporarily disabled employees to jobs which they can handle.

## ARTICLE 17
## CREDITED SERVICE

1. The term "credited service" shall mean the aggregate of the years, months, and days of active employment with the Company, its predecessors or affiliates of the General System which will be recognized by the Company with respect to each employee.

2. Active employment for purposes of calculating credited service shall include:

    2.1    Time for which the employee actually receives wages.

    2.2    Workers' Compensation benefits.

    2.3    Sick Benefits.

    2.4    Military leave of absence as provided under Article 35.

    2.5    Union leave of absence approved under Article 43.

    2.6    Approved absence excused time provided under Article 24, Section 5.

3. Credited service shall not include time for which the employee is laid off or is on leave of absence for personal reasons under Article 24 of this Agreement.

4. An employee with prior credited service who has been absent from the Company's employ and who is reemployed shall have, by request of the employee, the accredited service formerly accrued bridged after being reemployed continuously for a period of six (6) months.

    4.1    Such credited service to be bridged shall include

# Exhibit Q



unexcused scheduled shift preceding the holiday and works his first unexcused scheduled shift following the holiday

5. An employee who is scheduled to work on a holiday but fails to report for work and is unexcused will not receive payment for the holiday.

6. If a holiday falls on a normal workday which is a vacation day, the employee will be given an additional day of vacation at the beginning or end of his vacation or a day's pay in lieu thereof at his option. Holidays which fall on normal working days within a leave of absence will be counted as workdays and will not be recognized for pay purposes. (See Article 24 for maximum excused absences.)

7. When a Sleep Day and a holiday coincide, only holiday pay will apply.

8. Employees who work on holidays will receive, in addition to the holiday pay provided for in this Article 23, time and one-half at the basic rate for hours worked.

9. Phone Mart employees will receive an additional Floating Holiday or straight-time pay in lieu of the day after Thanksgiving Holiday unless scheduled off on the day after Thanksgiving Holiday. The additional Floating Holiday is to be scheduled following Thanksgiving Day up to and including December 31st of the calendar year. The additional Floating Holiday is subject to the eligibility requirements set forth in Section 3 of this Article.

## ARTICLE 24
## LEAVES OF ABSENCES FOR PERSONAL/MEDICAL REASONS

1. Regular employees who have completed twelve (12) months of credited service may be permitted to take leaves of absence from active employment for personal/medical reasons, but a leave of absence is a provision which may be granted to employees and not a right to which they are entitled. Regular employees with less than twelve (12)

months of credited service who are pregnant will be permitted to take a leave of absence in accordance with the terms and provisions of this article.

1.1    A leave of absence in no way guarantees reinstatement to active employment; however, if the employee on leave of absence notifies the designated Company representative in writing that he is ready to return to work in his previous work location and classification, no additional help will be placed in that classification at that location until that employee has been offered reemployment.

The employee will keep the designated Company representative notified of his current mailing address at all times. In the event an employee fails to request to return, refuses an offer or fails to respond within fourteen (14) days of mailing the offer, the Company will have no further reemployment obligations to the employee.

1.2    Regular employees will be granted a leave of absence without pay service requirements permitting, for a period up to twelve (12) calendar months for personal reasons and up to eighteen (18) calendar months for medical reasons.

1.2.1    Regular employees who are pregnant will be granted maternity leaves of absences in accordance with all other terms and conditions of this Article.

1.3    If an employee who qualifies for a leave of absence for personal medical reasons notifies the designated Company representative in writing that he is ready and able to return to work, he may, if there is no vacancy in his previous work location and classification, accept employment with another employer or engage in a business for profit or apply for unemployment insurance benefits for the remainder of his approved leave of absence period without terminating his employment. Should such an employee decline an offer of reinstatement during

FRONTIER002540    40

this period he will be terminated.

1.4    An employee on medical leave of absence that is unable to return to his previous classification due to permanent physical disability or by reason of superannuation will be permitted to submit applications for transfer in accordance with Article 34, Section 1, 3, and 4 of the Agreement.

2. An employee on leave of absence will be considered to have terminated his employment under the following conditions, except as provided for under 1.3 above:

   2.1    If he accepts employment with another employer or engages in a business for profit during his leave of absence period.

   2.2    If he has not notified the designated Company representative in writing by the end of his leave period that he is ready to return to work.

   2.3    If he applies for unemployment insurance benefits while on leave of absence.

3. The Company will pay to the employee at the beginning of his leave of absence the computed pay for any accrued vacation for which he is eligible.

4. No vacation or sick benefits shall be paid for such leave of absence and such employees shall not be entitled to any vacation until after he has met the requirements of Article 22.

5. An employee may be excused for personal reasons without pay up to a maximum of two (2) months and such absence will not be deemed a leave of absence. However, an employee may not be excused under this provision immediately following a leave of absence as provided for under Section 1 in this Article.

6. The Company will periodically perform a written inquiry of those employees who have been terminated with return rights, pursuant to this article, to determine if they are still

FRONTIER0079xxx                    41

# Exhibit R

**Exhibit R**

John A. Donahue MD
*Primary Treating Physician*

| | |
|---|---|
| 14557 Friar Street, Unit 32 | Phone: (818) 616-5590 |
| Van Nuys, CA 91411 | Fax: (818) 616-5593 |

**PATIENT NAME:** Eduardo Rivas
**DATE OF VISIT:** 11/10/2014
**DATE OF INJURY:** 11/2010, CT: 1/1/2010 – 9/10/2013
**SOCIAL SECURITY NO:** 572914595
**EMPLOYER:** verizon
**INSURANCE:** Sedgwick Cms
**CLAIM NO:** V1600011840B
**Disability Status:**

o Temporary Totally Disabled from _____ until _____
o Temporary Partially Disabled (see restrictions below) from _____ until _____
o Permanent and Stationary as of _____                          QTW:   YES        NO
o Patient is QTW if recommended work restrictions cannot be provided.
o Need for current or future medical care?   (YES)   NO        **RECOMMENDED WORK RESTRICTIONS**
o No lifting / carrying over _____ lbs
o No o repetitive o prolonged  flexion/extension of the head/neck
o No o repetitive o prolonged  overhead work
o No o repetitive o prolonged  shoulder level work with   o right o left o bilateral   upper extremity(ies)
o No o repetitive o prolonged  pushing/pulling with   o right o left o bilateral   upper extremity(ies)
o No o repetitive o prolonged  flexion/adduction   o right o left o bilateral   shoulder(s)
o No o repetitive o prolonged  gripping motion   o right o left o bilateral   upper extremity(ies)
o No o very forceful o forceful strength activities with   o right o left o bilateral   hand(s)/wrist(s)
o No o repetitive o prolonged  typing/writing
o No o repetitive o prolonged  pinch/squeeze/torqueing with   o right o left o bilateral   hard(s)/wrist(s)
o No o repetitive o prolonged  fine/simple manipulation   o right o left o bilateral   hand(s)
o No o prolonged walking and standing
o No prolonged sitting
o No o repetitive o prolonged  bending/stooping
o No o repetitive o prolonged  walking on uneven ground (including stair-climbing)
o No o repetitive o prolonged  crawling
o No o repetitive o prolonged  squatting/kneeling
o No o repetitive o prolonged use of   o R  o L upper extremity
o Patient requires use of ergonomic work station
o No exposure to undue stress  o per psychologist recommendation
o Patient is limited to _____ week o hours per day o hours per week
o No exposure to noxious chemicals, fumes or vapors
o No exposure to extreme temperatures   o No direct sun exposure   o No exposure to bright lights
o Patient requires use of protective goggles
o No exposure to excessive noise   o Patient requires use of noise protection equipment
o Patient requires a 5 o 10 min. brake for every 1 hour of typing / keyboarding
o Patient requires use of adjustable bed
o Patient requires use of o Cane; o Crutches o Walker; o Wheelchair
o Patient should be precluded from o working aloft o climbing ladders/trees for safety reasons
o Patient should be precluded from driving
o Patient should be precluded from operating moving machinery
o Patient is eligible for vocational rehabilitation
o Patient is totally permanently disabled   o Patient is not able to engage in meaningful employment
o Not a practical consideration   o Patient has retired
o Other: _____
o Return to full/customary duty on  11/10/14  o On Trial Basis   o Against medical advice
o With Above Listed Restrictions
o Same as at the time of permanent and stationary evaluation

*Full duty fim orthopedic aspect.*

*Pending (defen) to PSYCHITRIC restriction to The Specialist.*

Donahue, John MD

# Exhibit S

**Exhibit S**

### Final Details for Order #112-7735170-1973053

Print this page for your records.

**Order Placed:** March 12, 2020
**Amazon.com order number:** 112-7735170-1973053
**Order Total: $393.09**

---

### Shipped on March 13, 2020

| Items Ordered | Price |
|---|---|
| 1 of: *Canon imageCLASS D1620 Multifunction, Monochrome Wireless Laser Printer with AirPrint (2223C024)* | $358.99 |
| Sold by: Amazon.com Services, Inc | |
| Supplied by: Other | |

Condition: New

**Shipping Address:**
Eduardo E Rivas
34651 LILLIANNE ST
ACTON, CA 93510-1300
United States

**Shipping Speed:**
Two-Day Shipping

---

### Payment information

| | |
|---|---|
| **Payment Method:** | Item(s) Subtotal: $358.99 |
| Visa  ending in 4494 | Shipping & Handling: $0.00 |
| | ----- |
| **Billing address** | Total before tax: $358.99 |
| Eduardo E Rivas | Estimated tax to be collected: $34.10 |
| 34651 LILLIANNE ST | ----- |
| ACTON, CA 93510-1300 | **Grand Total: $393.09** |
| United States | |
| **Credit Card transactions** | Visa ending in 4494: March 13, 2020: $393.09 |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2024, Amazon.com, Inc. or its affiliates

Back to top

English    United States    Help

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2024, Amazon.com, Inc. or its affiliates

amazon.com

### Final Details for Order #113-4268809-2411400

Print this page for your records.

**Order Placed:** October 5, 2022
**Amazon.com order number:** 113-4268809-2411400
**Seller's order number:** 8530040
**Order Total:** $182.82

---

### Shipped on October 7, 2022

---

**Items Ordered**                                                                          **Price**
1 of: *Canon® 121 Black Toner Cartridge, 3252C001*                                        $166.96
Sold by: Smart Toners (seller profile)
Supplied by: Other

Condition: New

**Shipping Address:**
Eduardo E Rivas
34651 LILLIANNE ST
ACTON, CA 93510-1300
United States

**Shipping Speed:**
Standard Shipping

---

### Payment information

| | | |
|---|---|---|
| **Payment Method:** | Item(s) Subtotal: | $166.96 |
| Mastercard  ending in 4948 | Shipping & Handling: | $0.00 |
| | | ----- |
| **Billing address** | Total before tax: | $166.96 |
| Eduardo E Rivas | Estimated tax to be collected: | $15.86 |
| 34651 LILLIANNE ST | | ----- |
| ACTON, CA 93510-1300 | **Grand Total:** | **$182.82** |
| United States | | |
| **Credit Card transactions** | MasterCard ending in 4948: October 7, 2022: | $182.82 |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2024, Amazon.com, Inc. or its affiliates

Back to top

| English | | United States | | Help |

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2024, Amazon.com, Inc. or its affiliates

# Order Details

Order placed July 24, 2023     Order # 112-0170964-2727409

| Ship to | Payment method | Order Summary | |
|---|---|---|---|
| Eduardo E Rivas | Prime Visa ending in 6726 | Item(s) Subtotal: | $6.49 |
| 34651 LILLIANNE ST | Earns 5% back | Shipping & Handling: | $0.00 |
| ACTON, CA 93510-1300 | | Total before tax: | $6.49 |
| United States | | Estimated tax to be collected: | $0.62 |
| | | **Grand Total:** | **$7.11** |



Avery 11109 5-Tab Binder Dividers, Insertable Multicolor Big Tabs, 6 Sets
Sold by: Amazon.com
Supplied by: Other
$6.49

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2025, Amazon.com, Inc. or its affiliates

# Order Details

Order placed August 11, 2023     Order # 113-1255201-1908228

| Ship to | Payment method | Order Summary | |
|---|---|---|---|
| Eduardo E Rivas<br>34651 LILLIANNE ST<br>ACTON, CA 93510-1300<br>United States | Mastercard ending in 4948 | Item(s) Subtotal: | $72.00 |
| | | Shipping & Handling: | $0.00 |
| | | Total before tax: | $72.00 |
| | | Estimated tax to be collected: | $6.84 |
| | | **Grand Total:** | **$78.84** |



Cardinal Economy 3-Ring Binders, 4", Slant-D Rings, Holds 835 Sheets, ClearVue Presentation View, Non-Stick, White, Case of 6 (90781)
Sold by: Amazon.com
Supplied by: Other
$72.00

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2025, Amazon.com, Inc. or its affiliates

# Order Details

Order placed July 23, 2023      Order # 112-2606535-1433045

**Ship to**

Eduardo E Rivas
34651 LILLIANNE ST
ACTON, CA 93510-1300
United States

**Payment method**

Prime Visa  ending in 6726
Earns 5% back

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $48.81 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $48.81 |
| Estimated tax to be collected: | $4.64 |
| **Grand Total:** | **$53.45** |


Cardinal Economy 3-Ring Binders, 4", Slant-D Rings, Holds 835 Sheets,
ClearVue Presentation View, Non-Stick, White, Case of 6 (90781)
Sold by: Amazon.com
Supplied by: Other
$48.81

Conditions of Use   Privacy Notice   Consumer Health Data Privacy Disclosure   Your Ads Privacy Choices
© 1996-2025, Amazon.com, Inc. or its affiliates

# Exhibit T



**eduardo@familyrivas.com**

| | |
|---|---|
| **From:** | Parker, Meg <MAParker@littler.com> |
| **Sent:** | Monday, December 2, 2019 9:45 AM |
| **To:** | eduardo@familyrivas.com |
| **Cc:** | Quinn, Monica M. |
| **Subject:** | Re: Rivas / Frontier - password for document production |

Hi Mr. Rivas,

My mistake. Please try "Frontier!" and please advise if that password does not work.

Thank you,

Meg

Meg Parker, Associate
213.443.4251 Direct
213.760.4815 Mobile
MAParker@Littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

On Nov 27, 2019, at 7:46 PM, "eduardo@familyrivas.com" <eduardo@familyrivas.com> wrote:

## [EXTERNAL E-MAIL]

Hello Meg,
The password is incorrect for USB.
Thank you,
Eddie

**From:** Parker, Meg <MAParker@littler.com>
**Sent:** Tuesday, November 26, 2019 2:44 PM
**To:** eduardo@familyrivas.com
**Cc:** Quinn, Monica M. <MQuinn@littler.com>
**Subject:** Rivas / Frontier - password for document production

Good afternoon Mr. Rivas,

Yesterday, we emailed you Defendants' document production via a secure online FTP server.

In addition to accessing the documents through that server, we are also sending you a password-protected USB thumb drive via overnight mail containing the document production.

The password to access the USB thumb drive is "Frontier1."

Please advise if you have any difficulty accessing the document production.

Sincerely,

Meg

**Margaret "Meg" Parker,** Associate
213.443.4251 direct   213.947.4908 fax   MAParker@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

## eduardo@familyrivas.com

| | |
|---|---|
| **From:** | Buch, Kyra A. <KBuch@littler.com> |
| **Sent:** | Friday, April 29, 2022 1:47 PM |
| **To:** | eduardo@familyrivas.com |
| **Cc:** | Quinn, Monica |
| **Subject:** | RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses |

Hello Mr. Rivas,

Yes, the responses were mailed and e-mailed.

Thanks,

**Kyra Buch**
Attorney at Law
213.443.4247 direct, 310.623.7048 mobile, 310.943.3233 fax
KBuch@littler.com



### Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

**From:** eduardo@familyrivas.com <eduardo@familyrivas.com>
**Sent:** Friday, April 29, 2022 1:18 PM
**To:** Buch, Kyra A. <KBuch@littler.com>
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Hello Kyra Buch,
It has been 2 days past the deadline to respond on interrogatory discovery. Just checking to see if they were mailed.
Thank You,
Eduardo Rivas

**From:** Buch, Kyra A. <KBuch@littler.com>
**Sent:** Tuesday, April 19, 2022 12:44 PM
**To:** eduardo@familyrivas.com
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Hello Mr. Rivas,

We are working on the responses.

Thank you,

1

**Kyra Buch**
Attorney at Law
213.443.4247 direct, 310.623.7048 mobile, 310.943.3233 fax
KBuch@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

**From:** eduardo@familyrivas.com <eduardo@familyrivas.com>
**Sent:** Tuesday, April 19, 2022 12:43 PM
**To:** Buch, Kyra A. <KBuch@littler.com>
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Kyra Buch,
It has been 22 days since the interrogatories have been sent out. Just checking in.
Thank You,
Eduardo Rivas

**From:** Buch, Kyra A. <KBuch@littler.com>
**Sent:** Monday, April 11, 2022 6:53 PM
**To:** eduardo@familyrivas.com
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Hello Mr. Rivas,

I want to make sure I understand your email below. Are you formally withdrawing the following: (1) Plaintiff Eduardo E. Rivas Request for Production of Documents to Defendants Verizon Communications; Anita Anderson; and (2) Plaintiff Eduardo E. Rivas Special Interrogatories, Set Two to Defendants Verizon Communications; Anita Anderson – each dated March 28, 2022? Please confirm.

Thanks,

**Kyra Buch**
Attorney at Law
213.443.4247 direct, 310.623.7048 mobile, 310.943.3233 fax
KBuch@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

**From:** eduardo@familyrivas.com <eduardo@familyrivas.com>
**Sent:** Monday, April 11, 2022 6:06 PM

**To:** Buch, Kyra A. <KBuch@littler.com>
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Kyra Buch,
Please disregard Production of Documents Discovery emailed mid-March. It has errors that are corrected in the
amended version completed today.
Thank you,
Eduardo E. Rivas

---

**From:** Buch, Kyra A. <KBuch@littler.com>
**Sent:** Monday, April 4, 2022 11:29 AM
**To:** eduardo@familyrivas.com
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Good morning Mr. Rivas,

Thank you for your response. First, it is not clear from your email which of Defendants' document productions you are
viewing as an amendment – can you please clarify?

Second, if we account for the closure of courts due to COVID and the bankruptcy stay, it is our position that the 45-day
deadline has passed. The bankruptcy stay was lifted on May 7, 2021. Therefore, even if we were to count the 45-day
deadline from May 7, 2021, the deadline would have expired on June 21, 2021.

We are willing to continue our meet and confer efforts on this issue.

Thanks

**Kyra Buch**
Attorney at Law
213.443.4247 direct, 310.623.7048 mobile, 310.943.3233 fax
KBuch@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

**From:** eduardo@familyrivas.com <eduardo@familyrivas.com>
**Sent:** Sunday, April 3, 2022 6:35 PM
**To:** Buch, Kyra A. <KBuch@littler.com>
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** RE: Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Kyra Buch,
I am seeing the documents as an amendment to your initial responses to produce documents as the documents are part
of the discovery requested. With that and seeing that the courts closed for some time for Covid in March, My dates
show April 23, 2020. We also have the stay for the Bankruptcy. So I am not in agreement that the I missed the 45 day
deadline.

Eduardo Rivas

---

**From:** Buch, Kyra A. <KBuch@littler.com>
**Sent:** Wednesday, March 23, 2022 6:11 PM
**To:** eduardo@familyrivas.com
**Cc:** Quinn, Monica <MQuinn@littler.com>
**Subject:** Meet & Confer Efforts Re: Motion to Compel Further Discovery Responses

Hello Mr. Rivas,

As you know, at today's hearing, Judge Escalante ordered the parties to meet and confer regarding the 45-day deadline to file a Motion to Compel Further Discovery Responses. She advised during the hearing that it "appeared" the 45-day deadline had passed but she could not confirm since she was not provided copies of the relevant Requests or Reponses. To that end, we have looked all of your propounded discovery requests and all of our responses to your requests. Here is a summary:

On May 8, 2019, you propounded Form Interrogatories, Set One to Defendant Anita Anderson. We served verified responses on November 25, 2019.

On May 8, 2019, you propounded Form Interrogatories – Employment Law, Set One. We served verified responses on November 25, 2019.

On May 8, 2019, you propounded Requests for Production to Frontier Communications. We served verified responses on November 25, 2019.

On February 14, 2020, Frontier Communications served a supplemental document production via e-mail, simply providing additional documents but not revising or amending the responses in any way.

As you can see, all of Defendants' discovery responses have been verified. The deadline to file a Motion to Compel Further Responses is 45 days from the date the verified responses are served. The relevant date of service is November 25, 2019. It has been well over 45 days from the date the verified responses were served. Therefore, the deadline to file a Motion to Compel Further Responses has passed.

Please advise if you would like to discuss this matter further in an effort to comply with the Court's order to meet and confer.

Thank you,

**Kyra Buch**
Attorney at Law
213.443.4247 direct, 310.623.7048 mobile, 310.943.3233 fax
KBuch@littler.com

Labor & Employment Law Solutions | Local Everywhere
633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use,

4

distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

## PROOF OF SERVICE BY EMAIL

I, Eduardo E. Rivas, declare as follows:

I am over the age of 18 and not a party to this case. I am a resident of Acton, California. My mailing address is 34651 Lillianne St, Acton, CA 93510.

On the date below, I served the following documents:
1) Third Supplemental Declaration of Eduardo E. Rivas;
2) Exhibits M, N, O, P, Q, R, S, T;
3) This Proof of Service

by transmitting true and correct copies by electronic mail, addressed as follows:

United States Bankruptcy Court (SDNY)
prosefiling@nysb.uscourts.gov

Office of the United States Trustee
USTPRegion02.NYECF@usdoj.gov

Clerk of Court
helpdesk@nysb.uscourts.gov

Counsel for Debtor (Frontier Communications) - Kirkland & Ellis LLP
stephen.hessler@kirkland.com
and/or
frontierbankruptcy@kirkland.com

I am readily familiar with the practice of transmitting documents by email. Under that practice, the document(s) were sent on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 07, 2025, at Acton, California.

_____

Eduardo E. Rivas

**DECLARATION RE: SCANNER MALFUNCTION**

I, Eduardo E. Rivas, declare as follows:

1. I am the pro se litigant in this matter.
2. My primary document scanner has become inoperable due to mechanical failure: the feed wheels no longer properly grip the paper, resulting in constant paper jams and preventing me from scanning additional records or exhibits.
3. I have made every reasonable effort to scan and submit all documents in my possession. This mechanical breakdown has limited my ability to provide further digitized copies of certain records despite my good faith efforts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 7th day of July 2025, at Acton, California.

/s/ Eduardo E. Rivas