| | |
|---|---|
| Mark McKane, P.C. (admitted *pro hac vice*) | Chad J. Husnick, P.C. |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 555 California Street | 333 West Wolf Point Plaza |
| San Francisco, California 94104 | Chicago, Illinois 60654 |
| Telephone:    (415) 439-1473 | Telephone:    (312) 862-2000 |
| Facsimile:    (415) 439-1373 | Facsimile:    (312) 862-2200 |

*Counsel to the Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRONTIER COMMUNICATIONS | ) Case No. 20-22476 (MG) |
| CORPORATION, *et al.*,[1] | ) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

## REORGANIZED DEBTORS' OBJECTION TO
## EDUARDO E. RIVAS' MOTION TO REOPEN BANKRUPTCY CASE

The above-captioned reorganized debtors (the "Reorganized Debtors")[2] submit this response to Eduardo Rivas' *Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. § 350(b), FRBP 9024, and Request for Sanctions and Fee Waiver* [Docket No. 2558] (the "Motion"):

---

[1] The Reorganized Debtors with open cases remaining in these chapter 11 cases (along with the last four digits of their federal tax identification numbers) are Frontier Communications Corporation (9596) and Frontier Southwest Incorporated (3444). Additional information about the Reorganized Debtors may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/ftr/. The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 1919 McKinney Avenue, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 984] (as may be further modified, amended, or supplemented from time to time) (the "Plan"), as applicable.

**Preliminary Statement**

1. Mr. Rivas' unsecured, prepetition litigation claim against Frontier California, Inc. was and remains "unimpaired" under the Reorganized Debtors' Plan.[3] Mr. Rivas retains whatever rights and defenses he has in the state court system. Accordingly, there is no relief available to Mr. Rivas in this Court.

2. Even if substantive relief were available to Mr. Rivas in this Court, the request to reopen closed chapter 11 cases is moot because the Final Decree provides that all matters concerning the Fully Administered Cases can be addressed in the Remaining Cases.[4] Mr. Rivas also fails to satisfy the applicable standard for either of the two requests in his Motion. Reopening cases benefits no one (including Mr. Rivas), would only prejudice the Debtors, and unnecessarily creates work for the Court, clerk's office, and U.S. Trustee, and Mr. Rivas' Motion for sanctions fails to follow any of the procedural requirements set forth in the Federal Rules of Bankruptcy Procedure and applicable law and would need to be fully briefed consistent with such requirements.[5] The Motion should be denied.

**Relevant Background**

3. On September 14, 2015, Mr. Rivas commenced a civil suit alleging, *inter alia*, wrongful termination against Verizon Communications and Anita Anderson[6] in the Los Angeles County Superior Court of California (the "State Court"). On January 20, 2016, Mr. Rivas amended

---

[3] *See* Plan, Art. III.C.11, Art. VII.A.

[4] The Remaining Cases were kept open to, among other things, allow for litigation matters between the Reorganized Debtors and UMG Recordings, Inc., Capital Records, LLC, ABKO Music & Records, Inc., and other intellectual property owners to proceed. Following the parties' entry into a global settlement, *see* Docket No. 2557, the Remaining Cases can now be closed, and the Reorganized Debtors expect to file a motion requesting that the Court close the Remaining Cases in short order.

[5] *See* Fed. R. Bankr. P. 9011(c); Fed. R. Bankr. P. 9013.

[6] *Rivas v. Verizon Commc'ns, et al.*, No. BC594595 (Cal. Super. Ct. L.A. Cnty. Sept. 14, 2015).

2

his complaint to add now-Reorganized Debtor Frontier California, Inc. (formerly known as Verizon California, Inc.) ("Frontier CA").[7]

4. On April 14, 2020, Frontier CA and 103 affiliates commenced the above-captioned chapter 11 cases. The State Court litigation was automatically stayed as of the Petition Date.

5. On June 17, 2020, Mr. Rivas moved for relief from the automatic stay to continue pursuing the State Court litigation during the chapter 11 cases.[8]

6. On August 27, 2020, the Court confirmed the Plan, which reinstated general unsecured claims as if the chapter 11 cases had never been filed.

7. On September 24, 2020, the Court denied Mr. Rivas' lift stay motion.[9]

8. On April 30, 2021, the effective date of the Plan occurred,[10] and on September 28, 2021, the Court entered a final decree (the "Final Decree")[11] closing 102 of the 104 jointly administered cases (the "Fully Administered Cases"). The cases of Frontier Communications Corporation and Frontier Southwest Incorporated (the "Remaining Cases") remain open.[12]

9. On August 23, 2023, the State Court litigation went to trial, and on August 28, 2023, the State Court directed a verdict in favor of defendants, including Frontier CA, on all remaining causes of action.[13] Final judgment was entered on September 28, 2023.

---

[7] *Rivas v. Verizon Cal., Inc., et al.*, No. BC594595 (Cal. Super. Ct. L.A. Cnty. Sept. 14, 2015).

[8] *See* Docket No. 578.

[9] *See* Docket No. 1125.

[10] *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1793].

[11] Docket No. 1995.

[12] *See* Final Decree, ¶ 3.

[13] *Rivas v. Verizon Cal., Inc., et al.*, No. BC594595 (Cal. Super. Ct. L.A. Cnty. Sept. 14, 2015).

10. On October 24, 2023, Mr. Rivas filed a notice of appeal in the State Court.[14] Appellate briefing is complete, and the parties are awaiting a notice of oral argument.

11. On June 20, 2025, Mr. Rivas filed the Motion.

## Response

### I. The Motion to Reopen Should Be Denied Because Mr. Rivas Does Not Establish Cause to Reopen Under Section 350(b) of the Bankruptcy Code.

12. The Motion fails to satisfy the applicable standard to reopen a fully administered chapter 11 case and should be denied. Courts in this district consider six factors in determining whether cause exists to reopen a case under Section 350(b) of the Bankruptcy Code:

> (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.[15]

The moving party bears the burden of showing that cause exists to reopen a case.[16] Mr. Rivas fails to meet his burden.

13. *First*, the request to reopen any of the Fully Administered Cases is moot. The Final Decree provides that "all motions, notices and other pleadings relating to any of the Debtors or the Reorganized Debtors shall be filed, administered, and adjudicated in the Remaining Cases without the need to reopen the Fully Administered Cases." That the case of Frontier CA is closed therefore presents no barrier to Mr. Rivas's bringing a claim in the Remaining Cases. Accordingly, even if

---

[14] *Rivas v. Verizon Cal., Inc., et al.*, No. B335206 (Cal. Ct. App. 2d Dist., Div, 4 June 2, 2025).

[15] *In re Solutia, Inc.*, 653 B.R. 99, 113–14 (Bankr. S.D.N.Y. 2021) (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013)).

[16] *In re Navillus Tile, Inc.*, 634 B.R. 847, 859 (Bankr. S.D.N.Y. 2021) (citing *In re Easley-Brooks*, 487 B.R. at 406).

4

Mr. Rivas did have a colorable claim, which he does not, his request to reopen the Remaining Cases is moot.

14.     *Second*, this is not the forum to adjudicate Mr. Rivas' claims. Mr. Rivas' wrongful termination claim is a general unsecured claim that was left unimpaired by the Plan and is not subject to a bar date. He has all the rights and defenses in the State Court process. Mr. Rivas is free to continue pursuing his claim there.

15.     *Third*, time weighs against reopening. The Court entered the Final Decree nearly four years ago, and Mr. Rivas filed his Motion after the California court entered a directed verdict against him nearly two years ago. Any attempt to revisit the merits of his claim here would be an inappropriate collateral attack on the California trial court's final order and an invasion on the jurisdiction of the California appellate court.[17]

16.     *Finally*, reopening the Fully Administered Cases would benefit no one. It would, however, prejudice the Reorganized Debtors, who would need to incur unnecessary costs in the form of both U.S. Trustee fees and incremental professional fees incurred in connection with re-closing the cases. The balance of equities clearly favors denying the Motion. Reopening any of the Fully Administered Cases is unnecessary, wasteful, and prejudicial to the Reorganized Debtors.

---

[17] *See Kelleran v. Andrijevic*, 825 F.2d 692, 695 (2d Cir. 1987) ("Bankruptcy proceedings may not be used to relitigate issues already resolved in a court of competent jurisdiction."); *Teachers Ins. And Annuity Ass'n of America v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986) ("[A] bankruptcy court is precluded from relitigating judgements rendered by courts of competent jurisdiction…"); *In re Shiver*, 396 B.R. 110, 130 (Bankr. S.D.N.Y. 2008) ("[A] federal court, including a bankruptcy court, must accord a state court judgment the same preclusive effect it would be accorded by the rendering state." (citing *In re Morris*, 252 B.R. 41, 47 (Bankr. S.D.N.Y. 2000))); 28 U.S.C. § 1738 ("Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.").

5

**II.     The Motion Should Be Denied on Procedural and Substantive Grounds.**

17.     Mr. Rivas' Motion for sanctions fails both procedurally and substantively. Under Rule 9011(c)(2), a motion for sanctions must be made separately from any other motion or request and must describe with specificity the alleged conduct subject to sanction.[18] Rule 9013 similarly provides that a motion must, "state its grounds with particularity and set forth the relief or order requested."[19] Mr. Rivas' Motion fails to pass muster under Rule 9011(c)(2) because it combines a request for sanctions with a relief to reopen closed cases, and it fails under both Rule 9011(c)(2) and Rule 9013 for failure to make any allegations with specificity. Substantively, Mr. Rivas alleges fraudulent use of the automatic stay, yet he fails to state any basis for these allegations in his request. Such allegations are baseless and unsubstantiated, and the Reorganized Debtors wholeheartedly reject them. Accordingly, Mr. Rivas' Motion for sanctions should be denied.

## Conclusion

18.     For the reasons set forth herein, the Court should deny Mr. Rivas' Motion to reopen any of the Fully Administered Cases and impose sanctions.

[*Remainder of Page Intentionally Left Blank.*]

---

[18]    *See* Fed. R. Bankr. P. 9011(c)(2).

[19]    Fed. R. Bankr. P. 9013.

| | |
|---|---|
| Dated: July 14, 2025<br>Chicago, Illinois | */s/ Chad J. Husnick* |
| | Mark McKane, P.C. (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>555 California Street<br>San Francisco, California 94104<br>Telephone:    (415) 439-1473<br>Facsimile:     (415) 439-1373<br><br>- and -<br><br>Chad J. Husnick, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Counsel to the Reorganized Debtors* |