**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | **NOT FOR PUBLICATION** |
| FRONTIER COMMUNICATIONS CORPORATION, *et al.*, | ) | Chapter 11<br>Case No. 20-22476 (MG) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN CASE AND FOR SANCTIONS**

***A P P E A R A N C E S:***

Eduardo Rivas
*Pro se*
.
KIRKLAND & ELLIS LLP
*Counsel to the Reorganized Debtors*
333 West Wolf Point Plaza
Chicago, Illinois 60654.
By: Chad J. Husnick, Esq.

**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion," ECF Doc. # 2558) of *pro se* litigant Eduardo Rivas ("Plaintiff" or "Rivas") to reopen the chapter 11 case of the above-captioned debtor ("Frontier" or "Debtors" or "Reorganized Debtors") pursuant to 11 U.S.C. § 350(b), Federal Rule of Bankruptcy Procedure 9024, and requesting sanctions against the Debtors, as well as a fee waiver. Rivas previously brought a civil action against Verizon Communications and Anita Anderson in California state court, and later added now-Reorganized Debtor Frontier California, Inc. ("Frontier CA"). As Rivas asserts in his first supplemental declaration (the "First Supplemental Declaration" or "FSD," ECF Doc. # 2559), he brings this

motion due to an alleged pattern of fraud, misrepresentation, and misconduct by Frontier CA before, during, and after its bankruptcy proceedings. (FSD ¶ 1.) Rivas also submitted a second supplemental declaration (the "Second Supplemental Declaration" or "SSD," ECF Doc. # 2560) requesting the imposition of sanctions against Frontier CA and its counsel.

The Reorganized Debtors filed an objection (the "Objection," ECF Doc. # 2563) to the Motion addressing Rivas's failure to meet the standard for reopening a closed chapter 11 case and his failure to satisfy the procedural requirements for requesting sanctions. Rivas filed a reply (the "First Reply," ECF Doc. # 2564) to the Objection. On July 23, 2025, the Plaintiff filed a motion to expedite his hearing (the "Motion to Expedite" or "Mot. Exp.," ECF Doc. #2565) on the motion to reopen. The Reorganized Debtors filed a response (the "Response" or "Res.," ECF Doc # 2566) to Rivas's Motion to Expedite. The Plaintiff filed a reply (the "Second Reply," ECF Doc. # 2567) to the Debtors' Response concerning the new arguments raised in Rivas's First Reply.

For the reasons explained below, the Court **SUSTAINS** Fronier CA's Objection and **DENIES** the Motion.

# I. BACKGROUND

## A. The Civil Suit and the Chapter 11 Proceedings

On September 14, 2015, Rivas commenced a civil suit alleging wrongful termination against Verizon Communications and Anita Anderson in the Los Angeles County Superior Court of California (the "State Court"). (Objection ¶ 3.) On January 20, 2016, Rivas amended his complaint to include Reorganized Debtor Frontier CA, formerly known as Verizon California, Inc. (*Id.*) On April 14, 2020, Frontier CA and 103 affiliates commenced the above-captioned chapter 11 cases, and the State Court litigation was automatically stayed as of the Petition Date.

(*Id.* ¶ 4.) Rivas moved for relief to continue pursuing the State Court litigation (he sought lift-stay relief) but was denied by the Court on September 24, 2020. (*Id.* ¶¶ 5–7.) On August 27, 2020, the Court confirmed Frontier's chapter 11 plan, which reinstated general unsecured claims as if the chapter 11 cases had never been filed. (*Id.* ¶ 6.) The Reorganized Debtors' chapter 11 plan became effective on April 30, 2021. (*Id.* ¶ 8.) On September 28, 2021, the Court entered a final decree (the "Final Decree") closing 102 of the 104 jointly administered cases (the "Fully Administered Cases"), leaving the Frontier Communications Corporation and Frontier Southwest Incorporated cases (the "Remaining Cases") open. (*Id.*)

Rivas's case went to trial on August 23, 2023, and on August 28, 2023, the State Court directed a verdict in favor of the defendants (including Frontier CA), and a final judgment was entered on September 28, 2023. (*Id.* ¶ 9.) On October 24, 2023, Rivas filed a notice of appeal in California state court; appellate briefing is complete, and oral argument is scheduled for September 11, 2025. (*Id.* ¶ 10; Motion to Expedite.) On June 20, 2025, Rivas filed the Motion. (Objection ¶ 11.)

1. <u>The Motion to Reopen and Request for Sanctions</u>

Rivas moves to reopen the Frontier chapter 11 bankruptcy case pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 9024. Rivas requests the Court reopen the case and allow full briefing and presentation of evidence for the imposition of sanctions on the Defendants for their alleged misuse of the bankruptcy process. (Motion at 1.) The Motion alleges that the conduct of the Reorganized Debtors may constitute a violation of Fed. R. Bankr. P. 9011, warranting sanctions. (*Id.*) Rivas also requests a waiver of the reopening filing fee under 28 U.S.C. § 1930.

The Plaintiff claims that he was aware that Frontier Communications Corporation had filed for chapter 11 bankruptcy in 2020, but he was not informed that allegations of fraud or misconduct related to the proceeding or their impact on the civil cases were to be raised in bankruptcy court. (Motion ¶¶ 1–2.) The Plaintiff claims that he only recently discovered, after extensive litigation in the California courts, that any challenge to the automatic stay should be made in bankruptcy court. (*Id*. ¶ 4.) Rivas further alleges that counsel for Frontier Communications misused the automatic stay and bankruptcy proceedings to inhibit his ability to raise his claims and defenses in the California litigation. (*Id*. ¶ 5.) Specifically, Rivas alleges that the Debtors relied on the bankruptcy stay "as a pretext to withhold key discovery"—a use of the automatic stay which Rivas considers impermissible—and refused to supplement discovery after the stay was lifted. (*Id.* ¶¶ 3, 4.) Rivas claims that Frontier created "gaps" in the evidentiary record in the CA trial court by "refus[ing] to comply with discovery obligations during and after the bankruptcy stay"; the trial court upheld many of Frontier's evidentiary objections at trial. (*Id.* ¶ 4.) (Per Rivas, the California Court of Appeals "ultimately granted" Rivas's "mo[tion] to augment the record." (*Id.* ¶ 5.)) Rivas also claims that Frontier's counsel improperly claimed that it could not access documents held by any Verizon entity, even though "Frontier California is the legal successor to Verizon California Inc."; Rivas frames this argument as "false representations to the court and to" himself and a "material misrepresentation" which "further justifies reopening the bankruptcy case." (*Id.* ¶ 6.)

Rivas requests the Court reopen Frontier's bankruptcy case and allow him to present arguments and evidence that fraud was committed and impacted his civil case. (Motion ¶ 6.) The Plaintiff also requests the Court issue sanctions against the opposing parties; specifically, he seeks: (1) an award of court costs and "out-of-pocket expenses [he has] incurred as a direct result

of Frontier's misconduct, regardless of any pending or granted fee waiver," (2) all attorneys' fees "and additional costs necessary to remediate the prejudice caused by Frontier's actions," (3) an "additional deterrent monetary sanction of at least $25,000," (4) other relief, such as "terminating sanctions or civil contempt, as the Court deems just and proper to remedy the harm to a pro se litigant and to deter future abuse." (*Id.* ¶ 7.) (In his First Supplemental Declaration, he further requests a "full evidentiary hearing on fraud and discovery abuse" in this Court, the impositions of the "maximum monetary sanctions available by law," and a "refer[ral of] the matter for disciplinary or criminal investigation if the Court finds evidence of fraud or systemic misconduct." (FSD at 2.))

2. The Objection

In their objection, the Reorganized Debtors argue that the Motion should be denied because Rivas does not meet the standard for either of the two requests in the Motion. (Objection ¶ 2.) The Reorganized Debtors first posit that the Motion to reopen should be denied because Rivas does not establish cause to reopen under section 350(b) of the Bankruptcy Code. The Final Decree in the Debtors' bankruptcy cases provides that "all motions, notices and other pleadings relating to any of the Debtors or the Reorganized Debtors shall be filed, administered, and adjudicated in the Remaining Cases without the need to reopen the Fully Administered Cases"; the Remaining Cases are those of Frontier Communications Corp. and Frontier Southwest Incorporated; the fact that Frontier CA's bankruptcy case is closed presents "no barrier to Rivas's bringing a claim in the Remaining Cases," so his Motion is moot. (*Id.* ¶¶ 8, 13.) Next, the Debtors argue that this Court is not the proper forum to adjudicate Rivas's claims, as his wrongful termination claim is a general unsecured claim that was left unimpaired by the Plan—in other words, "[h]e has all the rights and defenses in the State Court process" and should

pursue his claim there, not here. (*Id.* ¶ 14.) Third, Rivas fails to meet his burden under the test to reopen a bankruptcy case pursuant to section 350(b). The Debtors claim that not only does time weigh against reopening, but that Rivas's claims cannot be adjudicated in this forum; rather, his wrongful termination claim must be pursued in the State Court, and any attempt to revisit the merits of his wrongful termination claim in this Court would constitute an impermissible collateral attack on the California trial court's final order. (*Id.* ¶¶ 14–15.) The Court entered a final decree in this case "nearly four years ago," and Rivas's Motion comes nearly two years after the California court entered a directed verdict against him. (*Id.* ¶ 15.) The Debtors attest that reopening the Fully Administered cases would be of no benefit to either party involved as reopening would only serve to prejudice the Debtors and burden the Court, the clerk's office, and the U.S. Trustee. (*Id.* ¶¶ 2, 16.)

Next, the Reorganized Debtors argue that the Motion for sanctions fails both procedurally and substantively. (*Id.* ¶ 17.) Rule 9011(c)(2) requires that a motion for sanctions be made in a separate motion and describe the alleged conduct subject to sanction. *See* FED. R. BANKR. P. 9011(c)(2). The Debtors claim that the Motion fails because it combines the request for sanctions with the relief to reopen. (*Id.*) Rivas's Motion for sanctions also fails under FED. R. BANKR. P. 9013, which provides that a motion must specifically state its allegations and outline the relief requested. (*Id.*) According to the Debtors, Rivas fails to state any basis for his allegations of there being a fraudulent use of the automatic stay in his request. (*Id.*)

The Reorganized Debtors request the Court deny both Rivas's Motion to reopen any of the Fully Administered Cases and his request for sanctions. (*Id.* ¶ 18.)

3. The First Reply

In his reply, Rivas advances that the use of the bankruptcy stay, Frontier's withholding of documents, the Debtors' misrepresentations of their control of Verizon's records, and the evidentiary gap created at trial resulted in the Debtor's "unfairly obtained" victory in the State Court. (First Reply at 8.) The Plaintiff believes that the California Court reviewed a record that was incomplete and misleading. (*Id*. at 11.) Rivas contends that at the time of the stay, he had a motion to compel discovery pending, but Frontier used the stay to withhold evidence. (*Id*. at 4.) Following the lifting of the stay on April 30, 2021, discovery remained incomplete, and Rivas claims that the withheld evidence caused him to be unable to produce or authenticate documents that would be vital to his claims. (*Id*. at 4–5.) Rivas further states that the trial court was not aware of Frontier's concealment when it sustained Frontier's objections. (*Id*. at 5.) The Plaintiff contends that the stay did not give Frontier leave to permanently withhold evidence, asserting that Frontier could have *voluntarily* produced the discovery documents during the chapter 11 case; he claims that Frontier's decision to "run out the clock" and delay discovery based on the automatic stay was "bad-faith conduct" and amounted to Frontier's "hid[ing] behind bankruptcy to gain a litigation edge" in the state court case. (*Id*. at 9.) These assertions concern Frontier's behavior *during* the stay; Rivas again alleges that Frontier committed discovery abuse *after* the stay was lifted, claiming that Frontier failed to supplement its prior discovery responses in violation of state procedural law and then objected at trial on foundation, incompleteness, and other grounds which, Rivas alleges, were Frontier's fault in the first place due to its discovery abuse. (*Id.*) (The California trial court upheld Frontier's evidentiary objections. (*Id.*))

Rivas continues that Frontier made false representations about Verizon and misrepresented its corporate identity when its counsel told Rivas that it did "not represent any

Verizon entity," because "Frontier was Verizon" for discovery purposes." (*Id*. at 5, 10.) The Plaintiff claims that counsel made deliberate misrepresentations about the documents in their client's possession both to Rivas and to the California court, amounting to "fraud upon the court" and material misrepresentation. (*Id*. at 10.)

Rivas claims that Frontier's misconduct ensured his loss at trial. (*Id.* at 11.) After the trial court reached a verdict, Rivas appealed in the California Court of Appeals, where he claims Frontier continued to withhold documents. (*Id*. at 5.) According to the Plaintiff, Frontier sought to prevent the higher court from seeing evidence previously excluded at the trial court. (*Id*.)

Rivas argues that cause exists to reopen the case since his claim of fraud on the court and litigation misconduct falls within "other cause" under section 350(b). (*Id*. at 6.) He believes that the relief sought will not disturb the confirmed plan's distributions. (*Id*.) Rivas posits that the Final Decree was entered without prejudice to any party-in-interest's right to seek to reopen the chapter 11 cases, so he is not barred from filing to reopen. (*Id*.) The Plaintiff goes on to argue that the Motion was timely because the timeline for filing to reopen was not a delay, but a consequence of his diligence in obtaining statements of the alleged fraudulent concealment of evidence. (*Id*.) The Plaintiff rebuts the Debtors' argument that there is an alternative forum to bring the claims underlying his motion to reopen, stating that the California Court of Appeal cannot sanction Frontier's bankruptcy-related conduct. (*Id*. at 7.) Rivas advances that reopening will not impose undue hardship on the Reorganized Debtors, claiming that he only seeks "non-monetary" relief from the Debtors and "monetary sanctions targeted at the Debtors' counsel." (*Id*.) According to the Plaintiff, the Reorganized Debtors would face only a minimal administrative burden from reopening. (*Id*. at 13.) Because Frontier's behavior "substantially

interfered" with Rivas's "ability to fully and fairly prepare for and proceed at trial," relief is also justified under Fed. R. Civ. P. 60(b)(3). (*Id.* at 7; *see also id.* at 11.)

Rivas goes on to address more of the Debtors' counterarguments. First, he claims that he is not trying to undermine the finality of Frontier's plan, as his requested relief does not affect plan consummation. (*Id.* at 11–12.) Second, he argues that he is not trying to relitigate his state court loss but rather is asking this Court to "address independent issues of fraud on the court and abuse of the bankruptcy process," issues which were not "and could not have been" litigated in the state court proceeding. (*Id.* at 12.) Therefore, there is no *res judicata* or collateral estoppel issue, and the *Rooker-Feldman* doctrine "does not apply where the federal proceeding addresses a separate wrong (attorney misconduct) and does not require voiding the state judgment." (*Id.*) He does not ask that the Court relitigate the state case on the merits but rather requests the imposition of sanctions for the alleged misconduct. (*Id*. at 11.) He distinguishes the pending issues of fraud and abuse of the bankruptcy process from the decision rendered by the State Court. (*Id*.) He again argues that the California courts cannot deal with the issues presented in his Motion, as the "bankruptcy court has a distinct role in overseeing the conduct of those who practice before it and in enforcing the integrity of its own processes (such as the automatic stay)," and the California state court "lacks jurisdiction to punish a violation of the bankruptcy stay or to determine if the stay was misused in bad faith." (*Id.* at 13.) (He provides no support for this argument.) Only in this Court, Rivas claims, can one construct a "full picture" of Frontier's misconduct. (*Id.*) Finally, Frontier would not be prejudiced by a grant of this Motion, for the reasons discussed above. (*See also id.* at 13.)

In addition to his motion to reopen, Rivas elaborates on his sanctions request: he seeks to impose sanctions on Kirkland & Ellis and Littler Mendelson P.C. (not just individual attorneys)

under Fed. R. Bank. P. 9011; seeks costs, expenses, and attorneys' fees under 28 U.S.C. § 1927; and requests that this Court impose sanctions according to its inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process," which Frontier's conduct allegedly amounts to (Rivas claims that its "bad faith is manifest"). (*Id.* at 14–15.) He ups his request for a "deterrent monetary sanction" from $25,000 to something "in the six-figure range" to reflect the magnitude of the firms' annual revenues. (*Id.* at 16.)

4. Motion to Expedite Hearing

The Plaintiff requests that the Court schedule an expedited hearing on his motion to reopen and his request for sanctions. Rivas was notified on July 19, 2025 that the California Court of Appeals has scheduled oral arguments for September 11, 2025. (Mot. Exp. ¶ 2; *see* Exhibit A, ECF Doc. # 2564.) Rivas believes that the Motion to reopen and his request for sanctions raise issues that would directly impact the California appellate proceedings. (Mot. Exp. ¶ 3.) The Plaintiff maintains that he would be prejudiced if the pending motion is not resolved before the state appellate court proceeds to oral argument, as a delay may result in inconsistent outcomes and a denial of relief. (*Id.* ¶ 4.) Rivas requests that the Court set a hearing on his Motion for before September 11, 2025. (*Id.* ¶ 5.) The Court concludes that the Motion can be resolved on the papers without scheduling a hearing.

5. Frontier's Response

The Reorganized Debtors believe the Motion can be resolved on the papers but have no objection to a hearing should the Court move forward with one. (Res. ¶ 1.) Furthermore, the Debtors assert that Rivas made contentions and requests for relief that he did not previously make in his Motion (though Frontier does not specify which ones are new). (*Id.* ¶ 2.) The Reorganized Debtors request permission to file a short sur-reply to address the new contentions

and specific requests for relief that Rivas raised in his Reply. (*Id.*) The Debtors understand if the Court chooses to review the Plaintiff's requests after a hearing or on the papers. (*Id.* ¶ 2.)

6. Rivas's Second Reply

In response to the Reorganized Debtors, Rivas claims that the arguments raised in his First Reply were not new. (Second Reply at 2.) The Plaintiff believes that his request for the bankruptcy court's supervision of discovery with the California courts is an appropriate remedy to ensure the coordination of all related proceedings. (*Id.* ¶ 1.) Rivas asks the Court to temporarily stay the California appeal, which he claims is a "standard measure" for preventing conflicting rulings. (*Id.* ¶ 3.) He further maintains that his request for sanctions is not new. Rivas explains his belief that more effective sanctions should be imposed on large firms to prevent such entities from absorbing minor penalties. (*Id.* ¶ 4.) The Plaintiff expounds on his request for non-monetary relief (i.e., public censure, ethics training, and referral to disciplinary authorities), stating that such remedies are standard in cases of counsel's misconduct. (*Id.* ¶ 5.) Rivas references firm revenue to support his request that the Court impose more than "trivial sanctions" on the Debtor's counsel. (*Id.* ¶ 6.) Finally, the Plaintiff states that, as a pro se litigant against a large firm, the Court should actively oversee this case to prevent any power imbalances or resource discrepancies that may arise. (*Id.* ¶ 7.)

## II. LEGAL STANDARD

**A. Authority to Reopen**

Section 350(b) of the Bankruptcy Code provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The Bankruptcy Code does not specify what constitutes 'other cause' to reopen a closed case; thus, the determination of whether a case should be

reopened for other cause is committed to the 'broad discretion' of the bankruptcy court." *In re Estiatorio Ent. Ltd.*, 669 B.R. 676, 681 (Bankr. S.D.N.Y 2025) (quoting *In re Navillus Tile, Inc.*, 634 B.R. 847, 858 (Bankr. S.D.N.Y. 2021)). When exercising that discretion, a court "may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *In re Atari, Inc.*, No. 13-10176 (JLG), 2016 WL 1618346, at *4 (Bankr. S.D.N.Y. Apr. 20, 2016) (quoting *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)). In determining whether a case should be reopened for cause, courts should consider:

> (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.

*In re Solutia, Inc.*, 653 B.R. 99, 113–14 (Bankr. S.D.N.Y. 2021) (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013)). "The movant bears the burden to demonstrate cause for reopening the case." *Easley-Brooks*, 487 B.R. at 406.

### B. The Standard for Sanctions

FED. R. BANKR. P. 9011(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under FED. R. BANKR. P. 9011(c)(2), "a motion for sanctions must be made separately from any other motion or request, describe the specific conduct alleged to violate (b), and be served under Rule 7004." FED. R. BANKR. P. 9011(c)(2). The decision whether to impose sanctions is discretionary, and "if exercised, sanctions may be imposed against the law firm as well as the attorney within the firm that signed the pleading." *In re Intercorp Int'l, Ltd.*, 309 B.R. 686, 694 (Bankr. S.D.N.Y. 2004). "[A] sanctioned attorney must receive *specific notice of the conduct alleged to be sanctionable* and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." *Nuwesra v. Merrill Lynch, Fenner, & Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997)) (emphasis in original).

## III. DISCUSSION

### A. The *Easley* Test for Reopening a Chapter 11 Case

The relevant factors generally considered in a motion to reopen weigh against Rivas. The Plaintiff seeks to reopen the bankruptcy case, nearly four years after the Court entered the Final Decree and two years after the State Court entered the directed verdict in favor of the Debtors. Although "nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure proscribes the time within which a motion to reopen a closed case must be made," *In re Atari, Inc.*, 2016 WL 1618346, at *5, "as the time between closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight." *In re Lowery,* 398 B.R. 512, 515

(Bankr. E.D.N.Y. 2008). The cause Rivas points to is being uninformed as a *pro se* litigant that he could challenge the Reorganized Debtors' alleged misuse of the bankruptcy process to stay his civil litigation in the State Court, despite his knowledge that Frontier CA had filed for chapter 11 bankruptcy in 2020. Rivas also argues that his filing was timely because he only recently found evidence of Frontier's alleged fraud. Both arguments are insufficient. Reopening Frontier CA's chapter 11 case years after it closed for an evidentiary hearing on fraud allegedly committed in relation to a state court proceeding which took place over the span of years across the country (and which is ongoing) would doubtless impose high administrative costs.

Rivas should seek succor from the California state court, not from this Court. His case was fully tried in the court, notwithstanding the stay, and Rivas now has a pending appeal where he can present his current allegations. Rivas in his First Reply claims that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(3), which permits a court to provide relief from a final judgment, order, or proceeding for "fraud . . . , misrepresentation, or misconduct by an opposing party." Without deciding whether this Court can hear such a claim or any of Rivas's other claims (and without deciding whether Rivas waived certain claims by not bringing them up in his Motion), there is nothing stopping Rivas from bringing this claim in California, where the courts are more familiar with his case against Frontier CA than this Court is. The California state court would very likely have jurisdiction over Rivas's claims, even if such an argument were based on an alleged abuse of the bankruptcy system, as all of Rivas's allegations concern conduct in the California litigation. As the Reorganized Debtors point out, Rivas may bring his wrongful termination claim, an unsecured claim not subject to the Plan, in a non-bankruptcy forum. (Objection ¶ 14); *see In re HBLS, L.P.*, 468 B.R. 634, 640 (Bankr. S.D.N.Y. 2012) ("Courts routinely decline to exercise their discretion to reopen bankruptcy cases where the parties are

seeking or could seek relief in a competent alternative forum."). Because the Plan allowed for the civil litigation to move forward through the bankruptcy and be litigated in the State Court, the State Court was the appropriate forum to litigate the remaining causes of action. *See Solutia, Inc.*, 653 B.R. at 119–20.

The Plaintiff does not fully explain why reopening a chapter 11 case would be beneficial to his civil litigation, nor why he is bringing his motion in this Court on a matter resolved in California. Rivas claims that the Defendants' misuse of the automatic stay blocked his ability to raise his claims and defenses. (Motion ¶ 5.) However, what the Plaintiff believes to be "fraudulent misuse" is merely typical of the bankruptcy process under section 362 of the Bankruptcy Code, which automatically stays all actions against a debtor. Following Frontier CA's commencement of the chapter 11 cases on April 14, 2020 (Objection ¶ 4), the State Court litigation was automatically stayed, as is expected in a chapter 11 proceeding. The Court previously denied Rivas's lift stay motion when he moved for relief from the automatic stay to continue pursuing his civil litigation. (Objection ¶ 7.) An automatic stay "issued when initiating a new case may not be used to abuse or thwart prior proper orders of the court in a prior case." *Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986) (quoting *Matter of McKanders,* 42 B.R. 108, 109 (Bankr. N.D. Ga. 1984).

Moreover, and as noted above, Frontier would suffer prejudice from reopening the chapter 11 case. If the Court reopens the case, the Debtors risk incurring significant administrative costs solely to provide Rivas another opportunity to present arguments and evidence on a closed case. The benefits to the Plaintiff do not outweigh the extensive burdens of reopening, especially when reopening will prejudice the Debtors. Additionally, the denial of

Rivas's Motion would not prejudice him as he reserves the ability to bring his allegations in the California court.

Moreover, this Circuit has "made clear that bankruptcy courts are bound to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so, absent a finding that the judgment was attained through fraud or collusion." *In re Ernst*, 382 B.R. 194, 199 (S.D.N.Y. 2008). Rivas has failed to provide evidence of fraud, and the exhibits he attached in his SSD claiming to reflect the Debtors' misconduct only display the Defendants' filing of the necessary documents for bankruptcy.[1] Absent a showing of fraud, Rivas does not establish why reopening the closed bankruptcy case would aid his civil litigation. Moreover, and as discussed above, Frontier would suffer prejudice from reopening.

As for Frontier's argument that Rivas is making a collateral attack on the California state court judgment, Rivas says that he is not requesting relitigation of judgments rendered by the California courts. He is "merely" requesting an investigation into the record produced in that state court case, findings of fraud and litigation misconduct, and the imposition of sanctions. While these precise issues may not have been considered before by the California court (though this Court does not have a full record of the California state court proceedings, and it seems entirely possible Rivas has raised misconduct allegations there before), the California court is in a significantly superior position to this Court to consider Rivas's claims.

Addressing Rivas's Motion to reopen solely on section 350(b), the Motion is **DENIED**.

---

[1] Rivas attached the following exhibits as evidence of Frontier CA and its counsel's misconduct: Exhibit A: Notice of Suggestion of Bankruptcy (Frontier provides notice to Rivas of its petition for chapter 11 relief and the rise of an automatic stay to any action against the Debtors.); Exhibit B: Emails confirming discovery was blocked by the stay; Exhibit C: Notice of Court Ruling; Exhibit D: June 26, 2025 email from Kirkland & Ellis (Rivas conveys to the Defendants his Motion to reopen and the Debtors' counsel suggest that reopening a closed chapter 11 cases is an unnecessary procedural step.). (SSD at 2–55.)

**B. Sanctions**

The Court also denies the request to impose sanctions on Frontier CA and its counsel. Simply put, this Court should not entertain a hearing on Rivas's allegations, and it thus need not make the factual findings that would be necessary to rule on Rivas's sanctions request. His request also fails on procedural grounds. Under Fed. R. Bankr. P. 9011(c)(2), "a motion for sanctions must be made separately from any other motion or request, [and] describe the specific conduct alleged to violate (b)." FED. R. BANKR. P. 9011(c)(2). Not only did the Plaintiff combine both his motion to reopen and request for sanctions, but Rivas also fails to articulate how the Frontier's counsel's use of the automatic stay, or representation that they did not have access to Verizon's documents, constitutes fraud. His request also fails as a substantive matter. Rivas alleges that the "brazenness of the misconduct" concerning fraud and discovery abuse requires the "the maximum monetary sanctions available by law." (SSD at 2.) However, the Plaintiff's exhibits fail to showcase Debtors' abuse of the bankruptcy system that Rivas claims, only the efforts made by the Defendants to file for chapter 11. The purpose of the imposition of sanctions is deterrence. *Prim v. Peatco Ltd., L.P.,* 90 Civ. 7272, 1995 WL 447648, at *3 (S.D.N.Y. July 27, 1995). Rivas does not show that the Debtors and their counsel engaged in egregious conduct or behavior that warrants sanctions. For these reasons, the Court **DENIES** Rivas's request for sanctions.

## IV. CONCLUSION

For the reasons explained, the Court **SUSTAINS** Frontier's Objection and **DENIES WITH PREJUDICE** the Motion to reopen the case and for sanctions.

**IT IS SO ORDERED.**

DATED: July 29, 2025

*Martin Glenn*

MARTIN GLENN
Chief United States Bankruptcy Judge